1  BENJAMIN B. WAGNER
   United States Attorney
2  RUSSELL L. CARLBERG
   Assistant U.S. Attorney
3  501 I Street, Ste 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2748





FILED

JUN 1 7 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        )  CASE NO. CR S 08-376 EJG
                                     )
12              Plaintiff,           )  VIOLATIONS: 18 U.S.C. § 1341 -
                                     )  Mail Fraud (42 Counts); 18
13  v.                               )  U.S.C. § 1014 - False Statements
                                     )  in Loan Applications (3 Counts);
14  GARRET GRIFFITH GILILLAND III,   )  18 U.S.C. § 1957 - Money
    WILLIAM E. BAKER,                )  Laundering (4 Counts);  31
15  SHANE BURRESON,                  )  U.S.C. § 5332 - Bulk Cash
    CHRISTOPHER M. CHIAVOLA,         )  Smuggling; 18 U.S.C. §
16  BRANDON RESENDEZ,                )  982(a)(1), 18 U.S.C. §
    LEONARD WILLIAMS,                )  981(a)(1)(C), 28 U.S.C. 2461(c),
17  NICOLE MAGPUSAO,                 )  and 31 U.S.C. § 5332(b)(2) -
    NICHE FORTUNE,                   )  Criminal Forfeiture
18  KESHA HAYNIE, and                )
    REMY HENG,                       )
19                                   )
              Defendants.            )
20  _____ )

21          S E C O N D   S U P E R S E D I N G   I N D I C T M E N T

22  COUNTS ONE THROUGH THIRTY-SIX: [18 U.S.C. § 1341 - Mail Fraud]

23      The Grand Jury charges:

24                  GARRET GRIFFITH GILILLAND III,
                         WILLIAM E. BAKER,
25                        SHANE BURRESON,
                     CHRISTOPHER M. CHIAVOLA,
26                       BRANDON RESENDEZ,
                     LEONARD WILLIAMS, and
27                       NICOLE MAGPUSAO,

28  defendants herein, as follows:

                            1

1

I.   INTRODUCTION

2      1.   From approximately in or about January 2006 through in or

3  about May 2008, defendants GARRET GRIFFITH GILILLAND III, WILLIAM E.

4  BAKER, SHANE BURRESON, CHRISTOPHER M. CHIAVOLA, BRANDON RESENDEZ, and

5  NICOLE MAGPUSAO resided in Butte County, in the State and Eastern

6  District of California.   Defendant LEONARD WILLIAMS resided in

7  Sacramento County, in the State and Eastern District of California.

8      2.   From approximately in or about October 2006 through in or

9  about May 2008, defendant GILILLAND and other individuals known and

10 unknown to the Grand Jury operated an unlicensed mortgage and real

11 estate brokerage under the name of "Norcal Innovative Investments,

12 Inc.," located first at 2571 Cal Park Drive, Chico, California and

13 then at defendant GILILLAND's residence at 824 Whispering Winds Lane,

14 Chico, California.

15     3.   On or about November 15, 2006, defendant GILILLAND caused to

16 be incorporated in California the following entities: G III

17 Construction, Inc. ("G III"); GIG Enterprises, Inc. ("GIG Enterprises"

18 or "GIG"); and Norcal Innovative Investments, Inc. ("NCII").

19 Defendant GILILLAND maintained control over G III and GIG Enterprises.

20 Defendant GILILLAND and defendant BURRESON jointly controlled NCII.

21 At times, NCII operated under the name of Creative Funding

22 Consultants.

23     4.   At all times relevant to this Second Superseding Indictment,

24 G III, maintained bank accounts at Wells Fargo Bank, over which

25 defendant GILILLAND exercised control.   GIG Enterprises maintained a

26 bank account at Tri Counties Bank, over which defendant GILILLAND

27 exercised control.   NCII maintained a bank account at Tri Counties

28 Bank, over which defendants GILILLAND and BURRESON jointly exercised

2

1   control.

2       5.   At all times relevant to this Second Superseding Indictment,

3   defendant GILILLAND maintained personal bank accounts at Wells Fargo

4   Bank and Bank of America.   Defendant GILILLAND and defendant BURRESON

5   also maintained a personal bank account at Tri Counties Bank, over

6   which they shared signatory authority on the account.

7       6.   From approximately July 2006 to approximately April 2007,

8   Defendant CHRISTOPHER M. CHIAVOLA worked with defendants GILILLAND and

9   BURRESON at NCII.   Defendant CHIAVOLA used bank accounts at Washington

10  Mutual Bank in the name of CMC Property Management to receive funds

11  that were obtained as part of the scheme to defraud described herein.

12      7.   During 2006, defendant BRANDON RESENDEZ worked with

13  defendants GILILLAND, BURRESON, and CHIAVOLA at NCII.   Defendant

14  RESENDEZ used "Plan B Group, Inc.," a Wyoming Corporation, to receive

15  funds that were obtained as part of the scheme to defraud described

16  herein.   As part of the scheme, defendant RESENDEZ purchased property

17  in his own name.

18      8.   At all times relevant to this Second Superseding Indictment,

19  defendant LEONARD WILLIAMS was a real estate salesperson licensed in

20  the State of California.   Defendant WILLIAMS used a bank account at

21  U.S. Bank in the name of Diamond Hill Financial, Inc. to receive funds

22  that were obtained as part of the scheme to defraud described herein.

23      9.   At all times relevant to this Second Superseding Indictment,

24  Anthony G. Symmes (who is charged elsewhere), operated a construction

25  business and operated the following land-development corporations:

26  Mariposa Traditions, Inc.; Ceanothus Traditions, Inc.; Mariposa Vista,

27  Inc.; Rockin M, Inc.; Floral Arrangement, Inc.; Aspire Homes, Inc.,

28  and others.

3

1      10.  At all times relevant to this Second Superseding Indictment,

2  defendant WILLIAM E. BAKER operated a construction business called

3  Baker & Baker Construction, which was a general building contractor

4  licensed in the State of California.  Baker & Baker Construction

5  operated in and around Chico and Paradise, California.

6      11.  As used in this Second Superseding Indictment, the term

7  "80/20" financing refers to a kind of real estate financing in which

8  two loans - one for 80% of the purchase price, the second for 20% of

9  the purchase price - combine to finance all or substantially all of

10  the purchase price of a residential real property.

