


LAW OFFICES OF
WING & PARISI
A PROFESSIONAL CORPORATION
1101 E STREET
SACRAMENTO, CA 95814
441-4888
State Bar #063214

ATTORNEYS FOR: Defendant

SEALED

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br>v.<br>NICOLE MAGPUSAO and GARRET GILILLAND<br>Defendants, | No. Cr. S. 08-376 EJG<br>REQUEST FOR ORDER TO ALLOW TRANSMISSION UNDER SEAL OF DECLARATIONS FROM DEFENDANTS TO ATTORNEY JULES BONJOUR AND [redacted] ORDER]<br>**FILED UNDER SEAL**<br>DATE: January 28, 2011<br>TIME: 1:00 p.m.<br>COURTROOM: 8 |

Having filed my Response to the defendant's brief and my declaration in opposition to their motions, and having argued that even should the Court accept all of their statements as true that they have failed to establish that they are entitled to any of the relief that they have sought, I make this request to be able to corroborate my declaration.

Specifically, I wish to have Mr. Bonjour respond to the following areas of the defendant's declarations:

1. Whether upon Mr. Bonjour arrival at my office, he and I met in my conference room, alone, to review the search warrant. Whether either Defendant Gililland, Defendant Magpusao or Mr. Grivette were already in my conference room meeting with me at the time of his arrival.

2. Whether Defendant Gililland was very emotional in his discussion with Mr. Bonjour and at the conclusion of the meeting I commented to Mr. Bonjour was that Defendant Gililland was a "mess."

///

3. Whether that Defendant Gililland was consistent in insisting that he had done nothing wrong.

4. Whether when I returned to the conference room after making an inquiry concerning the status of the items forfeited in the search, I related that I had heard from AUSA Carlberg that he was unaware of the status of the forfeited items, and that this was only discussion, Mr. Bonjour and I had concerning the forfeiture.

5. Whether Defendant Magpusao was told the following: "You don't have to worry. You probably won't be charged, but they do charge you don't worry it's not going to be anything big."

6. Whether there was any discussion of any information that had been given to Defendant Magpusao by any loan officer, and whether there was any mention of any advice from a female government agent that Defendant Magpusao would need to find someone to watch her daughter for a while because of her false statements on loan applications.

7. Whether there was any discussion concerning a Joint Defense Agreement.

8. Whether there was either any discussion of Defendant Magpusao cooperation or any facts discussed that would allow for such cooperation.

9. Whether there was any discussion of a "united front."

10. Whether it was clear to both defendants that I was going to represent Defendant Magpusao, not Defendant Gililland.

11. Whether I ever told anyone that I would "work on getting the money back." Whether I ever sated that the chances were likely that I could.

12. Whether he is aware that Defendant Gililland provided $15,000.00 to my office to be transmitted to him.

13. Whether there was any discussion between Mr. Bonjour and me concerning my being at the meeting with Mr. Gililland and Mr. Sheehan and whether there was ever any mention of Defendant Magpusao or myself being at such a meeting.

///

14. Whether either Counsel Tedmon or Hart contacted Mr. Bonjour prior to the 14th of December 2010 to discuss any possible conflict in this case.

**JUSTIFICATION:**

I believe these are the core differences between the parties, as set out in my declaration, filed on January 12, 2011.

This hearing was not set by the defendants; it was set by the government to inquire into any potential conflict. The defendants do not have any proprietary interest in barring me from having Mr. Bonjour more fully describe the events of the meeting in question and its aftermath than he was requested to do in the limited declaration he produced at the request of the defendants. Defendant Gililland's declaration contains statements that are beyond my knowledge and I have already admitted my recollection of what he said at the meeting is minimal as to content. However, Mr. Bonjour was his attorney and took notes that he has summarized in his initial declaration. Defendant Gililland's declaration goes well beyond the scope of Mr. Bonjour's declaration.

While, as I argue in my Response, I do not believe that the defendants have established sufficient evidence to support their requests, even if everything they have offered to the Court is deemed correct, the Court should have a complete understanding of the facts which underlie the issues raised by the defendants.

Respectfully Submitted

Dated: January 13, 2011

/S/
Christopher H. Wing

LAW OFFICES OF
WING & PARISI
SACRAMENTO, CA.

///

**[PROPOSED] ORDER**

Good cause appearing therefor, IT IS ORDERED that Attorney Christopher H. Wing can transmit, under seal, the declarations of defendants Gililland and Magpusao to Attorney Jules Bonjour for his declaration in response to the questions proposed by Mr. Wing. Mr. Bonjour's declaration is to be filed under seal and that this Stipulation & Order be filed under seal.

Dated: 1/19/11

HON. EDWARD J. GARCIA
SR. U.S. DISTRICT COURT JUDGE



///