# EXHIBIT B

Excerpt of Transcript,
1/28/11

```
 1              IN THE UNITED STATES DISTRICT COURT

 2            FOR THE EASTERN DISTRICT OF CALIFORNIA

 3                          ---o0o---

 4      BEFORE THE HONORABLE EDWARD J. GARCIA, SENIOR JUDGE

 5

 6   UNITED STATES OF AMERICA,

 7         Plaintiff,

 8   Vs.                                CASE NO. CR. 2:08-376 EJG

 9   GARRET GRIFFITH GILILLAND, III,
     NICOLE MAGPUSAO, ET AL.,
10

11         Defendants.
                                       /
12   _____

13

14

15

16                          ---o0o---

17

18                     REPORTER'S TRANSCRIPT

19                 FRIDAY, JANUARY 28TH, 2011

20          RE:  HEARING ON MOTION TO DISQUALIFY

21                 POTENTIAL ATTORNEY CONFLICT

22

23                          ---o0o---

24

25   Reported by:              CATHERINE E.F. BODENE,
                                 CSR. No. 6926
```

CATHERINE E.F. BODENE, OFFICIAL COURT REPORTER, USDC
(916) 446-6360

```
 1                          APPEARANCES

 2                            ---o0o---

 3

 4    For the Government:

 5           UNITED STATES ATTORNEYS OFFICE
             501 I Street, 10th Floor
 6           Sacramento, California   95814

 7           BY:   RUSSELL CARLBERG,
                  Assistant U.S. Attorney
 8

 9

10    For Defendant Gililland:

11           Law Offices of Scott L. Tedmon
             1050 Fulton Avenue, Suite 218
12           Sacramento, California   95825

13           BY:   SCOTT L. TEDMON,
                  Attorney At Law
14

15    For Defendant Magpusao:

16           Law Offices of Krista Hart
             P.O. Box 188794
17           Sacramento, California   95818

18           BY:   KRISTA HART,
                  Attorney At Law
19

20    For Attorney Wing and Defendant Symmes:

21           LAW OFFICES OF WING & PARISI
             1101E Street
22           Sacramento, California   95814

23           BY:   CHRISTOPHER WING,
                  Attorney At Law
24

25                            ---o0o---
```

7

1  California case law so that the parties correctly cite to
2  California case law to argue their respective positions on
3  the issues raised.
4      In addition, the Court has done independent research
5  on the matter before the Court. The California rule
6  regarding attorney conduct as interpreted by California case
7  law and several District Ninth Circuit cases I've reviewed on
8  independent research generally provide that absent a former
9  client's consent, successive representation is prohibited.
10     Mr. Wing denies that he ever represented
11 Miss Magpusao or that she retained him or that he performed
12 any services for her or that he acquired any confidential
13 information from her.
14     On the other hand, both the moving parties relate
15 events at the June 26th, 2008 meeting, which lasted about
16 one-and-a-half hours, which frankly strain my credulity.
17     Their obvious bias aside, their declarations relate
18 to detailed conversations that they said occurred among the
19 four parties at the meeting some two-and-a-half years ago, a
20 meeting in which they took no notes.
21     The one person who took notes, and who has no
22 apparent interest in the outcome of the defendants' motions,
23 Mr. Bonjour, says many of the things that the defendants
24 relate in their declarations never happened.
25     The detailed context of the defendants' declarations

8

are difficult to credit without corroboration in the face of both Attorney Bonjour's and Attorney Wing's declarations.

However, as I understand the law, there is no need for the Court to decide whether Mr. Wing acquired confidential information during the one-and-a-half hour meeting, which all the parties agreed consisted primarily of discussions of the arrangements for attorneys ensuring Wing to represent Mr. Gililland and Miss Magpusao.

I cannot determine definitively that Mr. Wing learned anything material from the June 26th meeting or at any other time that would be prejudicial to either of the moving parties.

The question is, then, was Mr. Wing retained to represent Miss Magpusao, and did he do so at the June 26th meeting.

I find from Mr. Bonjour's and Mr. Wing's declarations that Mr. Wing was retained to represent Miss Magpusao and that Mr. Bonjour was retained to represent Mr. Gililland. A down payment of $15,000 on the retainer was agreed to by the parties and apparently was paid the next day.

Mr. Wing acknowledges Mr. Bonjour's declarations are accurate since he took notes, and it is Mr. Bonjour who says that Mr. Wing agreed to represent Miss Magpusao and Bonjour would represent Mr. Gililland.

As for services rendered by Mr. Wing, he apparently