JOSEPH J. WISEMAN, ESQ., CSBN 107403
JOSEPH J. WISEMAN, P.C.
   1477 Drew Avenue, Suite 106
   Davis, California 95618
   Telephone: 530.759.0700
   Facsimile: 530.759.0800

**Attorney for Defendant**
**LEONARD WILLIAMS**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>LEONARD WILLIAMS, et. al.<br><br>            Defendants. | Case No. CR S 08–376 EJG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION COMPELLING EARLY DISCLOSURE OF JENCKS MATERIAL**<br><br>Date: June 10, 2011<br>Time: 10:00 a.m.<br>Ctrm: Hon. Edward J. Garcia |

### INTRODUCTION

LEONARD WILLIAMS ("Williams") is charged with two counts of mail fraud under 18 U.S.C. § 1341 in an indictment that contains fifty counts and names several co-defendants. It is alleged that Williams caused deeds to be mailed in order to further a scheme of mortgage fraud, which was masterminded by Garrett Gililland. Gililland is accused of devising a scheme to defraud banks out of millions of dollars by obtaining inflated loans for straw buyers, and keeping a portion the inflated loan proceeds for himself.

### STATEMENT OF THE LAW AND ARGUMENT

*1. The Court Has The Authority To Order Early Disclosure of Jencks Material*

Rule 26.2 of the Federal Rules of Criminal Procedure ("Fed.R.Crim.P."), which incorporates the Jencks Act, 18 U.S.C. § 3500 (2000), allows the defendant to discover a

government witness's pretrial statement after the witness has testified on direct examination. The defendant is entitled to production of the prior statement of government witnesses only after their direct examination, *United States v. Barker*, 988 F.2d 77, 78-79 (9th Cir. 1993), and the defendant's request for Jencks Act material must be timely. *See United States v. Hanna*, 55 F.3d 1456, 1459 (9th Cir. 1995) (Jencks Act discovery waived because defendant failed to make timely motion for production of grand jury testimony and other witness statements following their testimony).

The district court has discretion, however, to order production of Jencks Act material before the witness testifies. 38 Geo. L.J. Ann. Rev. Crim. Proc. 373 (2009) (citing *United States v. Blackburn,* 9 F.3d 353, 357-358 (5th Cir. 1993) (no violation of defendant's due process rights where court ordered government to produce Jencks Act material before witness testified)); *United States v. Lujan*, 530 F. Supp. 2d 1224, 1254 (D.N.M. 2008) (although with a certain amount of government concession, court ordered Jencks material two weeks before trial, and considered ordering disclosure of the Jencks Act material up to 30 days before trial depending on the volume of discovery).

In some situations, denial of production of a Jencks-type of a statement may be a denial of a Sixth Amendment right to effective assistance of counsel and the right to cross examination. *United States v. Augenblick*, 393 U.S. 348, 356 (1969) (dictum). The Supreme Court noted that its earlier decision in *Palermo v. United States*, 360 U.S. 343, 353 (1959), often quoted by the government, and the Jencks Act "were not cast in constitutional terms." *Id.* "[T]he administration of the Jencks Act must be entrusted to the 'good sense and experience' of the trial judges subject to 'appropriately limited review of appellate courts.'" *Id.* at 355

Rule 611 of the Federal Rules of Evidence ("Fed.R.Evid.") states in pertinent part: "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, [and] (2) avoid needless consumption of

time. . . ." The trial court is granted wide discretion to allow witnesses to testify out-of-turn; nevertheless, the court must still exercise its discretion reasonably.

In the current discovery provided, there are approximately 96 statements to the F.B.I. from over sixty-five witnesses. This does not include one of the three co-defendants who have pled with an agreement to assist the government. If the court intends only to order Jencks materials after each witness testifies at trial, it could easily stretch a four-week trial into a ten-week trial in order to provide the defendants adequate time to prepare for effective cross examination. To not allow defendants this extra time would implicate the defendants' Sixth Amendment rights to effective assistance of counsel and the right to cross examination.

Not only would this be a costly extension of time for the court and the parties, it would also frustrate the jurors who may in turn blame their frustration upon the defense. In this case, with so many potential witnesses, the court ought to exercise its discretion and order early order of Jencks material, approximately two weeks before trial, in order to give the defense adequate time to prepare for cross examination and not impede the trial.

