1  **JOSEPH J. WISEMAN, ESQ., CSBN 107403**
   **JOSEPH J. WISEMAN, P.C.**
2     **1477 Drew Avenue, Suite 106**
      **Davis, California 95618**
3     **Telephone:   530.759.0700**
      **Facsimile:    530.759.0800**
4
   **Attorney for Defendant**
5  **LEONARD WILLIAMS**

6
                    IN THE UNITED STATES DISTRICT COURT
7
                  FOR THE EASTERN DISTRICT OF CALIFORNIA
8
                            SACRAMENTO DIVISION
9

10
    UNITED STATES OF AMERICA,        )   Case No. CR S 08—376 EJG
11                                    )
                        Plaintiff,    )   **NOTICE OF JOINDER OF MOTION**
12                                    )
         vs.                          )   Date:   June 11, 2011
13                                    )   Time:   10:00 a.m.
                                      )   Ctrm:   Hon. Edward J. Garcia
14                                    )
    LEONARD WILLIAMS, et. al.         )
15                                    )
                        Defendants.   )
16  _____  )

17

18  TO:   BENJAMIN B. WAGNER, UNITED STATES ATTORNEY, and RUSSELL L.
    CARLBERG, ASSISTANT UNITED STATES ATTORNEY:
19

20         PLEASE TAKE NOTICE THAT defendant LEONARD WILLIAMS ("Williams")

21  hereby adopts and joins the *Motion to Dismiss Indictment Counts*, filed by co-defendant

22  Garret Gililland to the extent that the motions raised pertain to Williams.

23         Williams joins the argument that Counts Twenty-Four and Twenty-Five must be

24  dismissed on the ground of duplicity. As argued in Gililland's motion, if Counts Twenty-

25  Four and Twenty-Five are allowed to stand as is, defendant Williams will not have been

26  given adequate notice of the actual charge the government is alleging, thereby denying

27  Williams' right to know the precise nature of the charge he is facing.  Further, such a

28  result will deny Williams the right and opportunity to prepare a proper defense to the

1  two counts against him. Additionally, the current state of the Second Superseding

2  Indictment could prejudicially effect evidentiary rulings, risk jury confusion over what

3  defendant Williams is actually charged with, which could result in a non-unanimous

4  verdict and lead to preclusion of meaningful appellate review.

5        Likewise, Williams joins the argument that Twenty-Four and Twenty-Five should

6  be dismissed as those mailings did not affect the success of the alleged scheme. The

7  indictment states in Count Twenty-Four that Williams and Gililland caused to be sent

8  through U.S. Mail a Deed of Trust from the Butte County Recorder's Office to

9  Nationwide Title Clearing, Inc. regarding A.W.'s purchase of 2640 Ceanothus Avenue.

10 The indictment states in Count Twenty-Five that Williams and Gililland caused to be

11 sent through U.S. Mail a Grant Deed from the Butte County Recorder's Office to A.W.

12 regarding A.W.'s purchase of 3294 Rockin M Drive. Williams joins in the argument that

13 these two mailings were not in furtherance of any scheme to defraud, since the

14 defendant's alleged purpose or objective was completed at the time the grand deed was

15 filed with the county recorder's office.

16

17 Dated:  April 22, 2011            Respectfully submitted,

18                                  JOSEPH J. WISEMAN, P.C.

19

20                                  By: ___/s/  Joseph J. Wiseman___
                                        JOSEPH J. WISEMAN
21                                      Attorney for Defendant
                                        LEONARD WILLIAMS
22

23

24

25

26

27

28