```
 1                  UNITED STATES DISTRICT COURT

 2                 EASTERN DISTRICT OF CALIFORNIA

 3                           ---oOo---

 4

 5   THE UNITED STATES OF AMERICA,            )
                                              )No. 2:08cr-376
 6                  Plaintiff,                )
                vs.                           )
 7                                            )
                                              )
 8   GARRET GRIFFITH GILILLAND, III,          )
     and                                      )
 9   NICOLE MAGPUSAO,                         )
                                              )
10                  Defendants.               )
     _____)
11

12

13                           ---oOo---

14

15     BEFORE THE HONORABLE EDWARD J. GARCIA, JUDGE OF THE

16   UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF

17   CALIFORNIA, AND ON APRIL 22, 2011.

18

19           REPORTER'S TRANSCRIPT OF PROCEEDINGS

20             MOTION TO DISMISS THE INDICTMENT

21

22                           --oOo--

23

24   REPORTED BY:           LISA MARIE USSERY
                            CSR NO. 11534
25
```

```
 1                    A P P E A R A N C E S

 2                         ---oOo---

 3

 4    FOR THE PLAINTIFF:        BENJAMIN WAGNER

 5                              UNITED STATES ATTORNEY

 6                              501 I STREET, Suite 10-100

 7                              Sacramento, California

 8                              BY:  RUSSELL CARLBERG, DUSA

 9

10
      FOR THE DEFENDANT:        LAW OFFICE OF SCOTT TEDMON
11    (Garret Gililland)
                                1050 Fulton Avenue, Suite 218
12
                                Sacramento, California 95825
13
                                BY:  SCOTT TEDMON, ESQ.
14

15

16
      FOR THE DEFENDANT:        LAW OFFICE OF KRISTA HART
17    (Nicole Magpusao)
                                P.O. Box 188794
18
                                Sacramento, California 95818
19
                                BY:  KRISTA HART, ESQ.
20

21                         ---oOo---

22

23

24

25
```

1        APRIL 22, 2011, AT THE HOUR OF 11:00 A.M.
2          BEFORE THE HONORABLE EDWARD J. GARCIA
3                      ---o0o---
4        THE CLERK:  Calling CRS-08-376, United States
5   versus Garret Griffith Gililland and Nicole Magpusao.
6        MR. CARLBERG:  Your Honor, Good morning.
7   Russell Carlberg for the United States.
8        THE COURT:  Mr. Carlberg.
9        MS. HART:  Good morning, Your Honor.  Krista
10  Hart on behalf of Miss Magpusao who is present in
11  custody.
12       THE COURT:  Miss Hart.
13       MR. TEDMON:  Good morning, Your Honor.  Scott
14  Tedmon representing Garret Gililland who is present in
15  custody.
16       THE COURT:  Mr. Tedmon.
17       This matter is on calendar today on defendants'
18  Gililland and Magpusao motion to dismiss the indictment.
19  I have read the briefs and reviewed the record, including
20  the transcripts of the January 2011 hearing, in which
21  these same defendants moved to disqualify counsel from
22  representing another defendant, Anthony Symmes, in a
23  related indictment.
24       Do defense counsel have anything they wish to
25  add in connection with their motions, or anything they

3

1   wish to emphasize?
2           MS. HART:  No, Your Honor.  We are prepared to
3   submit it on the briefs.
4           THE COURT:  Mr. Tedmon.
5           MR. TEDMON:  That's correct, Your Honor.  We are
6   prepared to submit on the briefs.  It's been fully
7   exhausted in the briefs.
8           THE COURT:  Mr. Carlberg, if you submit the
9   motion, I am going to deny it.
10          MR. CARLBERG:  I am going to submit it, Your
11  Honor.
12          THE COURT:  The motion will be denied.
13  Defendants have failed to demonstrate a basis for either
14  dismissal of the indictment or suppression of the
15  information obtained from defendant Symmes.  Apparently
16  void by this Court's January 2011 ruling, in which it
17  found a conflict of interest precluded Attorney Chris
18  Wing from the continued representation of defendant
19  Symmes in a related case, defendants Gililland and
20  Magpusao have upped the ante.
21          Now seeking to dismiss the indictment against
22  them, contending that Wing's successive representation of
23  Symmes deprived them of their rights to conflict-free
24  counsel and due process.  Defendants argue prejudice must
25  be presumed and that nothing short of a dismissal of the

4

1  indictment will right the wrong.
2           First of all, let's get the facts straight.  The
3  Court found that Attorney Wing consulted with and was
4  ultimately retained to represent defendant Magpusao
5  following the 90-minute meet and greet on June 26, 2008.
6  Mr. Wing's representation consisted of, one, sitting in
7  on a meeting with attorney Jules Bonjour and defendants
8  Gililland and Magpusao; two, making a phone call to the
9  government; three, reviewing a search warrant; and four,
10 forwarding an e-mail from defendant Gililland to Attorney
11 Bonjour.
12          Within two weeks, the representation ended, when
13 defendants hired another attorney.  Based on these facts
14 and current case law, the Court disqualified Mr. Wing
15 from further representation of the defendant Symmes.
16 Specifically, the Court stated that an attorney must be
17 disqualified on conflict-of-interest grounds if the
18 attorney meets with the client under circumstances in
19 which confidential information would likely be disclosed,
20 and the attorney subsequently represented an adverse
21 client in a substantially related matter.
22          Citing the Supreme Court Glasser and Sullivan
23 cases, defendants now contend that this conflict of
24 interest is too glaring and too significant to require
25 them to provide any evidence that they were harmed.

