# EXHIBIT C



WHEN RECORDED MAIL TO

Nationwide Title Clearing, Inc.
ATTN: Dusti Woodbury - CIT Unit
2100 Alt. 19 North
Palm Harbor, FL 34683

MIN: 100263195014229106

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST

| TRUSTOR(S) Name(s) and Address(es) | A: W, 5507 TOWHEE WAY SACRAMENTO, CA 95842 ("Borrower") | Lender Name and Address | The CIT Group/Consumer Finance, Inc. (a Delaware Corporation) 590 E COLORADO BLVD PASADENA PASADENA, CA 91101 ("Lender") LICENSE NO.: 603 5184 |
|---|---|---|---|
| | | Beneficiary Name and Address | MERS P.O. Box 2026 Flint, MI 48501-2026 ("Beneficiary") |

**TRUSTEE'S NAME AND ADDRESS**
MID VALLEY TITLE, 601 MAIN STREET, CHICO, CA 95928

| LOAN NUMBER | DATE | PRINCIPAL BALANCE | FINAL PAYMENT DATE |
|---|---|---|---|
| 9501422910 | 06/06/07 | $375,000.00 | 07/01/37 |

Borrower owes Lender the principal sum shown in the Principal Balance box above. This debt is evidenced by Borrower's note dated the same date as this Deed of Trust ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on the Final Payment Date shown above. The beneficiary of this Deed of Trust is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. This Deed of Trust secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications; (b) the payment of all other sums, with interest, advanced under paragraph 2 to protect the security of this Deed of Trust; and (c) the performance of Borrower's covenants and agreements under this Deed of Trust and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in Butte County, California:

SEE ATTACHED LEGAL DESCRIPTION 'EXHIBIT A'

which has the address of 2640 CEANOTHUS AVENUE, CHICO
(Street) (City)
California 95973 ("Property Address");
(Zip Code)

Together with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Deed of Trust. All of the foregoing is referred to in this Deed of Trust as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required to Lender including, but not limited to, releasing and canceling this Deed of Trust.

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property. Borrower warrants that the lien created by this Deed of Trust is a valid and enforceable lien subordinate only to easements, liens and restrictions of record as of the date of this Deed of Trust, and that during the entire term of the indebtedness

04/04/07  21:13  2045708
2-2436A (4/04) California Adjustable Rate

Initial(s) X _Auw_ X _____
THIS IS CERTIFIED TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL

652

GGG-032787

secured by this Deed of Trust Borrower will not permit this lien to become subordinate to anything else. Borrower warrants and will defend the title to the Property against all claims and demands except such easements, liens and restrictions of record as of the date of this Deed of Trust.

Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Taxes-Liens-Insurance-Maintenance.** Borrower will pay, when they are due and payable, all taxes, liens or security titles (legal claims), assessments, obligations, water rates and any other charges against the Property, whether superior or inferior to the lien or security title of this Deed of Trust, including paying Lender any costs, including outside attorney's fees incurred by Lender in defending any lawsuit by prior or later lienholders or security title holders on the Property, maintain hazard insurance and earthquake insurance on the Property in Lender's favor in a form and amount satisfactory to Lender and maintain and keep the Property in good repair at all times during the term of this Deed of Trust pursuant to paragraph 4 below. If Borrower fails to maintain the Property in good repair, Lender may enter the Property and make those repairs necessary to maintain the Property in good repair. Lender may pay any such tax, lien or security title, assessment, obligation, water rates, premium or other charge necessary to maintain the Property in good repair, or purchase such insurance in Lender's own name, if Borrower fails to do so. The amount Lender pays will be due and payable to Lender on demand, will bear an interest charge at the interest rate in effect from time to time as provided in the Note secured by this Deed of Trust if permitted by law, or, if not, at the highest lawful interest rate, will be an additional lien or security title on the Property and may be enforced and collected in the same manner as the other obligations secured by this Deed of Trust. The insurance carrier providing the insurance referred to above will be chosen by Borrower subject to Lender's approval which will not be unreasonably withheld. All insurance policies and renewals must be acceptable to Lender and must include a standard mortgagee clause. Lender will have the right to hold the policies and renewals. If Lender requires, Borrower will promptly give to Lender all receipts of paid premiums and renewal notices. In the event of a loss, Borrower will give prompt notice to the insurance carrier and Lender. Lender may file a proof of loss if not made promptly by Borrower. Proceeds from all insurance required by Lender or obtained by Borrower will be applied to the restoration or repair of the Property damaged or, at Lender's option, the insurance proceeds will be applied to the sums secured by this Deed of Trust, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within ten (10) days, a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Deed of Trust, whether or not then due. The ten (10)-day period will begin when the notice is given.

3. **Application of Payments.** Unless applicable law provides otherwise, payments shall be first applied to any prepayment charges, then to any costs and expenses incurred under this Deed of Trust, then to interest then due and then to principal.

