JOSEPH J. WISEMAN, ESQ., CSBN 107403
JOSEPH J. WISEMAN, P.C.
　1477 Drew Avenue, Suite 106
　Davis, California 95618
　Telephone:　530.759.0700
　Facsimile:　530.759.0800

Attorney for Defendant
LEONARD WILLIAMS

EDUARDO G. ROY, ESQ., CSBN 146316
DLA Piper LLP
　555 Mission Street, Suite 2400
　San Francisco, CA 94105-2933
　Telephone:　415.615.6027
　Facsimile:　415.836.2501

Attorney for Defendant
KESHA HAYNIE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br><br>LEONARD WILLIAMS, et. al.,<br><br>　　　　　　Defendants. | Case No. CR S 08—376 EJG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO CONTINUE TRIAL**<br><br>Date:　September 2, 2011<br>Time:　1:00 p.m.<br>Ctrm:　Hon. Edward J. Garcia |

## INTRODUCTION

LEONARD WILLIAMS ("Williams") is charged with two counts of mail fraud under 18 U.S.C. § 1341 in an indictment that contains fifty counts and names several co-defendants. KESHA HAYNIE ("Haynie") is likewise charged with two counts of mail fraud under the same indictment, but under separate allegations. The indictment alleges that Williams caused deeds to be mailed in order to further a scheme of mortgage fraud,

1  which was masterminded by Garrett Gililland. Gililland is accused of devising a scheme
2  to defraud banks out of millions of dollars by obtaining inflated loans for straw buyers,
3  and keeping a portion the inflated loan proceeds for himself. The indictment alleges
4  that Haynie participated in a similar scheme with the same property developer and
5  some of the same co-defendants.

## STATEMENT OF THE LAW AND ARGUMENT

A motion for a trial continuance is directed to the sound discretion of the trial court, and reversal of a denial of a motion to continue is required if "after carefully evaluating all the relevant factors . . . the denial was arbitrary or unreasonable." *United States v. Rivera-Guerrero*, 426 F.3d 1130, 1138 (9th Cir. 2005) (quoting *United States v. Flynt,* 756 F.2d 1352, 1358 (9th Cir. 1985)).

"There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *United States v. Kloehn*, 620 F.3d 1122, 1126-1127 (9th Cir. 2010). (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)).

A trial court has wide discretion to grant or deny a motion to continue trial. *United States v. Lustig,* 555 F.2d 737, 744 (9th. Cir. 1977) (citing *Ungar,* 376 U.S. at 591). In deciding whether to grant a motion for continuance, the court should consider: (1) the extent of the defendant's diligence in preparing his defense prior to the date set for trial and when the request for continuance was filed, *Lustig,* 555 F.2d at 744; (2) the reasons a continuance is sought, *United States v. Hernandez,* 608 F.2d 741, 746 (9th Cir. 1979); (3) the general balance of convenience to the courts and the parties, *United States v. Charnay,* 577 F.2d 81, 84 (9th Cir. 1978); and (4) the extent to which the defendant will be harmed if the continuance is denied. *United States v. Long,* 706 F.2d 1044, 1053 (9th Cir. 1983); *see also Kloehn*, 620 F.3d at 1127.

On June 17, 2010, Williams and Haynie were named in a second superseding indictment, charged with two counts of mail fraud respectively. On June 21, 2010,

Williams defense counsel requested discovery pursuant to Local Rule 16-500. On June 30, 2010, Haynie's defense counsel requested discovery pursuant to Local Rule 16-500.

On July 9, 2010, the government released to the defense the first batch of discovery, divided and labeled as GGG-00001 – GGG-070368 and GGG-LEO-0001 – GGG-LEO-0398. These included thousands of pages of loan applications and dozens of witness statements.

Over one year later, the government has released a voluminous amount of further discovery. Specifically, on **August 19, 2011**, the government sent Williams' and Haynie's counsel each an additional four disks of discovery. One disk contains copies of documents labeled GGG-072400 through GGG-072634, and GGG-LEO-0492 through GGG-LEO-0863. Another disk contained phone records, and two more disks contained approximately **16 hours** of recorded conversations of subjects such as straw buyers and employees of third party mortgage and escrow companies apparently related to the charges.

On **August 26, 2011**, at the trial confirmation hearing, Judge Garcia ordered that the government turn over any additional discovery to be used at trial by September 5, 2011. Four days later, on **August 30, 2011**, the government sent Williams' and Haynie's counsel each a further massive amount of electronic discovery on five disks, consisting of **16,539** emails[1] pertaining to witnesses who will be called at trial, as well as computer logs. Many emails are related to real estate transactions and many contain attachments, which will also have to be read to determine if they relate in any way to defendants Williams or Haynie, or to their respective businesses, or to the properties at issue in this case. This batch of discovery also included a CD ROM of the AOL account of one of the government's key witnesses. There appears to be more than **300 emails**, none of which the defendants have been able to open yet, as well as IP logs and photographs related to this AOL account.

---

[1] This figure does not include emails contained in one 1.9 GB file, which defendants have not been able to open. The defendants believe that a file of this size would contain approximately 5,000 email messages.

On **August 31, 2011**, the government sent Williams' and Haynie's counsel each yet another disk containing 619 pages of documents, including loan documents and real estate licensing information relating to the defendants, co-defendants, and potential witnesses.[2]

The court has set **September 1, 2011** as the cut off date for motions in limine. However, it is impossible for the defense to adequately prepare these motions with the voluminous amount of discovery the government has handed over the just the last few days.

The defendants and their lawyers have been diligent in preparing this case for trial. They have gone over in detail the discovery provided prior to this month, and have made a good faith attempt thus far to wade through the current amounts of discovery. Williams' defense counsel has retained an investigator to interview witnesses, and has had many meetings with the defendant and investigator regarding the evidence against the defendant. The defendants' lawyers have also prepared and argued pretrial motions, including motions to exclude evidence and for the early production of Jencks material.

Many of the documents provided in the latest production of discovery appear to have been in the government's possession since early in the investigation. For example, the e-mails that the government produced on August 30, 2011 are dated from 2006 to 2008.

Because the recent production of discovery effectively doubles the amount of discovery in this case, which counsel had previously had a year to review, counsel will be unable to provide defendants with a constitutionally adequate defense without a continuance of the trial. The case involves allegations of two separate schemes involving dozens of people, some charged, some charged separately, some not charged at all. The discovery provides further information on dozens of these individuals, revealing new potential witnesses against the defendants as revealed through their statements, new

---

[2] Some of the documents are statements from recent witness interviews and the defendants do not object to the timely production of such statements. These interviews amount to approximately 40 pages of the discovery.

information for impeaching witnesses, and new potential 404(b) information which the defense would move to keep out. Without a continuance, it will be impossible for defendants to determine before the upcoming trial if this new discovery is inculpatory, exculpatory and covered by *Brady*, Jencks material, or wholly irrelevant to the case.

## CONCLUSION

Without a continuance to fully examine the vast amount of the government's most recent evidence, counsel will be unable to provide the defendants with a constitutionally adequate defense. Therefore, the Court should grant the defendants' joint motion to continue the trial.

Dated: August 31, 2011  
Respectfully submitted,

JOSEPH J. WISEMAN, P.C.

By: ___/s/ Joseph J. Wiseman___  
JOSEPH J. WISEMAN  
Attorney for Defendant  
LEONARD WILLIAMS

By: ___/s/ Eduardo G. Roy___  
EDUARDO G. ROY  
Attorney for Defendant  
KESHA HAYNIE