1 BENJAMIN B. WAGNER
United States Attorney
2 RUSSELL L. CARLBERG
Assistant U.S. Attorney
3 501 I Street, Suite 10-100
Sacramento, California 95814
4 Telephone: (916) 554-2700



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. S-08-376 EJG |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO CONTINUE TRIAL DATE |
| LEONARD WILLIAMS, et al., | Hearing: June 10, 2011 |
| Defendant(s). | Judge: Hon. Edward J. Garcia |

The government is prepared to go to trial on September 12 and would prefer that trial date. Continuing the trial date is a matter within the Court's discretion. Given the defense's claim that it needs more time to verify that the materials produced since August 19 are not relevant, the government would not oppose a continuance of the trial date if the Court is inclined to do that. The government has conferred with Joseph Wiseman and Eduard Roy and has suggested a trial date of either September 26 or October 3, which appear to be available dates for the Court. The government prefers September 26. That said, the government wishes to correct the overall impression left by the defendants' brief.

Much of the material the defense complains about is the Jencks material that the defense itself requested production of two weeks before trial. The government kept its promise to do that. The bulk of this material was produced on August 19, one week before the trial confirmation hearing of August 26, 2011. That August 19 production included the 16 hours of audio recordings of subjects in Southern

1  California and elsewhere. The government included a letter explaining that these materials were simply
2  Jencks and potential Giglio in the unlikely event that defendant Gililland testified, as some of the
3  people recorded had business dealings with Gililland. The subjects recorded by the case agent and a
4  cooperator would never be called by the government as witnesses. Having this material in hand, the
5  defense did not request a continuance at the Trial Confirmation Hearing. Rather, knowing that the
6  motions in limine deadline was September 2, 2001, the defense actually agreed to a discovery cut-off
7  date of September 5, 2011, after the motions filing date. The government has been working to meet
8  that deadline.

9       The emails the defense complains about really do not pertain to "witnesses who will be called at
10 trial." A few irrelevant emails pertain to one witness who may testify: Tony Symmes. Symmes
11 essentially does not use email for business purposes. The remaining individuals are people who would
12 not testify. Most of them are people in Southern California involved in other mortgage fraud. At best,
13 this material would only be potentially relevant as Giglio material on defendant Gililland in the unlikely
14 event he were called to testify in the government's rebuttal case.

15      The remainder of the items produced include a loan file that duplicates what the defense already
16 knew about the transaction from the escrow file (which contains the final loan paperwork signed at the
17 title company). It is true that the government produced 11 pages of certified public records from the
18 California Department of Real Estate to confirm what defendants already know: they are licensed real
19 estate agents.

BENJAMIN B. WAGNER
United States Attorney

Date: September 1, 2011

     */s/ Russell L. Carlberg*
By: RUSSELL L. CARLBERG
Assistant United States Attorney

2