IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

---oOo---

BEFORE THE HONORABLE EDWARD J. GARCIA, JUDGE

---oOo---

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                      No. CR. S-08-376

GARRET GILILLAND, WILLIAM
BAKER, BRANDON RESENDEZ,
LEONARD WILLIAMS, NICOLE
MAGPUSAO, KESHA HAYNIE, and
REMY HENG,

        Defendants.

_____/

---oOo---

REPORTER'S TRANSCRIPT

STATUS CONFERENCE

FRIDAY, MARCH 18, 2011

---oOo---

Reported by:     KELLY O'HALLORAN, CSR #6660

APPEARANCES

For the Plaintiff:

    BENJAMIN B. WAGNER
    United States Attorney
    501 I Street, Suite 10-100
    Sacramento, CA  95814
    BY:  R. STEVEN LAPHAM
       Assistant U.S. Attorney

For the Defendant Garret Gililland:

    LAW OFFICES OF SCOTT L. TEDMON
    1050 Fulton Avenue, Suite 218
    Sacramento, CA  95825
    BY:  SCOTT L. TEDMON

For the Defendant William Baker:

    FEDERAL DEFENDER
    801 I Street, Third Floor
    Sacramento, CA  95814
    BY:  DOUGLAS J. BEEVERS

For the Defendant Brandon Resendez:

    PETER KMETO
    ATTORNEY AT LAW
    1007 7th Street
    Sacramento, CA  95814
    BY:  PETER KMETO

For the Defendant Leonard Williams:

    WISEMAN LAW GROUP, PC
    1477 Drew Avenue, Suite 106
    Davis, CA  95616
    BY:  JOSEPH J. WISEMAN

For the Defendant Nicole Magpusao:

    LAW OFFICE OF KRISTA HART
    428 J Street, Suite 350
    Sacramento, CA  95814
    BY:  KRISTA HART

For the Defendant Kesha Haynie:

    DLA PIPER LLP
    555 Mission Street, Suite 2400
    San Francisco, CA  94105
    BY:  EDUARDO G. ROY

For the Defendant Remy Heng:

    SARIA & SARIA
    11344 Coloma Road, Suite 110
    Gold River, CA 95670
    BY:  ROBERT J. SARIA

1                    SACRAMENTO, CALIFORNIA

2              FRIDAY, MARCH 18, 2011, 10:00 A.M.

3                           ---oOo---

4          THE CLERK:  Calling Criminal S-08-376; United States

5    versus Garret Gililland, William Baker, Brandon Resendez,

6    Leonard Williams, Nicole Magpusao, Kesha Haynie, and Remy

7    Heng.

8          MR. LAPHAM:  Good morning, your Honor.  Steve Lapham

9    for the United States.  I'm standing in for Russell Carlberg

10   who is in Judge Burrell's court on another matter.

11         THE COURT:  Mr. Lapham.

12         MR. TEDMON:  Good morning, your Honor.  Scott Tedmon

13   representing Garret Gililland who is present in custody.

14         THE COURT:  Mr. Tedmon.

15         MR. BEEVERS:  Doug Beevers on behalf of William Baker.

16   Your Honor, he has a Rule 43 waiver on file.  And he has

17   agreed to allow me to commit to trial dates.  I'm not sure, I

18   believe that may be a mistake on my part.

19         THE COURT:  I think it is.  A defendant has to be

20   present on the date that we set a trial date in case I have

21   to issue a warrant for him.

22         MR. BEEVERS:  Yes, your Honor.  I could have him here

23   next week to officially hear the trial dates that we're

24   trying to pick out.

25         THE COURT:  Okay.  We'll calendar your case alone just

1  for that purpose.
2          MR. BEEVERS:  Thank you, your Honor.
3          MR. KMETO:  Pete Kmeto on behalf of Mr. Resendez, your
4  Honor.  He also has a waiver.  And could we calendar it with
5  Mr. Beevers?
6          THE COURT:  Yes.  Mr. Kmeto.
7          MR. WISEMAN:  Good morning, your Honor.  Joseph
8  Wiseman on behalf of Leonard Williams who is present in
9  court.
10         THE COURT:  Mr. Wiseman.
11         MS. HART:  Good morning, your Honor.  Krista Hart on
12 behalf of Nicole Magpusao who is present in custody.
13         THE COURT:  Ms. Hart.
14         MR. ROY:  Good morning, your Honor.  Eduardo Roy from
15 DLA Piper and representing Ms. Kesha Haynie who is present in
16 court.
17         THE COURT:  Mr. Roy.
18         MR. SARIA:  Robert Saria for Mr. Remy Heng who is
19 present in court.
20         THE COURT:  Mr. Saria.  Mr. Lapham, there were
21 originally ten defendants on this indictment.  My notes
22 indicate that three have pled out.  Is that correct?
23         MR. LAPHAM:  I believe that's correct, your Honor.
24         THE COURT:  Okay.  Mr. Tedmon, what do you have to
25 report?

