BENJAMIN B. WAGNER
United States Attorney
RUSSELL L. CARLBERG
Assistant U.S. Attorneys
501 I Street, Ste 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. CR S 08-376 EJG |
|---|---|
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud and Wire Fraud (1 Count); 18 U.S.C. § 1957 - Money Laundering (2 counts); 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. 2461(c) - Criminal Forfeiture |
| v. | |
| LEONARD WILLIAMS, and JOSHUA CLYMER, | |
| Defendants. | |

T H I R D   S U P E R S E D I N G   I N D I C T M E N T

COUNT ONE: [18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud and Wire Fraud]

The Grand Jury charges:

LEONARD WILLIAMS, and
JOSHUA CLYMER,

defendants herein, as follows:

I. INTRODUCTION

At all times relevant to this Third Superseding Indictment:

1. Defendant LEONARD WILLIAMS resided in Sacramento County, in the State and Eastern District of California.

1

2. Defendant JOSHUA CLYMER resided in Sacramento County, in the State and Eastern District of California.

3. Defendants LEONARD WILLIAMS and JOSHUA CLYMER were real estate salespersons licensed in the State of California.

4. Defendant LEONARD WILLIAMS, having acquired an entity incorporated in Wyoming called Diamond Hill Financial, Inc. ("Diamond Hill"), caused Diamond Hill to be qualified to transact intrastate business in California with the Secretary of State of California on or about December 3, 2004. Defendant WILLIAMS served as President, Chief Executive Officer, Secretary, and agent for service of process of Diamond Hill. Diamond Hill purported to provide financial management consulting services to its clients.

5. On or about April 11, 2007, defendant LEONARD WILLIAMS organized and caused to be incorporated in California an entity known as Bay Area Real Estate Holdings, LLC ("Bay Area Real Estate"), listing defendants WILLIAMS and CLYMER as two members of the LLC with equal percentage interests in the entity.

6. Diamond Hill maintained a bank account at U.S. Bank, for which defendant WILLIAMS was a signatory. Defendant WILLIAMS used this account to receive funds from the scheme and to disburse proceeds of the scheme.

7. Bay Area Real Estate maintained a business bank account at U.S. Bank, for which defendants WILLIAMS and CLYMER were joint signatories. Defendant WILLIAMS used this account to receive funds from the scheme and to disburse proceeds of the scheme.

8. Defendants LEONARD WILLIAMS and JOSHUA CLYMER acted as business partners, with defendant WILLIAMS often providing loan brokering services and defendant CLYMER often acting as the real

estate salesperson. Defendants WILLIAMS and CLYMER jointly maintained a business location on Watt Avenue, in Sacramento, California.

9. Defendants WILLIAMS and CLYMER used Diamond Hill and Bay Area Real Estate to operate a property flipping scheme that included, among other things: acquiring properties in the name of Diamond Hill or Bay Area Real Estate; often re-selling the properties the same day for as much as $100,000 over the acquisition price to individuals whom defendants recruited as investors and straw purchasers; arranging mortgage loans for purchasers that included materially false statements concerning income, employment history, assets, and intent to occupy the properties as primary residence; and providing funds back to the purchasers outside of escrow while concealing these payments from the lenders making the loans.

## II.  OBJECTS OF THE CONSPIRACY

10. Beginning not later than in or about October 2006 and continuing through in or about August 2008, in the State and Eastern District of California, and elsewhere, defendants LEONARD WILLIAMS and JOSHUA CLYMER did knowingly and intentionally combine, conspire, confederate, and agree with each other and with others known and unknown to the grand jury to commit certain offenses against the United States, to wit:

    a. to attempt to execute and to execute a material scheme and artifice to defraud, and to use materially false and fraudulent pretenses, representations, and promises, in order to obtain funds from lenders and participants in the secondary loan market, and for the purpose of executing such scheme to cause mail matter to be deposited and sent by private and commercial

|     |                                                                                  |
| --- | -------------------------------------------------------------------------------- |
|  1  |              interstate carriers, in violation of Title 18, United               |
|  2  |              States Code, Section 1341;                                          |
|  3  |        b.    to attempt to execute and to execute a material scheme              |
|  4  |              and artifice to defraud, and to use materially false               |
|  5  |              and fraudulent pretenses, representations, and                      |
|  6  |              promises, in order to obtain funds from lenders and                 |
|  7  |              participants in the secondary loan market, and for the              |
|  8  |              purpose of executing such scheme to knowingly transmit              |
|  9  |              and cause to be transmitted by means of wire                        |
| 10  |              communication in interstate commerce certain writings,              |
| 11  |              signs, signals, pictures and sounds, in violation of                |
| 12  |              Title 18, United States Code, Section 1343;                         |

13  11. An object of the scheme was to obtain money and property to
14 which defendants were not entitled.

