**JOSEPH J. WISEMAN, ESQ., CSBN 107403**
**WISEMAN LAW GROUP, P. C.**
   **1477 Drew Avenue, Suite 106**
   **Davis, California 95618**
   **Telephone:  530.759.0700**
   **Facsimile:   530.759.0800**

**Attorney for Defendant**
LEONARD WILLIAMS

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.:  CR-S 08-0376 WBS |
| Plaintiff, | **DEFENDANT'S TRIAL BRIEF** |
| vs. | Trial Date: July 8, 2014 |
| LEONARD WILLIAMS, | Time:  9:00 a.m. |
| Defendant. | Ctrm: Hon. William B. Shubb |

Defendant, LEONARD WILLIAMS ("Williams"), by and through undersigned counsel, submits the following Trial Brief.

## I.  INTRODUCTION

Williams is charged in the Third Superseding Indictment in Count One with Conspiracy to Commit Mail Fraud and Wire Fraud in violation of 18 U.S.C. § 1349; and in Counts Two and Three with Money Laundering in violation of 18 U.S.C. § 1957.

It is alleged that Williams operated Bay Area Real Estate with co-defendant

WISEMAN LAW GROUP, P. C.
1477 Drew Avenue, Suite 106
Davis, CA  95618
Telephone:  530.759.0700

Joshua Clymer[1], and that Williams owned and operated Diamond Hill Financial. It is further alleged that Williams and Clymer used Diamond Hill and Bay Area Real Estate to operate a property-flipping scheme. Specifically, the Indictment alleges that Williams and Clymer conspired to use Diamond Hill and/or Bay Area Real Estate to acquire eleven separate properties, and then immediately sell each property at a much higher price to individuals recruited as investors and straw purchasers. It further alleges that Williams and Clymer arranged for the straw purchasers to obtain mortgage loans with documentation that included materially false information, and Williams and Clymer arranged that the straw buyers would get money back outside of escrow as a credit.

**A.    Conspiracy to Commit Mail and Wire Fraud (18 U.S.C. § 1349)**

18 U.S.C. § 1349 states "[a]ny person who attempts or conspires to commit any offense under this chapter (18 USCS § 1341 *et seq.*) shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

The general elements of conspiracy are (1) an agreement between two or more persons to commit at least one crime as charged in the indictment; and (2), the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it. *See* 9th Circuit Jury Inst. 8.20; *United States v. Simpson,* 741 F.3d 539, 547 (5th Cir. 2014) ("The elements of conspiracy under 18 U.S.C. § 1349 are: (1) two or more persons made an agreement to commit an unlawful act; (2) the defendant knew the unlawful purpose of the agreement; and (3) the defendant joined in the agreement willfully, with the intent to further the unlawful purpose.")

---

[1] Clymer has pleaded guilty and is expected to be a key prosecution witness. The Government has advised the defense that it expects to call, Anthony Symmes, another cooperation witness who allegedly was the source of some of the properties identified in the Indictment.

An additional element in conspiracy cases may be an overt act in furtherance of the conspiracy. *See United States v. McHenry*, 952 F.2d 328, 330 (9th Cir. 1991). Courts have held, however, that this element is only applicable if the statute requires proof of an overt act, *e.g.*, 18 U.S.C. § 371 (first clause) or 18 U.S.C. § 1511(a) (conspiracy to obstruct state or local law enforcement) *See* 9th Circuit Jury Inst. 8.20.  It is not applicable when the charged statute does not require proof of an overt act. *See United States v. Fishman*, 645 F.3d 1175, 1186 (10th Cir. 2011); *United States v. Jones,* 733 F.3d 574, 584 (5th Cir. 2013).

The instant Indictment charges Williams with conspiracy to commit mail and wire fraud. The elements of mail and wire fraud are: (1) proof of a scheme or artifice to defraud, and (2) using or causing the use of the mails or wires in order to further the fraudulent scheme. *United States v. Manion*, 339 F.3d 1153, 1156 (9th Cir. 2003); *see also United States v. Lothian*, 976 F.2d 1257, 1262 (9th Cir. 1992) (noting that the elements of mail and wire fraud are the same). The Ninth Circuit jury instructions require the Government to prove (1) that the defendant knowingly participated in a scheme to defraud; (2) that the statements made or omitted were material; (3) that the defendant acted with the intent to defraud; and (4) that the defendant used or caused to be used the mails/wires. 9th Cir Crim. Jury Inst. 8.121 (2012).

     i. *Intent to Defraud.*

The Government must show a specific intent to defraud. *Id.* "It is necessary to show willful participation in a scheme with knowledge of its fraudulent nature and with intent that these illicit objectives be achieved." *Id.* (quoting *United States v. Price*, 623 F.2d 587, 591 (9th Cir. 1980), *overruled on other grounds by United States v. de Bright*, 730 F.2d 1255 (1984)). An honest, good-faith belief in the truth of the misrepresentations may negate intent to defraud, although an honest belief in the ultimate success of an enterprise is not, in itself, a defense.  *United States v. Treadwell*, 593 F.3d 990, 997 (9th Cir. 2010); *United States v. Beecroft*, 608 F.2d

753 (9th Cir. 1979).

    ii. *Materiality*.