11                      II.   THE SCHEME TO DEFRAUD

12      12.  Beginning not later than in or about October 2006 and

13  continuing through in or about May 19, 2008, in the State and Eastern

14  District of California, and elsewhere, defendants GARRET GRIFFITH

15  GILILLAND III, WILLIAM E. BAKER, SHANE BURRESON, CHRISTOPHER M.

16  CHIAVOLA, BRANDON RESENDEZ, LEONARD WILLIAMS, NICOLE MAGPUSAO, and

17  others known and unknown to the Grand Jury (including Anthony G.

18  Symmes), did knowingly devise and intend to devise a material scheme

19  and artifice to defraud residential real property lenders and

20  participants in the secondary loan market and to obtain property by

21  means of materially false and fraudulent pretenses, representations

22  and promises.  As a result of the scheme to defraud, the purchases

23  were 100% financed through lenders using so called "80/20 loans,"

24  which loans totaled approximately $21 million in aggregate value.

25  Bank accounts controlled by defendants GILILLAND, BURRESON, and

26  others, received over $2 million in fraud proceeds, and defendants

27  GILILLAND, BURRESON, and others, caused lenders to lose over $4

28  million.

4

III.   WAYS AND MEANS

The ways and means by which the mail fraud scheme was accomplished are set out below:

13.   Between in or about October 2006 through in or about May 2008, defendants GARRET GRIFFITH GILILLAND III, SHANE BURRESON, CHRISTOPHER M. CHIAVOLA, BRANDON RESENDEZ, LEONARD WILLIAMS, and others known and unknown to the Grand Jury, recruited various individuals, including investors and straw or nominal purchasers, to purchase residential real properties, in various communities in the State and Eastern District of California, including those listed below:

| Property Description | Purchaser |
|---|---|
| 2655 Ceanothus Avenue Chico, California | CHRISTOPHER CHIAVOLA |
| 2749 Ceanothus Avenue Chico, California | A.G.A. |
| 2733 Ceanothus Avenue Chico, California | R.A. |
| 1419 Yosemite Drive Chico, California | A.B. |
| 824 Whispering Winds Lane Chico, California | GARRET GRIFFITH GILILLAND III |
| 91 Key West Loop Chico, California | J.V. |
| 2620 Ceanothus Avenue Chico, California | K.W. |
| 1378 Wanderer Lane Chico, California | J.S. |
| 2650 Ceanothus Avenue Chico, California | BRANDON RESENDEZ |
| 87 Key West Loop Chico, California | J.J. |
| 2861 Vistamont Way Chico, California | V.G. |

| Property Description | Purchaser |
|---|---|
| 2718 Ceanothus Drive Chico, California | E.H. |
| 180 Pauletah Place Chico, California | J.G. |
| 2630 Ceanothus Avenue Chico, California | P.A. |
| 2738 Ceanothus Avenue Chico, California | C.F. |
| 1367 Ringtail Court Chico, California | J.G. |
| 184 Pauletah Place Chico, California | M.D. |
| 1392 Ringtail Court Chico, California | A.S. |
| 1370 Wanderer Lane Chico, California | T.G. |
| 2660 Ceanothus Avenue Chico, California | M.C. |
| 63 Pauletah Place Chico, California | T.B.G. |
| 3291 Rockin M Drive Chico, California | NICOLE MAGPUSAO |
| 83 Pauletah Place Chico, California | NICOLE MAGPUSAO |
| 2640 Ceanothus Avenue Chico, California | A.W. |
| 3294 Rockin M Drive Chico, California | A.W. |
| 2601 Sedona Avenue Chico, California | J.C. |
| 1657 Arch Way Chico, California | L.F. |
| 79 Pauletah Place Chico, California | E.M.A. |
| 2839 Ceanothus Avenue Chico, California | P.P. |
| 2819 Ceanothus Avenue Chico, California | E.C. |

| Property Description | Purchaser |
|---|---|
| 2827 Ceanothus Avenue<br>Chico, California | J.S. |
| 577 Eaton Road<br>Chico, California | G.S. |
| 1679 Arch Way<br>Chico, California | C.E.A. |
| 14718 Masterson Way<br>Magalia, California | C.E.A. |

14.   Defendants GARRET GRIFFITH GILILLAND III, SHANE BURRESON, CHRISTOPHER M. CHIAVOLA, and others, orchestrated and otherwise participated in the real estate transactions described above. Defendant GILILLAND and his associates acted as a mortgage broker and a real estate agent in the transactions described above.

15.   Defendant GARRET GRIFFITH GILILLAND III and others assisted in obtaining "80/20" loans or 100% mortgage financing to finance the entirety of the transactions described in paragraph 14 above; caused materially false loan applications to be prepared on behalf of the purchasers using personal information defendant GILILLAND obtained from them; and submitted other documents to mortgage lenders in connection with the real property transactions.  Such loan applications and other documents submitted to mortgage lenders contained materially false representations and omissions, including false representations and omissions about the borrowers' monthly income and/or employment, the borrowers' intent to occupy the property as a primary residence, the borrowers' assets and/or liabilities, and the true price of the real properties.

16.   Defendants GARRET GRIFFITH GILILLAND III, SHANE BURRESON, CHRISTOPHER M. CHIAVOLA, and others, arranged with the sellers of the

1  properties described in paragraph 13 to purchase the properties at a
2  price above the true market price, and in several instances, above the
3  then-current list price of the properties.  Defendants also arranged
4  with the sellers for a percentage of the difference between the actual
5  market price and the inflated purchase price of the properties to be
6  credited after the close of escrow to various bank accounts controlled
7  by defendants and others, including the bank accounts of G III, GIG
8  Enterprises, NCII, Diamond Hill Financial, Inc., CMC Property
9  Management, COL Investments, and the Chamorro Group.  In some
10  instances, these credits were purportedly for improvements or repairs
11  to the properties.  In furtherance of the scheme, at the close of
12  escrow for the real property transactions described in paragraph 13,
13  sellers diverted these monetary credits in amounts ranging from
14  approximately $4,000 to approximately $67,000 to bank accounts
15  controlled by defendants and others.