### 2. The Court Should Order Disclosure of Brady Materials That May Also Fall Under The Jencks Act.

Under *Brady v. Maryland*, 373 U.S. 83 (1963), the prosecution has the "duty under the due process clause to insure that 'criminal trials are fair' by disclosing evidence favorable to the defendant upon request." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1976).

Under old case law in the Ninth, the Jencks Act controls where there are overlaps with *Brady*. *United States v. Jones*, 612 F.2d 453, 455 (9th Cir. 1979). *Jones* states that "[w]hen the defense seeks evidence which qualifies as both Jencks Act and *Brady* material, the Jencks Act standards control." *Id.* (citing two circuit cases finding no prejudice where *Brady* material was turned over to the defense late).

However, in *United Sates v. Sablan*, 2009 U.S. Dist. LEXIS 100724, Judge Wanger notes that *Jones* predates many changes in *Brady* law, specifically the due process requirements outlined in *Kyles v. Whitley*, 514 U.S. 419, 432 (1995) and *United States v. Bagley*, 473 U.S. 667, 678 (1985).

The prosecutor's "constitutional duty is triggered by the potential impact of favorable but undisclosed evidence...." *Kyles*, 514 U.S. at 434. When the government possesses favorable evidence that is "material," the evidence must be produced to the defense. *Id.* In *Bagley*, 473 U.S. at 676, however, the Supreme Court "rejected any such distinction between impeachment evidence and exculpatory evidence" for purposes of the question of materiality. The *Bagley* materiality standard requires that "evidence [be] considered cumulatively, not item by item." *Kyles*, 514 U.S. at 436; *United States v. Blanco*, 392 F.3d 382, 387 (9th Cir. 2004). Under that standard, "the prosecution, which alone can know what is undisclosed, must be assigned the consequent responsibility to gauge the likely net effect of *all* such evidence and make disclosure *when the point of 'reasonable probability' is reached.*" *Kyles*, 514 U.S. at 437 (emphasis added). This is a rule of constitutional law that arose after the advent of the Jencks Act. *Sablan*, 2009 U.S. Dist. LEXIS 100724 *at 10*. The *Sablan* court was persuaded that "Brady obligations are not altered or modified by the fact that the information is contained in witness statements or grand jury testimony." *Id.*

Likewise, other circuits, have held that the constitutional dictates of *Brady*, not the Jencks Act, govern the disclosure of evidence which is both Brady and Jencks material. *See, e.g. United States v. Starusko*, 729 F.2d 256, 263 (3rd Cir. 1984)("compliance with the statutory requirements of the Jencks Act does not necessarily satisfy the due process concerns of Brady"); *United States v. Tarantino*, 846 F.2d 1384, 1414-15 n.11 (D.C. Cir. 1988)(Jencks Act limitations on discovery do not lessen the Government's Brady obligations to disclose exculpatory material), *cert. denied*, 488 U.S. 867 (1988); *United States v. Owens*, 933 F. Supp. 76, 84 (D. Mass. 1996)("Given the important nature of the constitutional rights at stake, this Court rules

that the Brady requirement must effectively trump the Jencks Act where the two are in direct conflict."); *United States v. Thevis*, 84 F.R.D. 47, 54 (N.D.Ga. 1979)("In the face of this conflict [between Brady and the Jencks Act], this Court believes that the better rule requires the pretrial disclosure of Brady material in accordance with the timetable set forth in this order even though that material is part of a Jencks Act statement.").

3. *In the Alternative, The Court Should Order Identification of Brady/Jencks Material.*

Should the Court not order the disclosure of *Brady* materials, defendant seeks the identification of any *Brady* material, even if it falls under the Jencks Act. *See United States v. Salyer*, 271 F.R.D. 148 (E.D. Cal. 2010) (stating that while *Jones* may not have been expressly overruled by later Supreme Court cases, *Jones* does not preclude identification of yet-to-be disclosed exculpatory information).

## CONCLUSION

Therefore, for the foregoing reasons, Williams respectfully requests the court to order the government to disclose Jencks material two weeks prior to trial.

Dated: April 21, 2011                    Respectfully submitted,

                                         JOSEPH J. WISEMAN, P.C.


                                         By:  /s/ Joseph J. Wiseman
                                              JOSEPH J. WISEMAN
                                              Attorney for Defendant
                                              LEONARD WILLIAMS

MEMORANDUM OF POINTS AND AUTHORITIES              5                    CR S 08-376 EJG
IN SUPPORT OF MOTION COMPELLING EARLY
DISCLOSURE OF JENCKS MATERIAL