5

1  Defendants are mistaken.  They ask too much.
2      Defendants interpretation of Glasser and
3  Sullivan leaves out an important step.  Those cases stand
4  for the proposition that a defendant who shows an actual
5  conflict exists, which adversely affected counsel's
6  performance, need not show prejudice.  Thus a defendant
7  who shows that a conflict of interest actually affected
8  the adequacy of representation need not demonstrate
9  prejudice in order to obtain relief.
10     Here, while the Court found that Mr. Wing's
11  successive representation was a conflict of interest, the
12  issue was addressed pretrial.  And the remedy has already
13  occurred.  Defendants have new counsel.  And Mr. Wing is
14  no longer representing anyone in the related case.  In
15  addition, Mr. Wing denies obtaining any confidential
16  information during his brief period of representation of
17  the defendant Magpusao.  And the declaration of Attorney
18  Bonjour bears him out.
19     Defendants' claim of prejudice is, as the
20  government notes, sheer speculation.  And in certain
21  respects it's pure fantasy.  Defendants' statement that
22  they may have garnered cooperation agreements from the
23  government but for Mr. Wing's errors, is belied by their
24  conduct.  If it is cooperation they wanted, they picked a
25  strange way of demonstrating it; by becoming fugitives of

6

1  justice and forcing the government to engage in
2  extradition proceedings from a foreign country.
3         In sum, defendants have not demonstrated that
4  the adequacy of the representation has been affected.
5  Accordingly, the motion to dismiss the indictment is
6  denied; as is the alternative remedy of striking
7  statements of defendant Symmes.  I will not, however,
8  make the affirmative finding that the government
9  requests, except to note that to the extent the
10 defendants make a passing reference to a possible
11 subconscious relaying of information from Mr. Wing to
12 Mr. Carlberg, there is absolutely no evidence of
13 government misconduct.
14        I'll ask the government to prepare a proposed
15 summary order of denial of the defendants' motion.  And
16 you might attach a reporter's transcript, Mr. Carlberg,
17 of the Court's bench decision.
18        MR. CARLBERG:  I will do that, Your Honor.
19        THE COURT:  If you get the transcript in time,
20 could you do that within ten days, please?
21        MR. CARLBERG:  The order, yes, Your Honor.
22        THE COURT:  This case is set for jury trial on
23 September 12, 2011, with a trial confirmation hearing of
24 August 26th.  We also set a motion schedule, which all
25 parties agreed to, to be filed today.  Hearing on these

7

1  motions are scheduled to be heard June 10th.
2          I haven't read them, but I understand the
3  motions have been filed, Mr. Tedmon?
4          MR. TEDMON:  Some motions have been filed
5  yesterday.  There will be some more today.
6          THE COURT:  Also, I have declared to say a
7  complex case, with agreement of all parties, and because
8  the schedule of a trial with so many defendants is
9  difficult, please do not expect to continue -- please do
10 not expect to continue any dates we have now already
11 agreed to.
12         I mention this, Mr. Tedmon, because as defense
13 spokesperson, you may advise co-counsel when you meet
14 next.
15         MR. TEDMON:  Your Honor, what I'll do is I'll do
16 it a step better.  I will send an e-mail to all counsel
17 relaying the Court's admonishment.
18         THE COURT:  I appreciate that.
19         Anything further, Mr. Carlberg?
20         MR. CARLBERG:  No, Your Honor.  Thank you.
21         THE COURT:  Miss Hart?
22         MS. HART:  No, Your Honor.
23         THE COURT:  Mr. Tedmon?
24         MS. HART:  No, Your Honor.
25         THE COURT:  All right.  Thank you, Counsel.

8

1   Defendants are remanded.
2           (Whereupon, the proceedings were concluded.)

9

```
 1                    REPORTER'S CERTIFICATE

 2

 3   STATE OF CALIFORNIA   )
                           ) ss.
 4   COUNTY OF SACRAMENTO  )

 5

 6        I, LISA MARIE USSERY, CSR, hereby certify that I was

 7   duly appointed and qualified to take the foregoing

 8   matter;

 9        That acting as such reporter, I took down in

10   stenotype notes the testimony given and proceedings had;

11        That I thereafter transcribed said shorthand notes

12   into typewritten longhand, the above and foregoing pages

13   being a full true and correct transcription of the

14   testimony given and proceedings had.

15

16

17

18

19

20                       _____

21                       LISA MARIE USSERY, CSR
                         License No. 11534
22

23

24

25

                                                           10
```