4. **Preservation and Maintenance of Property; Leaseholds.** Borrower shall not destroy, damage or substantially change the Property, allow the Property to deteriorate or commit waste. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease, and if Borrower acquires fee title to the Property, the leasehold and fee title shall not merge unless Lender agrees to the merger in writing.

5. **Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain the insurance in effect until such time as the requirement for the insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

6. **Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

7. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Deed of Trust, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property, unless Borrower and Lender otherwise agree in writing, the sums secured by this Deed of Trust shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Deed of Trust, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the payments referred to in paragraph 1 or change the amount of such payments.

WATSON, ARTHUR
05/05/07   21:13       2046708
2-24368

THIS IS CERTIFIED TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL   X _____

GGG-032788

8. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

9. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Deed of Trust shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 15. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Deed of Trust but does not execute the Note: (a) is co-signing this Deed of Trust only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Deed of Trust; (b) is not personally obligated to pay the sums secured by this Deed of Trust; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Deed of Trust or the Note without that Borrower's consent.

10. **Loan Charges.** If the loan secured by this Deed of Trust is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

11. **Legislation Affecting Lender's Rights.** If enactment or expiration of applicable laws has the effect of rendering any provision of the Note or this Deed of Trust unenforceable according to its terms, Lender, at its option, may require immediate payment in full of all sums secured by this Deed of Trust and may invoke any remedies permitted by paragraph 17.

12. **Notices.** Any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. Borrower requests that copies of any notices of default and sale be sent to Borrower's address which is the Property Address unless otherwise indicated on the front page of this Deed of Trust. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

13. **Governing Law; Severability.** This Deed of Trust is made pursuant to the Alternative Mortgage Transactions Parity Act of 1982 and applicable regulations. Otherwise, to the extent not preempted by such Act or regulations, this Deed of Trust is governed by California law, and any other applicable law. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision. To this end the provisions of this Deed of Trust and the Note are declared to be severable.

14. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Deed of Trust.

15. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

16. **Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Deed of Trust discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Deed of Trust; or (b) entry of a judgment enforcing this Deed of Trust. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Deed of Trust and the Note had no acceleration occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Deed of Trust, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien or security title of this Deed of Trust, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unchanged. Upon reinstatement by Borrower, this Deed of Trust and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 15.

17. **Default.** If Borrower defaults in paying any part of the indebtedness secured by this Deed of Trust or if Borrower defaults in any other way, the entire unpaid principal and any accrued and unpaid interest thereon and any other amounts Borrower then owes under the loan secured by this Deed of Trust will become due, if Lender desires.

Lender may execute and record, in the Office of the Recorder of each county in which the Property or some part is located, a written notice of the default and Lender's election to sell the Property secured by this Deed of Trust. Lender may rescind the notice before the Trustee's sale by executing and recording a notice of rescission, which will cancel any prior notice of default and of any

WATSON, ARTHUR
05/05/07    21:13    2046708
2-2436C

Initial(s) X _OW_ X _____

THIS IS CERTIFIED TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL

654

acceleration of the maturity of the indebtedness affected by any prior notice of default. Lender's rescission of a notice of default will not waive any existing or subsequent default nor impair Lender's right to execute any notice of default and election to cause the Property to be sold nor otherwise affect any of Lender's rights under this Deed of Trust.

After the time required by law following the recording of the notice of default has elapsed, the Trustee may give notice of sale as then required by law and, without demand on Borrower, sell the real estate at the time and place fixed in the notice of sale either as a whole or in separate parcels in whatever order the Trustee determines, at public auction to the highest bidder for cash. The Trustee may postpone the sale from time to time by making a public announcement at the original or previously postponed time and place of sale, and without further notice, the Trustee may make such sale at the time to which the sale may be so postponed.

The Trustee will deliver to the purchaser a Trustee's deed conveying the real estate sold, but without any covenant of warranty, express or implied. Any person, including Lender, Borrower or the Trustee, may bid at the sale and purchase the real estate. The proceeds of the sale will be applied by the Trustee first, to the payment of all fees and expenses of the Trustee and of this trust; second to all sums expended by Lender under the terms of this Deed of Trust which have not been repaid, with accrued interest at the amount allowed by law; third to all other sums secured by this Deed of Trust; and any remainder to the persons legally entitled to it.

18. **Lender in Possession.** Upon acceleration under paragraph 17 or abandonment of the Property, Lender (in person, by agent or by judicially appointed receiver) shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. Any rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust.

19. **Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request the Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing debt secured by this Deed of Trust to the Trustee. Trustee shall reconvey the Property without warranty. The Trustee or Lender may charge a fee for services rendered in connection with the preparation, execution or recordation of a reconveyance, or request for a reconveyance, to the extent allowed by law. Such person or persons shall pay any recordation costs.

20. **Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Deed of Trust is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

21. **Riders to this Deed of Trust.** If one or more riders are executed by Borrower and recorded together with this Deed of Trust, the covenants and agreements of each rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Deed of Trust as if the rider(s) were a part of this Deed of Trust [Check applicable box(es)].