1    MR. TEDMON:  Your Honor, pursuant to discussions with
2  the government and all defense counsel, we are prepared to
3  set the case for trial and also establish a briefing
4  schedule.  As far as trial goes, however, the case is going
5  to be split into two groups at the government's request.
6         THE COURT:  I'm not so sure I want to do that.  What's
7  the schedule that you're talking about?
8         MR. TEDMON:  The schedule as far as the trial goes,
9  this being proposed for group one at least.
10        THE COURT:  Oh, I thought you had motions schedules.
11        MR. TEDMON:  I do.  Do you want me to cover that
12 first, Judge?
13        THE COURT:  Yes.
14        MR. TEDMON:  Defense motions would be due April 22nd.
15 Government response May 27th.  Defense reply June 3rd.  And
16 non-evidentiary hearing June 10th at 10:00 a.m.
17        THE COURT:  What date for the hearing?
18        MR. TEDMON:  June 10th.
19        THE COURT:  Okay.  Give me just a minute, please.  Is
20 the motion schedule agreeable with you, Mr. Lapham?
21        MR. LAPHAM:  Yes, your Honor.
22        THE COURT:  Mr. Beevers.
23        MR. BEEVERS:  Yes, your Honor.
24        THE COURT:  Mr. Kmeto.
25        MR. KMETO:  Yes.

```
1            THE COURT:  Mr. Wiseman.
2            MR. WISEMAN:  Yes, your Honor.
3            THE COURT:  Ms. Hart.
4            MS. HART:  Yes, your Honor.
5            THE COURT:  Mr. Roy.
6            MR. ROY:  Yes, your Honor.
7            THE COURT:  Mr. Saria.
8            MR. SARIA:  Yes.
9            THE COURT:  All right.  Now, tell me this problem
10   about the trial.  I only want to try this case once.
11            MR. TEDMON:  Your Honor, the problem is that we have
12   talked to all counsel in terms of scheduling and what's
13   available.
14            THE COURT:  Just a minute.  That's no reason to split
15   it.  I'll replace counsel if they can't all agree on the same
16   date.
17            MR. TEDMON:  Okay.  Then let me start here.  The date
18   we targeted was September 12th of this year.
19            THE COURT:  Okay.
20            MR. TEDMON:  And that date fits everyone's schedule as
21   I understand, other than Mr. Wiseman's schedule who
22   represents Leonard Williams.  Everybody else I think is
23   available for September the 12th.
24            THE COURT:  Okay.  If we schedule the trial for
25   September 12, I'll schedule a trial confirmation hearing
```

1    about two weeks before that.
2         THE CLERK:  August 26th.
3         THE COURT:  I'll schedule the trial confirmation
4    hearing for August 26th.  And that will be the last date on
5    which the Court will entertain a negotiated plea.  After
6    August 26th, the case will go to trial or defendants will
7    plead to the sheet.  But not on the day of trial, because it
8    costs around $4,000 in this district to convene a panel for a
9    jury trial.  I'll sanction defense counsel if they try to
10   plead out on the date of trial if I have to send a jury home.
11        Now, is that the only problem you had as to why you
12   were trying to bifurcate the trial, Mr. Tedmon?
13        MR. TEDMON:  Yes.  And Mr. Carlberg was trying to
14   accommodate that by splitting the case into two groups.
15   Other than that, that was the only issue.
16        THE COURT:  Okay.  I only want to try the case once.
17   Mr. Wiseman, you're appointed?
18        MR. WISEMAN:  Your Honor, I am appointed.  The only
19   conflict that I have is I'm scheduled to start a trial before
20   Judge Shubb on the 20th of September.  I expect that to go.
21   Nobody has resolved the case yet.  It may resolve.  If the
22   Court wishes me to start trial in this case on the 12th, I'll
23   accommodate the Court.  Although I do understand from the
24   government that this trial will be about four weeks.
25        THE COURT:  That's why I don't want to try it twice.