### III.  WAYS AND MEANS

16  The principal ways and means by which the scheme was accomplished
17 were as follows:

18  12. Between in or about October 2006 through in or about
19 August 1, 2008, defendants LEONARD WILLIAMS, JOSHUA CLYMER, and others
20 known and unknown to the Grand Jury, recruited various individuals,
21 including family members, investors and straw or nominal purchasers,
22 to purchase residential real properties, in various communities in the
23 State and Eastern District of California, including those listed
24 below:

| Property Description | Purchaser |
| --- | --- |
| 864 Gidda Loop<br>Yuba City, California | A.W. |

| Property Description | Purchaser |
|---|---|
| 3332 X Street Sacramento, California | C.W. |
| 7320 Florinda Way Sacramento, California | C.T. |
| 6539 Lang Avenue Sacramento, California | C.T. |
| 2728 Norcross Drive Sacramento, California | C.W. |
| 2640 Ceanothus Avenue Chico, California | A.W. |
| 3294 Rockin M Drive Chico, California | A.W. |
| 4824 Baker Avenue Sacramento, California | J.F. |
| 2976 Trap Rock Way Sacramento, California | J.R. |
| 115416 Linday Way Gold River, California | L.C. |
| 5548 Woodforest Drive Sacramento, California | A.P. |

13. Defendant LEONARD WILLIAMS, defendant JOSHUA CLYMER, and others known and unknown to the Grand Jury, orchestrated and otherwise participated in the real estate transactions described above.

14. Defendant LEONARD WILLIAMS, defendant JOSHUA CLYMER, and others known and unknown to the Grand Jury, often using the entities Bay Area Estate and Diamond Hill, first acquired many of the properties described in paragraph 12. They then immediately re-sold the properties at substantially higher prices to the purchasers identified in paragraph 12.

15. Defendants arranged for the sellers (usually Bay Area Real Estate or Diamond Hill) to credit back to the purchasers thousands of dollars after the close of escrow from the sellers' proceeds.

16. Defendants then split amongst themselves the remainder of the difference between the acquisition price and sale price of the properties.

17. Defendants LEONARD WILLIAMS, JOSHUA CLYMER, and others known and unknown to the Grand Jury, deliberately caused the credits back to purchasers to be concealed from the lenders by not disclosing them in purchase agreements, by concealing them from appraisers, by concealing them from escrow companies, and by not disclosing the credits on HUD-1 settlement statements.

18. Defendant LEONARD WILLIAMS, defendant JOSHUA CLYMER, and others known and unknown to the Grand Jury: assisted in obtaining mortgage loans to finance the transactions described in paragraph 12 above; caused materially false loan applications to be prepared on behalf of the purchasers using personal information obtained from them; submitted other false documents to mortgage lenders in connection with the real property transactions; and provided false verifications to lenders. Such loan applications and other documents submitted to mortgage lenders contained materially false representations and omissions, including false representations and omissions about the borrowers' monthly income and/or employment, the borrowers' intent to occupy the property as a primary residence, the borrowers' assets and/or liabilities, and the true price of the real properties.

19. Defendants LEONARD WILLIAMS, JOSHUA CLYMER, and others known and unknown to the Grand Jury, caused county recorder's offices to send deeds of trust to lenders and loan servicers via the United States mail in connection with the financing and purchase of the properties described in paragraph 12.