    Materiality is an essential element of the crime of mail fraud. *Neder v. United States*, 527 U.S. 1 (1999). Materiality is a question of fact for the jury. *United States v. Carpenter*, 95 F.3d 773, 776 (9th Cir. 1996). Evidence is material if it had a natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it was addressed. *United States v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008). Materiality of statements or promises must be established, *United States v. Halbert*, 640 F.2d 1000, 1007 (9th Cir.1981), but the jury need not unanimously agree that a specific material false statement was made. *United States v. Lyons*, 472 F.3d 1055, 1068 (9th Cir. 2007), *cert. denied*, 550 U.S. 937 (2007).

    Similarly, the materiality of a statement must be measured in terms of the context the statement is made in. *Fedorenko v. United States*, 449 U.S. 490, 509 (1981), In *Fedorenko*, the allegedly material false statement was made in a visa application, and the court found that materiality must be measured "in terms of its effect on the applicant's admissibility into this country... [and] a misrepresentation must be considered material if disclosure of the true facts would have made the applicant ineligible for a visa." 449 U.S. at 509. In the mortgage loan context, this would translate to whether the truth about defendant's false statements would have made the purchaser ineligible for a loan, and whether the lender relied on the false statement in approving the loan.

    As noted above, materiality is a jury questions, and, consequently, a defendant should be afforded wide latitude to present a defense that, in the circumstances of each, individual loan, the alleged false statement was not material to the decision to fund the loan.

**B. Money Laundering under 18 U.S.C. § 1957**

Williams is charged in Counts Two and Three with engaging in monetary transactions over $10,000 in property derived from unlawful activity. Count Two alleges that a $11,599.07 check from Bay Area Real Estate Holdings LLC into a U.S. Bank account on August 5, 2008, was derived from a specified unlawful activity, specifically mail and wire fraud. Similarly, Count Three alleges that a $16,599.07 check from Bay Area Real Estate Holdings LLC into a SAFE Credit Union account on August 7, 2008, was derived from a specified unlawful activity, specifically mail and wire fraud.

Under 18 U.S.C. § 1957, it is a crime for a defendant to knowingly engage or attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000. *See United States v. Messer*, 197 F.3d 330, 341 (9th Cir. 1999). To prove a conviction under § 1957, the government must establish that the defendant: (1) knowingly engaged in a financial transaction; (2) knew that the transaction involved criminal property; (3) the property's value exceeded $10,000; and (4) the property was in fact derived from a specific unlawful activity. *Id.*

The Indictment alleges that the monetary transactions at issue were derived from the unlawful activities of mail and wire fraud. Hence, the Government must prove that Williams knew the funds at issue were derived from some form of criminal conduct, but not necessarily that he knew of the specific criminal activity involved. 18 U.S.C. § 1957(c); *see also United States v. Turman*, 122 F.3d 1167 (9th Cir. 1997).

## II.     OTHER ISSUES WHICH MAY ARISE AT TRIAL

### A. Character Evidence Under Fed. R. Evid. 404(b).

Williams anticipates that the Government will attempt to introduce evidence of other real estate transactions in which he participated. Under Rule 404(a), evidence of a person's character is not admissible for the purpose of proving action in conformity therewith on a particular occasion. Rule 404(b) reiterates that evidence of other crimes, wrongs, or acts is not admissible to prove the character of

a person in order to show action in conformity therewith. Such evidence may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. 404(b).

Even if evidence satisfies the requirements of Rule 404(b), the court should decline to admit the evidence under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and undue delay. Rule 403; *United States v. Lozano*, 623 F.3d 1055, 1060 (9th Cir. 2010). The following transactions should be excluded from the Government's case-in-chief under Rule 403:

(1) Arthur Watson's purchase of 864 Gidda Loop, Yuba City, California;

The only purpose of this evidence is so show that Williams' alleged actions were in conformity to the charged offenses, which is not allowable under Rule 404(a).

(2) Joshua Frye's purchase of 4824 Baker Avenue, Sacramento, California;

The only purpose of this evidence is again to so show that Williams' alleged actions were in conformity to the charged offenses, which is not allowable under Rule 404(a).

(3) Meeting with Brandon Resendez Regarding cash-back.

Although not evidence of an actual transaction, the only import of this evidence is to show that Williams acted in conformity with the charged offenses, which is not allowable under Rule 404(a).

**B. Other Possible Issues**

Williams reserved the right to address additional issues at the Trial Confirmation Hearing now scheduled for June 30, 2014, and to raise other

/ / / / /

/ / / / /

substantive and procedural issues as they might arise during trial.

Dated: June 24, 2014

                                                 Respectfully submitted,

                                                 JOSEPH J. WISEMAN, P.C.

                                         By: _____/s/ Joseph J. Wiseman_____
                                                 JOSEPH J. WISEMAN

                                                 Attorney for Defendant
                                                 LEONARD WILLIAMS