16      17.  Defendants GARRET GRIFFITH GILILLAND III, WILLIAM E. BAKER,
17  SHANE BURRESON, CHRISTOPHER M. CHIAVOLA, BRANDON RESENDEZ, LEONARD
18  WILLIAMS, and others, deliberately caused some of the credits
19  described in paragraph 16 to be concealed from the lenders by not
20  disclosing them in purchase agreements, by concealing them from
21  appraisers, by concealing them from certain escrow companies, and by
22  not informing the lenders of the credits on HUD-1 settlement
23  statements.  To the extent these credits were disclosed, they were
24  falsely characterized as credits for repairs or improvements to the
25  purchased properties.  For the most part, the funds diverted to the
26  bank accounts that defendants and others controlled were not used to
27  make repairs or improvements to the purchased properties, but were
28  instead used for other purposes.

18.   Defendants GARRET GRIFFITH GILILLAND III, SHANE BURRESON, and others known to the Grand Jury, placed renters in the purchased properties, collected the rents, and caused the mortgage payments to be made for a period of several months in an attempt to conceal the scheme from lenders by preventing immediate defaults on the residential loans.

IV. <u>THE MAILINGS</u>

19.   On or about the dates set forth below, in the Eastern District of California, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, the defendants identified below did knowingly cause to be placed in a post office or authorized depository for mail matter to be sent and delivered by the United States Postal Service, and deposited or caused to be deposited any matter or thing whatever to be sent and delivered by any private or commercial interstate carrier, and knowingly caused to be delivered by mail or such carrier according to the directions thereon, the items listed below:

| <u>CT</u> | <u>DATE</u> | <u>SENDER</u> | <u>RECIPIENT</u> | <u>ITEM SENT</u> | <u>DEFENDANT(S)</u> |
|-----|----------|--------|-----------|-----------|--------------|
| 1 | 08/17/06 | Butte County Recorder's Office, Oroville, CA | Greenpoint Mortgage Funding, Inc. Santa Rosa, CA | Deed of Trust sent by U.S. Mail Re: CHRISTOPHER CHIAVOLA's purchase of 2655 Ceanothus Avenue | GILILLAND CHIAVOLA |

| CT | DATE | SENDER | RECIPIENT | ITEM SENT | DEFENDANT(S) |
|---|---|---|---|---|---|
| 2 | 09/29/06 | Fidelity National Title and Escrow, Chico, CA | Argent Mortgage, Orange, CA | Loan Funding package sent by Federal Express Priority Overnight Re: A.G.A.'s purchase of 2749 Ceanothus Avenue | GILILLAND<br><br>BURRESON |
| 3 | 10/18/06 | Butte County Recorder's Office, Oroville, CA | Argent Mortgage Company, LLC C/O Nationwide Title Clearing, North Palm Harbor, FL | Deed of Trust sent by U.S. Mail Re: R.A.'s purchase of 2733 Ceanothus Avenue | GILILLAND |
| 4 | 10/12/06 | Butte County Recorder's Office, Oroville, CA | Suntrust Mortgage, Inc., Richmond, VA | Deed of Trust sent by U.S. Mail Re: A.B.'s purchase of 1419 Yosemite | GILILLAND |
| 5 | 10/26/06 | Bidwell Title Co., Chico, CA | Payoff Dept. Washington Mutual, Milwaukee, WI | Check #296630 for $351,291.24 sent via Federal Express Standard Overnight Re: GILILLAND's purchase of 824 Whispering Winds Lane | GILILLAND<br><br>BURRESON<br><br>BAKER |

| CT | DATE | SENDER | RECIPIENT | ITEM SENT | DEFENDANT(S) |
|---|---|---|---|---|---|
| 6 | 10/30/06 | D.P., West Columbia, S.C. | Fidelity National Title and Escrow, Chico, CA | Signed notarized loan documents sent via Federal Express Priority Overnight Re: J.V's purchase of 91 Key West Loop | GILILLAND BURRESON |
| 7 | 11/06/06 | Fidelity National Title and Escrow, Chico, CA | Argent Mortgage, Orange, CA | Disclosure documents Re: K.W.'s purchase of 2620 Ceanothus Avenue | GILILLAND BURRESON |
| 8 | 11/15/06 | New Century Title Co., La Mesa, CA | J.S., Paradise, CA | Preliminary Report sent via Golden State Overnight Re: J.S.'s purchase of 1378 Wanderer Lane | GILILLAND BURRESON |
| 9 | 11/17/06 | Butte County Recorder's Office, Oroville, CA | Suntrust Mortgage, Inc. Richmond, VA | Deed of Trust sent by U.S. Mail Re: B.R.'s purchase of 2650 Ceanothus Avenue | GILILLAND BURRESON RESENDEZ |
| 10 | 12/13/06 | Butte County Recorder's Office, Oroville, CA | Suntrust Mortgage, Inc., Richmond, VA | Deed of Trust sent by U.S. Mail Re: J.J.'s purchase of 87 Key West Loop | GILILLAND BURRESON |

| CT | DATE | SENDER | RECIPIENT | ITEM SENT | DEFENDANT(S) |
|---|---|---|---|---|---|
| 11 | 12/20/06 | New Century Title Co., La Mesa, CA | Mid Valley Title Co., Chico, CA | Title Transmittal sent via Golden State Overnight Re: V.G.'s purchase of 2861 Vistamont Way | GILILLAND CHIAVOLA |
| 12 | 01/09/07 | Butte County Recorder's Office, Oroville, CA | Argent Mortgage Company, LLC C/O Nationwide Title Clearing, Inc., North Palm Harbor, FL | Deed of Trust sent by U.S. Mail Re: E.H.'s purchase of 2718 Ceanothus Avenue | GILILLAND BURRESON |
| 13 | 1/22/07 | Butte County Recorder's Office, Oroville, CA | J. G., Chico, CA | Grant Deed sent by U.S. Mail Re: J.G.'s purchase of 180 Pauletah Place | GILILLAND BAKER |
| 14 | 01/25/07 | Butte County Recorder's Office, Oroville, CA | RESMAE Mortgage Corporation Brea, CA | Deed of Trust sent by U.S. Mail Re: P.A.'s purchase of 2630 Ceanothus Avenue | GILILLAND |
| 15 | 01/31/07 | Butte County Recorder's Office, Oroville, CA | Fieldstone Mortgage Company Columbia, MD | Deed of Trust sent by U.S. Mail Re: C.F.'s purchase of 2738 Ceanothus Avenue | GILILLAND BURRESON |