[X] Adjustable Rate Rider    [ ] Condominium Rider    [ ] 1-4 Family Rider

[ ] Graduated Payment Rider  [ ] Planned Unit Development Rider    [ ] Manufactured Housing Rider

[ ] Request for Copy of Notice of Default    [ ] Other(s) [specify]

22. **Statement of Obligation.** Lender may collect a fee not to exceed the maximum amount permitted by law for furnishing a Beneficiary Statement and/or a Payoff Demand Statement as provided by Section 2943 of the Civil Code of California.

23. **Transfer of Servicing.** Pursuant to California Civil Code Section 2937, if the servicing of this Deed of Trust and the indebtedness by which it secures is ever transferred from one servicing agent to another servicing agent, each such servicing agent shall inform the Borrower of the transfer prior to the creation of any obligation on the part of the Borrower to pay the new servicing agent.

WATSON, ARTHUR
05/05/07   21:13   2046708
2-24360

THIS IS CERTIFIED TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL

655

GGG-032790

By signing below, Borrower accepts and agrees to the terms and covenants contained in this Deed of Trust and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)  _____ (Seal)
ARTHUR WATSON              -Borrower                                -Borrower

_____ (Seal)  _____ (Seal)
                           -Borrower                                -Borrower

STATE OF CALIFORNIA
COUNTY OF __Butte__
On __6-10-07__ before me, __Kelly Busia, notary public__
                                        (Notary Name and Title)

personally appeared __ARTHUR WATSON__

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature __Kelly Busia__

KELLY BUSIA
COMM. # 1476664
NOTARY PUBLIC-CALIFORNIA
COUNTY OF BUTTE
Comm. Expires March 16, 2008
(Notarial Seal)

REQUEST FOR RECONVEYANCE

TO TRUSTEE:
    The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Dated: _____

06/05/07   21:13   2046708
2-2436E

THIS IS CERTIFIED TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL

656

Order Number: 0401-2814262
Page Number: 6

## LEGAL DESCRIPTION

Real property in the City of Chico, County of Butte, State of California, described as follows:

LOT 31, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "JENSEN PARK SUBDIVISION", WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON OCTOBER 13, 2005, IN BOOK 165 OF MAPS, AT PAGE(S) 21, 22, 23 AND 24..

RESERVING THEREFROM AN EASEMENT FOR INGRESS AND EGRESS AND UTILITY SERVICE LINES, INCLUDING SEWER, STORM DRAIN, WATER, GAS, ELECTRIC AND COMMUNICATION FACILITIES AS SHOWN ON SAID MAP.

APN: 016-300-031-000

*Mid Valley Title & Escrow Company* THIS IS CERTIFIED TO BE A TRUE CORRECT COPY OF THE ORIGINAL

RECORDING REQUESTED BY:
Mid Valley Title & Escrow Company

AND WHEN RECORDED MAIL TO:

A. W.
2640 Ceanothus Avenue
Chico, CA 95973

THIS IS CERTIFIED TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL

THIS SPACE FOR RECORDER'S USE ONLY:

Title Order No.: 0401-2721194                                   Escrow No.: 005655-YH

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
DOCUMENTARY TRANSFER TAX is $412.50
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Chico AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Ceanothus Traditions, Inc., a California Corporation**

hereby GRANT(s) to:

Arthur Watson, a single man

the real property in the City of Chico, County of Butte, State of California, described as:
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
Also Known as: 2640 Ceanothus Avenue, Chico, CA 95973
AP#: 016-300-031-000

DATED May 25, 2007
STATE OF CALIFORNIA
COUNTY OF Butte
On 6-12-07
Before me, Kelly Busia, notary public
A Notary Public in and for said State, personally appeared

Anthony G Symmes

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature Kelly Busia

Ceanothus Traditions, Inc., a California Corporation

By: /s/ Anthony G. Symmes

KELLY BUSIA
COMM. # 1476654
NOTARY PUBLIC-CALIFORNIA
COUNTY OF BUTTE
Comm. Expires March 16, 2008

(This area for official notarial seal)
MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

676

GGG-032811

Order Number: 0401-2814262
Page Number: 6

## LEGAL DESCRIPTION

Real property in the City of Chico, County of Butte, State of California, described as follows:

LOT 31, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "JENSEN PARK SUBDIVISION", WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON OCTOBER 13, 2005, IN BOOK 165 OF MAPS, AT PAGE(S) 21, 22, 23 AND 24.

RESERVING THEREFROM AN EASEMENT FOR INGRESS AND EGRESS AND UTILITY SERVICE LINES, INCLUDING SEWER, STORM DRAIN, WATER, GAS, ELECTRIC AND COMMUNICATION FACILITIES AS SHOWN ON SAID MAP.

APN: 016-300-031-000

THIS IS CERTIFIED TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL

Mid Valley Title & Escrow Company