1    MR. WISEMAN: Understood. So I will be happy to
2 communicate the problem with Judge Shubb, and perhaps I can
3 get that Le case postponed.
4    THE COURT: Okay. I will go along with that for now,
5 Mr. Wiseman. My experience is, and stats show, that
6 97 percent of the cases, criminal cases, filed in this court
7 don't go to trial.
8    MR. WISEMAN: I am aware of that, your Honor. And
9 moreover, the case before Judge Shubb, I believe, is a more
10 recent case than this, so presumably this has precedent over
11 the Le case.
12    THE COURT: Okay. So what you can work out. And give
13 us enough time in case we have to substitute counsel in.
14 Okay?
15    MR. WISEMAN: Very well.
16    THE COURT: The trial date will be scheduled then for
17 September 12, 2011, commencing at 9:00 a.m. And the Court
18 will find excludable time from today to that date if counsel
19 will so stipulate. Mr. Tedmon.
20    MR. TEDMON: Yes, your Honor. Stipulate.
21    THE COURT: Mr. Beevers.
22    MR. BEEVERS: Stipulate, your Honor.
23    THE COURT: Mr. Kmeto.
24    MR. KMETO: So stipulated, your Honor.
25    THE COURT: Mr. Wiseman.

1        MR. WISEMAN:  Yes, your Honor.  Stipulated.
2        THE COURT:  Ms. Hart.
3        MS. HART:  Yes, your Honor.
4        THE COURT:  Mr. Roy.
5        MR. ROY:  Stipulated, your Honor.
6        THE COURT:  Mr. Saria.
7        MR. SARIA:  Stipulated, your Honor.
8        THE COURT:  Okay.  That will be the order then.  As
9   far as motions are concerned, can you give me any idea of
10  what type of motions defense has in mind, Mr. Tedmon?
11       MR. TEDMON:  Your Honor, I don't think this is really
12  a motions heavy case.  The motions that may come up relate to
13  the indictment and the way it's been pled.  That's a
14  possibility.  I don't believe there are any severance issues,
15  although I don't want to speak for everyone, but I haven't
16  heard that.  I don't believe there will be search warrant
17  challenges.  So I think it will be mainly indictment related
18  from my understanding.
19       THE COURT:  Okay.  In the event an evidentiary hearing
20  is required, we'll send out a notice to all counsel the
21  Wednesday before the hearing date as to whether or not I'll
22  hear evidentiary witnesses also on June 10th.  Okay?
23       MR. TEDMON:  That's fine, your Honor.
24       THE COURT:  Any of the defense counsel object to that?
25       MR. BEEVERS:  No, your Honor.

1           MR. KMETO:  No.
2           MS. HART:  No.
3           THE COURT:  Apparently not.  All right.  Anything else
4  for now, Mr. Saria?
5           MR. SARIA:  No, thank you.
6           THE COURT:  Mr. Roy.
7           MR. ROY:  No, your Honor.
8           THE COURT:  Ms. Hart.
9           MS. HART:  No, your Honor.
10          THE COURT:  Mr. Wiseman.
11          MR. WISEMAN:  No, your Honor.
12          THE COURT:  Mr. Kmeto.
13          MR. KMETO:  No, your Honor.
14          THE COURT:  Mr. Beevers.
15          MR. BEEVERS:  Just, your Honor, to set next week for
16  my client to appear.
17          THE COURT:  You got it.  10:00 a.m., defendant to
18  appear.  Mr. Tedmon, anything else to take up?
19          MR. TEDMON:  No, your Honor.
20          THE COURT:  Mr. Lapham.
21          MR. LAPHAM:  And that's good for Mr. Kmeto's client as
22  well, setting it for status next Friday?
23          MR. KMETO:  It is.
24          THE COURT:  Okay.  You know, there's some confusion on
25  some of these waivers as to whether a defendant has to be

1  present.  And I kick most of them back.  But what's usually
2  missing from them is that you ask me to sign off that a
3  defendant doesn't have to be present for trial setting, for
4  example, or for trial confirmation, for example, and things
5  like that, and for motions.  But in any event, both
6  Mr. Kmeto's case and Mr. Beevers' case will be calendared for
7  next week at 10:00 o'clock.
8          MR. KMETO:  Thank you.
9          THE COURT:  Thank you, counsel.
10         MR. LAPHAM:  Thank you.
11         (Proceedings were concluded.)

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Kelly O'Halloran

KELLY O'HALLORAN, CSR #6660