1  20.  Defendants LEONARD WILLIAMS, JOSHUA CLYMER, and others known
2  and unknown to the Grand Jury, caused funds to be sent via interstate
3  wire in connection with the financing and purchase of the properties
4  described in paragraph 12.
5  All in violation of Title 18, United States Code, Section 1349.
6  COUNTS TWO AND THREE:   [18 U.S.C. § 1957 - Money Laundering]
7       The Grand Jury further charges:

               LEONARD WILLIAMS, and
               JOSHUA CLYMER,

10  defendants herein as follows:
11       1.  The Grand Jury realleges and incorporates by reference
12  the allegations set forth in paragraphs 1-20 of Count One of this
13  Third Superseding Indictment.
14       2.  On or about the dates set forth below, in the State and
15  Eastern District of California, the defendants identified below, did
16  knowingly engage in monetary transactions as set forth below, each of
17  which was by, through, and to a financial institution affecting
18  interstate and foreign commerce, in criminally derived property of a
19  value greater than $10,000, such property having been derived from
20  specified unlawful activity, that is, Mail Fraud, in violation of
21  Title 18, United States Code, Section 1341; and Wire Fraud, in
22  violation of Title 18, United States Code, Section 1343:

| COUNT | DATE | MONETARY TRANSACTION | Defendant(s) |
|---|---|---|---|
| 2 | 08/05/08 | Check for $11,599.07 from Bay Area Real Estate Holdings LLC U.S. Bank account ending in #7944 deposited to U.S. Bank account ending in #8373. | WILLIAMS |

7

| COUNT | DATE | MONETARY TRANSACTION | Defendant(s) |
|---|---|---|---|
| 3 | 08/07/08 | Check for $16,599.07 from Bay Area Real Estate Holdings LLC U.S. Bank account ending in #7944 deposited to SAFE Credit Union account ending in #3742 | WILLIAMS CLYMER |

All in violation of Title 18, United States Code, Sections 2 and 1957.

<u>FORFEITURE ALLEGATION</u>: [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) - Criminal Forfeiture]

    1. Upon conviction of the offenses alleged in Count One of this Third Superseding Indictment, defendants LEONARD WILLIAMS and JOSHUA CLYMER shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violation, including but not limited to a sum of money equal to the amount of proceeds obtained as a result of the offense, for which defendants are convicted.

    2. Upon conviction of one or more of the offenses alleged in Counts Two and Three of this Third Superseding Indictment, defendants LEONARD WILLIAMS and JOSHUA CLYMER shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real or personal, involved in such violations, and any property traceable to such property, including but not limited to: a sum of money equal to the total amount of money involved in each offense for which defendant is convicted.

    3. If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Three of this third Superseding Indictment:

        (a) cannot be located upon the exercise of due

    diligence;

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the court;

  (d) has substantially diminished in value; or

  (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

FOREPERSON

*Benjamin Wagner* (signature)
BENJAMIN B. WAGNER
United States Attorney

# UNITED STATES DISTRICT COURT

Eastern District of California

Criminal Division

---

THE UNITED STATES OF AMERICA

vs.

LEONARD WILLIAMS and JOSHUA CLYMER

---

## INDICTMENT

**VIOLATION(S):** 18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud and Wire Fraud (1 count); 18 U.S.C. § 1957 - Money Laundering (2 counts); 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) - Criminal Forfeiture

---

*A true bill,*

/s/
_____
Foreman.

---

Filed in open court this __23rd__ day

of __February__, A.D. 20 _12_

_____ P Buzz
Clerk.

---

**NO PROCESS NECESSARY** — Leonard Williams

Bail, $ _____

**NO BAIL WARRANT PENDING HEARING** — Joshua Clymer

GPO 863 525

PENALTY SLIP

**DEFENDANT:**         LEONARD WILLIAMS
                      JOSHUA CLYMER

**COUNT ONE**
**VIOLATION:**         18 U.S.C. § 1349 - Conspiracy to Commit
                      Mail Fraud and Wire Fraud

**PENALTY:**           Not more than 20 years imprisonment,
                      not more than $250,000 fine, or both.
                      Not more than 3 years supervised release.


**COUNTS TWO THROUGH THREE**
**VIOLATION:**         18 U.S.C. § 1957 - Money Laundering

**PENALTY:**           Not more than 10 years imprisonment,
                      not more than a $250,000 fine, or both.
                      Not more than 3 years supervised release.


**VIOLATION:**         18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) -
                      Criminal Forfeiture

**PENALTY:**           Criminal forfeiture of Money or property is subject
                      to proof in a separate proceeding immediately
                      following conviction at a criminal trial on Counts 1-3


**PENALTY ASSESSMENT:**   $100.00 assessment (each count)