| CT | DATE | SENDER | RECIPIENT | ITEM SENT | DEFENDANT(S) |
|----|------|--------|-----------|-----------|--------------|
| 16 | 02/21/07 | Butte County Recorder's Office, Oroville, CA | Washington Mutual Bank Florence, SC | Deed of Trust sent by U.S. Mail Re: J.G.'s purchase of 1367 Ringtail Road | GILILLAND BURRESON |
| 17 | 2/23/07 | Butte County Recorder's Office, Oroville, CA | M.D, Chico, CA | Grant Deed sent by U.S. Mail Re: M.D.'s purchase of 184 Pauletah Place | GILILLAND BAKER |
| 18 | 03/05/07 | Butte County Recorder's Office, Oroville, CA | Argent Mortgage Company, LLC C/O Nationwide Title Clearing, Inc., North Palm Harbor, FL | Deed of Trust sent by U.S. Mail Re: A.S.'s purchase of 1392 Ringtail Court | GILILLAND BURRESON |
| 19 | 04/25/07 | Butte County Recorder's Office, Oroville, CA | Fidelity National Title Co., Florence, SC | Deed of Trust sent by U.S. Mail Re: T.G.'s purchase of 1370 Wanderer Lane | GILILLAND BURRESON |
| 20 | 04/26/07 | Butte County Recorder's Office, Oroville, CA | Alliance Bancorp, c/o Nationwide Title Clearing, Inc., Attn: Final Docs Unit North Palm Harbor, FL | Deed of Trust sent by U.S. Mail Re: M.C.'s purchase of 2660 Ceanothus Avenue | GILILLAND BURRESON |

13

| CT | DATE | SENDER | RECIPIENT | ITEM SENT | DEFENDANT(S) |
|----|------|--------|-----------|-----------|--------------|
| 21 | 05/03/07 | Butte County Recorder's Office, Oroville, CA | T.B.G. Chico, CA | Grant Deed sent by U.S. Mail Re: T.B.G.'s purchase of 63 Pauletah Place | GILILLAND BAKER |
| 22 | 07/16/07 | Butte County Recorder's Office, Oroville, CA | Fieldstone Mortgage Company Columbia, MD | Deed of Trust sent by U.S. Mail Re: NICOLE MAGPUSAO's purchase of 3291 Rockin M Drive | GILILLAND MAGPUSAO |
| 23 | 7/16/07 | Butte County Recorder's Office, Oroville, CA | NICOLE MAGPUSAO, Chico, CA | Grant Deed sent by U.S. Mail Re: NICOLE MAGPUSAO's purchase of 83 Pauletah Place | GILILLAND MAGPUSAO BAKER |
| 24 | 07/18/07 | Butte County Recorder's Office, Oroville, CA | Nationwide Title Clearing, Inc. ATTN: Dusti Woodbury - CIT Unit North Palm Harbor, FL | Deed of Trust sent by U.S. Mail Re: A.W.'s purchase of 2640 Ceanothus Avenue | GILILLAND WILLIAMS |
| 25 | 07/26/07 | Butte County Recorder's Office, Oroville, CA | A.W., Chico, CA | Grant Deed sent via U.S Mail Re: A.W.'s purchase of 3294 Rockin M Drive | GILILLAND WILLIAMS |
| 26 | 08/13/07 | Butte County Recorder's Office, Oroville, CA | Chase USA Attn: Trailing Documents Monroe, LA | Deed of Trust sent by U.S. Mail Re: J.C.'s purchase of 2601 Sedona Avenue | GILILLAND |

14

| CT | DATE | SENDER | RECIPIENT | ITEM SENT | DEFENDANT(S) |
|----|------|--------|-----------|-----------|--------------|
| 27 | 08/21/07 | Butte County Recorder's Office, Oroville, CA | Nationwide Title Clearing, Inc. ATTN: Dusti Woodbury - CIT Unit 2100 Alt. 19 North Palm Harbor, FL 34683 | Deed of Trust sent by U.S. Mail Re: L.F.'s purchase of 1657 Arch Way | GILILLAND |
| 28 | 10/10/07 | Butte County Recorder's Office, Oroville, CA | E.M.A., Los Angeles, CA | Grant Deed sent by U.S. Mail Re: E.A.'s purchase of 79 Pauletah Place | GILILLAND BAKER |
| 29 | 10/15/07 | Butte County Recorder's Office, Oroville, CA | Homecomings Financial, Minneapolis, MN | Deed of Trust sent by U.S. Mail Re: P.P.'s purchase of 2839 Ceanothus Avenue | GILILLAND |
| 30 | 11/09/07 | Butte County Recorder's Office, Oroville, CA | Mortgage Dept. Irvine, CA | Deed of Trust sent by U.S. Mail Re: E.C.'s purchase of 2819 Ceanothus Avenue | GILILLAND |
| 31 | 12/17/07 | Butte County Recorder's Office, Oroville, CA | Homecomings Financial, Minneapolis, MN | Deed of Trust sent by U.S. Mail Re: J.S.'s purchase of 2827 Ceanothus Avenue | GILILLAND |

| CT | DATE | SENDER | RECIPIENT | ITEM SENT | DEFENDANT(S) |
|----|------|--------|-----------|-----------|--------------|
| 32 | 02/20/08 | Butte County Recorder's Office, Oroville, CA | Just Mortgage, Inc. Rancho Cucamonga, CA | Deed of Trust sent by U.S. Mail Re: G.S.'s purchase of 577 Eaton Rd. | GILILLAND |
| 33 | 03/18/08 | Butte County Recorder's Office, Oroville, CA | Just Mortgage, Inc. Rancho Cucamonga, CA | Deed of Trust sent by U.S. Mail Re: C.E.A.'s purchase of 1679 Arch Way | GILILLAND |
| 34 | 5/19/08 | Butte County Recorder's Office, Oroville, CA | Downey Savings & Loan Assoc., Newport Beach, CA | Deed of Trust sent by U.S. Mail Re: C.E.A.'s purchase of 14718 Masterson Way | GILILLAND |

All in violation of Title 18, United States Code, Sections 1341 and 2.

COUNTS THIRTY-FIVE THROUGH THIRTY-SEVEN: [18 U.S.C. § 1014 - False Statements in Loan Applications]

The Grand Jury further charges:

GARRET GRIFFITH GILILLAND III, and
NICOLE MAGPUSAO,

defendants herein, as follows:

1.   The allegations set forth in paragraphs 1 through 11 and 13 through 18 of Counts One through Thirty-Four of this Second Superseding Indictment are realleged as if fully set forth herein.

2.   On or about the dates set forth below, in the County of Butte, State and Eastern District of California, and elsewhere, defendants GARRET GRIFFITH GILILLAND III and NICOLE MAGPUSAO, as

16

1  listed below, knowingly made and caused to be made false statements

2  and reports for the purpose of influencing the lenders set forth

3  below, the accounts of which were then and there insured by the

4  Federal Deposit Insurance Corporation, in connection with home loans

5  being sought in the defendants' own names or in the names of the straw

6  purchasers including, by among other things, falsely inflating each

7  borrower's gross monthly income, falsely reporting borrower employment

8  history, and falsely reporting the sale price of the properties by

9  concealing rebates and referral fees from the sellers, as set forth

10  below:

| CT | DATE OF FALSEHOOD | PROPERTY ADDRESS | LENDER | FALSE STATEMENTS | DEFENDANT |
|----|----|----|----|----|----|
| 35 | 6/28/06 | 1585 Arch Way Chico, CA | Chase Bank USA, NA | Owner occupied, home address, $7767.83 monthly income, employment with AGS Construction Services for 2.2 years, sales price | GILILLAND |
| 36 | 4/26/07 | 2689 Ceanothus Ave., Chico, CA | National City Bank | Self-employed with G III construction, Inc. for 3 years, 9 months, sales price | GILILLAND |
| 37 | 6/24/07 | 83 Pauletah Place, Chico, CA | Deutsche Bank | Owner occupied home, gross monthly income of $8,750 from Savings Direct Magazine, sales price | MAGPUSAO GILILLAND |

26  All in violation of Title 18, United States Code, Sections 1014 and 2.

27  ///

28  ///

17

<u>COUNTS THIRTY-EIGHT THROUGH FORTY-FIVE</u>: [18 U.S.C. § 1341 - Mail Fraud]

The Grand Jury further charges:

CHRISTOPHER M. CHIAVOLA,
BRANDON RESENDEZ,
NICHE FORTUNE, and
KESHA HAYNIE,

defendants herein, as follows:

## I.   INTRODUCTION

1.   Defendant CHRISTOPHER M. CHIAVOLA used bank accounts at Washington Mutual Bank in the name of CMC Property Management to receive funds that were obtained as part of the scheme to defraud described herein.

2.   Defendant RESENDEZ used "Plan B Group, Inc.," a Wyoming Corporation, to receive funds that were obtained as part of the scheme to defraud described herein.  As part of the scheme, defendant RESENDEZ purchased property in his own name.

3.   In 2006, defendant NICHE FORTUNE worked as a lead generator for NCII.  In January 2007, defendant NICHE FORTUNE opened a bank account at Bank of America in the name of Fortune Property Investments and was assigned a bank account ending in #3487.  Defendant FORTUNE used this bank account to receive funds that were obtained as part of the scheme to defraud described herein.

4.   At all times relevant to this Second Superseding Indictment, defendant KESHA HAYNIE was a real estate salesperson licensed by the State of California, and was the sister of defendant FORTUNE.

5.   The allegations set forth in paragraph 11 of Counts One through Thirty-Four of this Second Superseding Indictment are realleged as if fully set forth herein.

///

18

1          II.   THE SCHEME TO DEFRAUD

2          6.   Beginning not later than in or about April 2007 and

3    continuing through in or about December 2007, in the State and Eastern

4    District of California, and elsewhere, defendants CHRISTOPHER M.

5    CHIAVOLA, BRANDON RESENDEZ, NICHE FORTUNE, KESHA HAYNIE, and others

6    known and to the Grand Jury (including Anthony G. Symmes, charged

7    elsewhere), did knowingly devise and intend to devise a material

8    scheme and artifice to defraud residential real property lenders and

9    participants in the secondary loan market and to obtain property by

10   means of materially false and fraudulent pretenses, representations

11   and promises.  As a result of the fraud, defendants CHRISTOPHER M.

12   CHIAVOLA, BRANDON RESENDEZ, NICHE FORTUNE, KESHA HAYNIE, and others

13   (including Anthony G. Symmes), obtained real property or money to

14   which they were not entitled.

15          III.   WAYS AND MEANS

16          The ways and means by which the mail fraud scheme was

17   accomplished are set out below:

18          7.   Between in or about April 2007 through in or about December

19   2007, defendants CHRISTOPHER M. CHIAVOLA, BRANDON RESENDEZ, NICHE

20   FORTUNE, KESHA HAYNIE, and others known and unknown to the Grand Jury,

21   recruited various individuals, including investors and straw or

22   nominal purchasers, to purchase residential real properties in various

23   communities in the State and Eastern District of California, as listed

24   below:

25

| Property Description | Purchaser |
| --- | --- |
| 1390 Lucy Way<br>Chico, California | T.C. |
| 1386 Lucy Way<br>Chico, California | BRANDON RESENDEZ |

| Property Description | Purchaser |
|---|---|
| 2608 Doral Way<br>Chico, Califrnia | C.L. |
| 3289 Rockin M Drive<br>Chico, California | R.B. |
| 3280 Rockin M Drive<br>Chico, California | R.B. |
| 594 Desiree Lane<br>Chico, California | C.F. |
| 1358 Lucy Way<br>Chico, California | M.L.C. |
| 1663 Arch Way<br>Chico, California | M.D.V. |

8.   Anthony G. Symmes sold all of the houses above through one or more entities he controlled.  Defendants CHRISTOPHER M. CHIAVOLA, BRANDON RESENDEZ, NICHE FORTUNE, KESHA HAYNIE, and others, orchestrated and otherwise participated in the real estate transactions described above.  Defendant HAYNIE and her associates acted as a mortgage broker and a real estate agent in the transactions described above.

9.   Defendant HAYNIE and others assisted in obtaining "80/20" loans or 100% mortgage financing to finance the entirety of the transactions described in paragraph 7; caused materially false loan applications to be prepared on behalf of the purchasers, using personal information defendant HAYNIE obtained from them; and submitted other documents to mortgage lenders in connection with the real property transactions.  Such loan applications and other documents submitted to mortgage lenders contained materially false representations and omissions, including false representations and omissions about the borrowers' monthly income and/or employment, the borrowers' intent to occupy the property as a primary residence, the

20

1 | borrowers' assets and/or liabilities, and the true price of the real
2 | properties.

3 | 10. It was further part of the scheme and artifice that
4 | defendants CHRISTOPHER M. CHIAVOLA, BRANDON RESENDEZ, NICHE FORTUNE,
5 | KESHA HAYNIE, and others, arranged with the sellers of the properties
6 | described in paragraph 7 to purchase the properties at a price above
7 | the true market price, and in several instances, above the then-
8 | current list price of the properties. Defendants also arranged with
9 | the seller for a percentage of the difference between the actual
10 | market price and the inflated purchase price of the properties to be
11 | credited after the close of escrow to various bank accounts controlled
12 | by defendants and others, including the bank accounts of CMC Property
13 | Management, Plan B Group, and Fortune Property Investments. In some
14 | instances, these credits were purportedly for improvements or repairs
15 | to the properties. In furtherance of the scheme, at the close of
16 | escrow for each of the real property transactions described in
17 | paragraph 7, sellers diverted these monetary credits to bank accounts
18 | controlled by defendants and others.

19 | 11. Defendants CHRISTOPHER M. CHIAVOLA, BRANDON RESENDEZ, NICHE
20 | FORTUNE, KESHA HAYNIE, and others, deliberately caused some of the
21 | credits described in paragraph 10 above to be concealed from the
22 | lenders by not disclosing them in purchase agreements, by concealing
23 | them from appraisers, by concealing them from certain escrow
24 | companies, and by not informing the lenders of the credits on HUD-1
25 | settlement statements. To the extent these credits were disclosed,
26 | they were falsely characterized as credits used to make repairs or
27 | improvements to the purchased properties. In fact, the funds diverted
28 | to the bank accounts controlled by defendants and others, above, were

1 not used to make repairs or improvements to the purchased properties,
2 but were instead used for other purposes.

3                              IV. <u>THE MAILINGS</u>

4      12.   On or about the dates set forth below, in the Eastern
5 District of California, for the purpose of executing and attempting to
6 execute the aforementioned scheme and artifice to defraud, the
7 defendants identified below did knowingly cause to be placed in a post
8 office or authorized depository for mail matter to be sent and
9 delivered by the United States Postal Service, and deposited or caused
10 to be deposited, to be sent and delivered by any private or commercial
11 interstate carrier, the items listed below:

| CT | DATE | SENDER | RECIPIENT | ITEM SENT | DEFENDANT(S) |
|---|---|---|---|---|---|
| 38 | 04/02/07 | Fidelity National Title and Escrow, Chico, CA | Washington Mutual, Stockton, CA | Loan Funding package sent by Federal Express Priority Overnight Re: T.C.'s purchase fo 1390 Lucy Way | FORTUNE<br><br>HAYNIE |
| 39 | 04/11/07 | Fidelity National Title and Escrow, Chico, CA | Washington Mutual, Stockton, CA | Loan Funding package sent by Federal Express Priority Overnight Re: BRANDON RESENDEZ's purchase of 1386 Lucy Way | RESENDEZ<br><br>CHIAVOLA |
| 40 | 06/14/07 | Butte County Recorder's Office, Oroville, CA | C.L. 2608 Doral Way, Chico, CA 95973 | Grant Deed sent by U.S. mail Re: C.L.'s 2608 Doral Way | FORTUNE<br><br>HAYNIE |

| CT | DATE | SENDER | RECIPIENT | ITEM SENT | DEFENDANT(S) |
|----|------|--------|-----------|-----------|--------------|
| 41 | 07/12/07 | Butte County Recorder's Office, Oroville, CA | R.B., Chico, CA | Grant Deed sent by U.S. Mail Re: R.B.'s purchase of 3289 Rockin M Drive | CHIAVOLA |
| 42 | 07/27/07 | Fidelity National Title and Escrow, Chico, CA | MLSG, Inc., Funding Dept., Reno, NV | Loan Funding Package sent by Federal Express Priority Overnight Re: R.B.'s purchase of 3280 Rockin M Drive | CHIAVOLA |
| 43 | 08/01/07 | Butte County Recorder's Office, Oroville, CA | C.F. Chico, CA | Grant Deed sent by U.S. Mail Re: C.F.'s purchase of 594 Desiree Lane | FORTUNE |
| 44 | 09/07/07 | Fidelity National Title and Escrow, Chico, CA | M.S., 109 Calle El Padre, Los Gatos, CA | Loan Funding Package sent by Federal Express Priority Overnight Re: M.L.C.'s purchase of 1358 Lucy Way | CHIAVOLA |
| 45 | 12/13/07 | Fidelity National Title and Escrow, Chico, CA | Wilson Resources, Inc., Funding Dept., Granite Bay, CA | Loan Funding Package sent by Federal Express Priority Overnight Re: M.D.V.'s purchase of 1663 Arch Way | CHIAVOLA |

All in violation of Title 18, United States Code, Sections 1341 and 2.

///

23

COUNTS FORTY-SIX THROUGH FORTY-EIGHT:   [18 U.S.C. § 1957 - Money Laundering]

The Grand Jury further charges:

GARRET GRIFFTH GILILLAND III, and
SHANE BURRESON,

defendants herein, as follows:

1.  On or about the dates set forth below, in Butte County, in the State and Eastern District of California, and elsewhere, defendants GARRET GRIFFITH GILILLAND III and SHANE BURRESON, did knowingly engage in and affecting interstate commerce monetary transactions in amounts over $10,000 identified below, the proceeds of which were criminally derived property, that is, derived from mail fraud, in violation of Title 18, United States Code, Section 1341, as alleged in Counts 1 through 34 of this Second Superseding Indictment:

| CT | DATE | MONETARY TRANSACTION | DEFENDANT(S) |
|----|------|----------------------|--------------|
| 46 | 10/12/06 | $12,000 withdrawal from GILILLAND's and BURRESON's Tri Counties bank account number ending 3231 | GILILLAND |
| 47 | 10/27/06 | $16,000 withdrawal from GILILLAND's and BURRESON's Tri Counties Bank account number ending 3231 | BURRESON |
| 48 | 12/25/06 | Deposit of check #102 drawn on GILILLAND's and BURRESON's Tri Counties Bank account number ending in 3231 payable to "Burreson Farms" for $25,000 into Tri Counties Bank account number ending 2659 | BURRESON |

All in violation of Title 18, United States Code, Sections 1957 and 2.

///

///

24

1   COUNT FORTY-NINE:   [18 U.S.C. § 1957 - Money Laundering]

2        The Grand Jury further charges: T H A T

3                 CHRISTOPHER M. CHIAVOLA,

4   defendant herein, on or about June 20, 2007, in Butte County, in the

5   State and Eastern District of California, and elsewhere, did knowingly

6   engage in and affecting interstate commerce a monetary transaction in

7   an amount over $10,000; to wit, defendant CHRISTOPHER M. CHIAVOLA

8   purchased an official check #106815676 for $12,500 drawn on CMC

9   Property Management's Washington Mutual Bank account number ending

10  5676 payable to Chris M. Chiavola, the proceeds of which were

11  criminally derived property, that is, derived from mail fraud, in

12  violation of Title 18, United States Code, Section 1341, as alleged in

13  Counts 38 through 45 of this Second Superseding Indictment.

14       All in violation of Title 18, United States Code, Sections 1957

15  and 2.

16  COUNT FIFTY:   [31 U.S.C. § 5332 - Bulk Cash Smuggling]

17       The Grand Jury further charges:  T H A T

18             GARRET GRIFFITH GILILLAND III, and
19                   REMY HENG,

20  defendants herein, and others unknown to the Grand Jury, on or about

21  October 10, 2008, in the State and Eastern District of California and

22  elsewhere, with intent to evade a currency reporting requirement under

23  Title 31, United States Code, Section 5316, did knowingly conceal and

24  cause to be concealed more than $10,000 in currency in a container and

25  caused such currency to be transported and transferred, and attempted

26  to transport and transfer such currency, from a place within the

27  United States, to a place outside of the United States, by,

28  specifically, placing and causing to be placed $20,000 in currency

1   inside a Federal Express package sent from Sacramento, California to a

2   foreign country.

3       All in violation of Title 31, United States Code, Section 5332

4   and Title 18, United States Code, Section 2.

5   FORFEITURE ALLEGATIONS:   [18 U.S.C. § 982(a)(1), 982(a)(2)(A), 31
                              U.S.C. § 5332(b)(2) - Criminal Forfeiture]
6

7   1.   The Grand Jury alleges as to:

8                       GARRET GRIFFITH GILILLAND III,
                              WILLIAM E. BAKER,
9                              SHANE BURRESON,
                        CHRISTOPHER M. CHIAVOLA,
10                           BRANDON RESENDEZ,
                             LEONARD WILLIAMS,
11                             NICHE FORTUNE,
                            KESHA HAYNIE, and
12                           NICOLE MAGPUSAO,

13  defendants herein, as follows:

14      Upon conviction of one or more of the offenses alleged in Counts

15  One through Thirty-Four of this Second Superseding Indictment,

16  defendants shall forfeit to the United States pursuant to 18 U.S.C. §

17  982(a)(2)(A), any property constituting, or derived from, proceeds the

18  person obtained directly or indirectly, as the result of said

19  violation, including but not limited to the following:

20              (a)   A Breitling wristwatch; and

21              (b)   A sum of money equal to the proceeds derived from the
                      scheme or conspiracy described in ¶ 1 through ¶ 19 of
22                    Counts One through Thirty-Four of this Second
                      Superseding Indictment, in an amount of at least
23                    $4,000,000.00, for which the defendants are jointly and
                      severally liable.
24

25  2.   The Grand Jury further alleges as to:

26                    GARRET GRIFFITH GILILLAND III
                                  and
27                          NICOLE MAGPUSAO,

28  defendants herein, as follows:

        Upon conviction of one or more of the offenses alleged in Counts

                                    26

1   Thirty-Five through Thirty-Seven of this Second Superseding

2   Indictment, defendants GARRET GRIFFITH GILILLAND III and NICOLE

3   MAGPUSAO shall forfeit to the United States, pursuant to 18 U.S.C. §

4   982(a)(2)(A), any property constituting, or derived from, proceeds

5   defendant obtained directly or indirectly, as the result of a

6   violation of 18 U.S.C. § 1014, including but not limited to the

7   following:

8             (a)   A Breitling wristwatch; and

9             (b)   A sum of money equal to the proceeds derived from the
                    scheme or conspiracy described in ¶ 1 through ¶ 19 of
10                  Counts One through Thirty-Four of this Second
                    Superseding Indictment, and in ¶ 1 through ¶ 2 of
11                  Counts Thirty-Five through Thirty-Seven of this Second
                    Superseding Indictment, in an amount at least
12                  $4,000,000.00, for which the defendants are jointly and
                    severally liable.

13  3.    The Grand Jury further alleges as to:

14                      CHRISTOPHER M. CHIAVOLA,
15                        BRANDON RESENDEZ,
                          NICHE FORTUNE, and
16                          KESHA HAYNIE,

17  defendants herein, as follows:

18        Upon conviction of one or more of the offenses alleged in Counts

19  Thirty-Eight through Forty-Five of this Second Superseding Indictment,

20  defendants CHRISTOPHER CHIAVOLA, BRANDON RESENDEZ, NICHE FORTUNE,

21  KESHA HAYNIE, shall forfeit to the United States pursuant to 18 U.S.C.

22  § 982(a)(2)(A), any property constituting, or derived from, proceeds

23  the person obtained directly or indirectly, as the result of said

24  violation, including but not limited to the following:

25            (a)   A sum of money equal to the proceeds derived from the
26                  scheme or conspiracy described in ¶ 1 through ¶ 12 of
                    Counts Thirty-Eight through Forty-Five of the Second
27                  Superseding Indictment, in an amount at least
                    $1,000,000.00, for which the defendants are jointly and
28                  severally liable.

27

1    4.        The Grand Jury further alleges as to:

2                      GARRET GRIFFITH GILILLAND III,

3    defendant herein, as follows:

4        Upon conviction of the offenses alleged in Count Forty-Six of

5    this Second Superseding Indictment, defendant GARRET GRIFFITH

6    GILILLAND III shall forfeit to the United States pursuant to 18 U.S.C.

7    § 982(a)(1), any property, real or personal, involved in such offense,

8    or any property traceable to such property, including but not limited

9    to:

10                (a)    Approximately $12,000 in U.S. currency; and

11                (b)    A sum of money equal to the proceeds derived from
                        the offense charged in Count Forty-Six of this
12                      Second Superseding Indictment.

13   5.        The Grand Jury further alleges as to:

14                          SHANE BURRESON,

15   defendant herein, as follows:

16       Upon conviction of one or more of the offenses alleged in Counts

17   Forty-Seven through Forty-Eight of this Second Superseding Indictment,

18   defendant SHANE BURRESON shall forfeit to the United States pursuant

19   to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in

20   such offense, or any property traceable to such property, including

21   but not limited to:

22                (a)    Approximately $41,000 in U.S. currency; and

23                (b)    A sum of money equal to the proceeds derived from
                        the offense charged in Counts Forty-Seven and
24                      Forty-Eight of this Second Superseding Indictment.

25   6.        The Grand Jury further alleges as to:

26                      CHRISTOPHER M. CHIAVOLA,

27   defendant herein, as follows:

28       Upon conviction of the offenses alleged in Count Forty-Nine of

1  this Second Superseding Indictment, defendant CHRISTOPHER M. CHIAVOLA

2  shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1),

3  any property, real or personal, involved in such offense, or any

4  property traceable to such property, including but not limited to:

5        (a)   Approximately $12,500 in U.S. currency; and

6        (b)   A sum of money equal to the proceeds derived from
              the offense charged in Count Forty-Nine of this
7             Second Superseding Indictment.

8  7.   The Grand Jury further alleges as to:

9               GARRET GRIFFITH GILILLAND III and
                      REMY HENG,
10

11  defendants herein, as follows:

12     Upon conviction of the offense alleged in Count Fifty of this

13  Second Superseding Indictment, defendants GARRET GRIFFITH GILILLAND

14  III and REMY HENG shall forfeit to the United States pursuant to 31

15  U.S.C. § 5332(b)(2), any property, real or personal, involved in such

16  offense, or any property traceable to such property, including but not

17  limited to:

18        (a)   Approximately $20,000 in U.S. currency.

19        (b)   A sum of money equal to the amount involved in, or
              traceable to the amount involved in, the offense
20             charged in Count Fifty of this Second Superseding
              Indictment, of at least $20,000, for which the
21             defendants are jointly and severally liable.

22  8.   If any property, as a result of any act or omission of the

23  defendant cannot be located upon the exercise of due diligence; has

24  been transferred or sold to, or deposited with, a third person; has

25  been placed beyond the jurisdiction of the Court; has been

26  substantially diminished in value; or has been commingled with other

27  property which cannot be subdivided without difficulty; it is the

28  intent of the United States, pursuant to 18 U.S.C. § 982(b)(1), 28

29

1 | U.S.C. § 2461(c), and 31 U.S.C. § 5332(b)(3), incorporating 21 U.S.C.
2 | § 853(p), to seek forfeiture of any other property of said defendants
3 | up to the value of the property subject to forfeiture, including but
4 | not limited to the following:

5 |     (a)  2003 West Coast Chopper Motorcycle,
         Vin#1W9SJ25073P279147, Registered Owner:
6 |          Garret Griffith Gililland.

7 |

8 |            A TRUE BILL.

9 | 

10 |             FOREPERSON

11 |

12 | BENJAMIN B. WAGNER
  United States Attorney

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA

*vs.*

GARRET GRIFFITH GILILLAND III,
WILLIAM E. BAKER,
SHANE BURRESON,
CHRISTOPHER CHIAVOLA,
BRANDON RESENDEZ,
LEONARD WILLIAMS,
NICOLE MAGPUSAO,
NICHE FORTUNE,
KESHA HAYNIE, and
REMY HENG,

## S E C O N D   S U P E R S E D I N G   I N D I C T M E N T

**VIOLATIONS:** 18 U.S.C. § 1341 - Mail Fraud (42 Counts);
18 U.S.C. § 1014 - False Statements in Loan Applications (3 Counts);
18 U.S.C. § 1957 - Money Laundering (4 Counts);
31 U.S.C. § 5332 - Bulk Cash Smuggling; 18 U.S.C. § 982(a)(1),
18 U.S.C. § 981(a)(1)(C), 28 U.S.C. 2461(c), and
31 U.S.C. § 5332(b)(2) - Criminal Forfeiture

*A true bill,*

/S/

*Foreman.*

*Filed in open court this* __17TH__ *day*

*of* __June__ , *A.D. 20* _10_

Matt Cogan

*Clerk.*

*Bail, $* __ **NO PROCESS NECESSARY** *as to Gilliland + Magpusao*

WARRANT: NO BAIL PENDING HEARING *as to all other Δs*

GPO 863 525

# PENALTY SLIP

**GARRET GRIFFITH GILILLAND III:** Counts 1 - 37, 46, and 50

**WILLIAM E. BAKER:** Counts 5, 13, 17, 21, 23, and 28

**SHANE BURRESON:** Counts 2, 5 - 10, 12, 15, 16, 18, 19, 20, and 48

**CHRISTOPHER CHIAVOLA:** Counts 1, 11, 39, 41, 42, 44, 45 and 49

**BRANDON RESENDEZ:** Counts 9 and 39

**LEONARD WILLIAMS:** Counts 24 and 25

**NICOLE MAGPUSAO:** Counts 22, 23, and 37

**NICHE FORTUNE:** Counts 38, 40, and 43

**KESHA HAYNIE:** Counts 38 and 40

**REMY HENG:** Count 50

| COUNTS 1 - 34 and 38 - 45 | 18 U.S.C. 1341 - Mail Fraud | PENALTY: | NMT 20 years imprisonment NMT $250,000 fine; or both TSR: NMT 3 years **But for counts affecting a financial institution:** NMT 30 years imprisonment NMT $1 million fine; or both TSR: NMT 5 years |
|---|---|---|---|
| COUNTS 35 - 37 | 18 U.S.C. 1014 - False Statements in Loan Applications | PENALTY: | NMT: 30 years imprisonment NMT: $1,000,00 fine; or both TSR: NMT 5 years |
| COUNTS 46 - 49 | 18 U.S.C. § 1957 - Monetary Transactions in Property Derived from Specified Unlawful Activity | PENALTY: | NMT: 10 years imprisonment NMT: $250,000 fine (or an alternate fine of double the amount laundered here); or both TSR: NMT 3 years |
| COUNT 50 | 31 U.S.C. 5332 - Bulk Cash Smuggling | PENALTY: | NMT: 5 years imprisonment NMT: $250,000 fine; or both TSR: NMT 3 years Forfeiture: any property, real or personal, involved in the offense, and any property traceable to such property |

**SPECIAL ASSESSMENT:**     $100.00 for each count

**Forfeiture Allegations:** Criminal forfeiture of money or property is subject to proof in a separate proceeding immediately following conviction at a criminal trial on counts 1-50.