**JOSEPH J. WISEMAN, ESQ., CSBN 107403**
**WISEMAN LAW GROUP, P. C.**
  **1477 Drew Avenue, Suite 106**
  **Davis, California 95618**
  **Telephone:  530.759.0700**
  **Facsimile:   530.759.0800**

**Attorney for Defendant**
LEONARD WILLIAMS

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> LEONARD WILLIAMS, <br><br> Defendant. | No.:  CR-S 08-0376 WBS <br><br> **DEFENDANT'S MOTION IN LIMINE OPPOSING 404(b) EVIDENCE** <br><br> Trial Date: July 8, 2014 <br> Time:  9:00 a.m. <br> Ctrm: Hon. William B. Shubb |

Defendant, LEONARD WILLIAMS ("Williams"), by and through undersigned counsel, hereby opposes the introduction of any evidence related to Terrance Murrell.

The Government has given notice that it intends to introduce evidence against Williams that concerns Terrance Murrell getting a home loan, which it contends is direct evidence of Williams' illegal conduct, and that other evidence it seeks to introduce related to Diamond Hill Financial would "eliminate [Murrell] as a potential scapegoat."  The Government gave notice under Federal Rule of Evidence 404(b) of its intention to introduce this evidence. Williams herein argues that the proposed evidence is not direct evidence of a crime, but, rather, is solely evidence excludable under Rule 404(b).

---

Defendant's Motion in Limine re: Terrance Murrell                    CR-S 09-0074-WBS

1

**1. The Evidence Proffered**

The Government's 404 (b) notice states that it intends to call Terrance Murrell at trial to testify to two items: (1) Williams' attempt to get Murrell to purchase a house through double escrow with cash back; and (2) the circumstances under which Murrell became the CFO of Diamond Hill Financial in March 2007, including whether he ever did any work for Diamond Hill and how he came to sign a US Bank line of credit agreement for Diamond Hill.

There is noting in the discovery, however, to suggest that Murrell would testify as to any agreement between Williams and Williams' co-defendant Clymer, or that Murrell had any role in the sale of the homes related to the conspiracy charge. Hence, the proposed testimony is immaterial, prejudicial and should be excluded under 404 (b), and 403.

**2. Other Acts Evidence is Generally Disfavored**.

Rule 404 of the Federal Rules of Evidence states that evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Rule 404(a). The Rule also provides that other acts are "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 404(b)(1). Only when the evidence offered is for purposes other than to show propensity, such as to show motive, opportunity, or intent, may other-acts evidence be admitted. Rule 404(b)(2).

The Ninth Circuit has repeatedly noted that the limitations of Rule 404(b) are "designed to avoid a danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced the defendant is a bad man deserving of punishment." *United States v. Hill*, 953 F.2d 452, 457 (9th Cir. 1991) (citations and internal quotation marks omitted). The Ninth Circuit does not look upon such evidence with favor. *See United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1014 (9th Cir. 1995).

Evidence offered under Rule 404(b) must satisfy a four-part test: it must (1) tend to prove a material point; (2) not be too remote in time; (3) be sufficient to support a finding that the defendant committed the other act; (4) and if admitted to prove intent, be similar to the offense charged. *United States v. Ayers,* 924 F.2d 1468, 1473 (9th Cir. 1991). Even if the evidence satisfies Rule 404(b) or is inextricably intertwined, it must also satisfy the Rule 403 balancing test. *United States v. Montgomery,* 150 F.3d 983, 1000-01 (9th Cir. 1998).

### 2. The Government Has Not Articulated A Theory of Admissibility Under 404(b).

Prior to the admission of any other-acts evidence, the Government must carry its burden of showing how the proffered other-acts evidence "is relevant to one or more issues in the case, and must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh,* 689 F.2d 822, 830 (9th Cir. 1982) (citations omitted).

Thereafter, the court must "make a focused determination of relevance mandated by" the rules of evidence before any other-acts evidence can be admitted. *Mayans,* 17 F.3d at 1183. It cannot make the requisite determination unless and until the Government complies with its notice obligation, articulates a theory for admission, and carries its burden of proof.

Here, the Government stated in its notice letter that it intends for Murrell to first testify regarding Williams' attempt to get Murrell to purchase a house through double escrow with cash back. The Government says that it will be offered as direct evidence of the conspiracy, but does not state the purpose for which this evidence will be offered. As noted above, however, in order for other acts to come in under 404(b), the evidence must show a purpose other than the defendant's propensity to act in such a manner. It must show something such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Rule 404(b)(2).

The fact the Government wants to prove—Williams tried to get Murrell to do a double-escrow deal—does not appear to be material to this case. Williams is only charged with one count of conspiracy and two counts of money laundering. There is no evidence that Murrell will testify to any conspiratorial agreement between Williams and his former co-defendant, Josh Clymer. It is impossible to know whether this double-escrow offer would have found fruition through Williams' and Clymer's alleged agreement, since the alleged offer never went through. Indeed, Murrell's 302 does not give any reference to a date (the 302 only says "several years ago," Bates 5221), so it is impossible to determine whether the proposed transaction even occurred during the dates charged in the indictment. There are just too few facts to tie this alleged double-escrow offer to the incidents charged. Similarly, since there is no indication when this alleged offer took place, it is impossible to say whether this "other act" occurred during the dates charged in the indictment or whether it is too remote in time. Finally, there is no evidence, other than Murrell's proffered testimony, that Williams actually made this offer.

Rather than being relevant to some material issue in the case, Murrell's proffered testimony is nothing more than propensity evidence. The Government merely wants to show that since Williams allegedly offered to act in this way with Murrell, it is more likely that he in fact acted this way with the mortgages charged under the conspiracy count (Count One). The proffered testimony is not direct evidence of anything actually charged in the indictment, and the law is clear: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Hence, it should be excluded.

The second item the Government wants Murrell to testify about is even less material to the case at hand. As stated in the Government's notice letter and in Murrell's 302s, Murrell alleges that Williams lied to him about documents he was

Defendant's Motion in Limine re: Terrance Murrell                                  CR-S 09-0074-WBS

signing in order for Williams to obtain a loan. Murrell contends he was only signing documents authorizing him to sign checks for Williams' company, when in fact he signed documents making him a guarantor on a line of credit for Williams' company.

This has nothing to do with establishing whether Josh Clymer and Williams agreed to commit mortgage fraud on eleven purchases specified in the Third Superseding Indictment. In its notice letter, the Government attempts to say that it is trying to foreclose any attempt by Williams to point the finger at Murrell. But there is zero evidence connecting Murrell to the purchases alleged in the Third Superseding Indictment, and there is no need for Williams to bring up such a defense. Instead, the introduction of this evidence is merely the Government attempting to paint Williams as a liar and a fraudster in the eyes of the jury in hopes of influencing its verdict.

**4. The Proffered Evidence is Not Inextricably Intertwined.**

To qualify as "inextricably intertwined," the evidence must be evidence that "constitutes a part of the transaction that serves as the basis for the criminal charge," or be necessary to offer a coherent and comprehensible story. *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995).

Here, the proffered evidence regarding the double-escrow offers neither. Firstly, as argued above, the alleged offer to Murrell is not a part of the same transactions as the conduct charged. The Third Superseding Indictment specifies that Williams and Clymer recruited various individuals to purchase real property, including eleven specified properties listed in the Indictment. Each of these properties has corresponding documents showing dates and details of the purchase, allegedly tying Williams and Josh Clymer to the purchase. There are no dates, no corresponding documents, no connection to Clymer, nothing in the Murrell testimony tying Williams' alleged offer to the acts alleged in the Indictment. Indeed, there is no evidence at all tying Murrell to the acts alleged in the Indictment.

Defendant's Motion in Limine re: Terrance Murrell                              CR-S 09-0074-WBS

Second, the evidence is not necessary to offer a coherent and comprehensible story. Inextricably intertwined evidence may be "necessary in certain cases for the government to explain either the circumstances under which particular evidence was obtained or the events surrounding the commission of the crime." *Vizcarra-Martinez*, 66 F.3d at 1013. As mentioned above, neither the alleged offer to Murrell to take part in a double-escrow, nor the line of credit that Murrell allegedly signed for are tied to the purchase of the homes related to Williams and Clymer alleged in the Indictment.

Keeping out evidence of Williams' interactions with Murrell will in no way prejudice the Government's ability to tell a coherent story or overwhelm its duty to prove the charged crimes beyond a reasonable doubt.

**5. The Evidence is Not Admissible Under Rule 403.**

Even if evidence of other acts satisfies Rule 404(b) or is inextricably intertwined, it "must also satisfy the Rule 403 balancing test—its probative value must not be substantially outweighed by the danger of unfair prejudice." *United States v. Montgomery*, 150 F.3d 983, 1000-01 (9th Cir. 1998) (citing Rule 403).

There is little to no probative value of each item of Murrell's potential testimony.  First, Murrell alleges that Williams made him an offer that Murrell believed to be fishy and illegitimate. This has nothing to do with the purchases that actually were made by the straw-buyers alleged in the Third Superseding Indictment. The only value it could possibly have is as propensity evidence: that since Williams was allegedly willing to work this way with Murrell at some unknown date, he also actually acted in this manner with the specified property purchases. This is precisely the type of flawed evidence the Federal Rules of Evidence prohibit.

Moreover, there are eleven properties specified in the indictment that actually have corroborating documentation. Consequently, even if the Court found Murrell's testimony about a double-escrow offer (not an actual purchase) to be

evidence of intent or absence of mistake, any amount of probative value would be miniscule and cumulative.

Second, there is little to no probative evidence in the proffered testimony related to the line of credit documents. Even the Government admits that it is essentially rebuttal evidence in the event Williams wants to place the blame on someone else. *If* the Government actually wanted to foreclose this basis, it could merely have Murrell testify that he did not in fact work for Diamond Hill Financial, and would be no need to get into the line of credit issue at all. But the defense would strenuously object to the introduction of this evidence without first some basis in the evidence presented at trial that Williams ever in fact represented to anyone (the alleged straw-buyers, the lenders, the escrow officers, *anyone* actually involved in the case) that Murrell worked for Diamond Hill Financial. There is no evidence that the defense could find in the discovery linking Murrell to the charged properties. Murrell is so far removed from this case that this evidence has zero probative value.

Any probative evidence that the other act might have will be substantially outweighed by the danger of unfair prejudice to Williams. As mentioned above, the evidence related to Murrell could only paint Williams as a liar or fraudster in matters unrelated to the charged properties.

The evidence also runs the risk of confusing the issues, misleading the jury and wasting time, since there would have to be a mini-trial over whether this offer actually occurred, because, unlike the charged purchases, there are no supporting documents as to an actual sale or purchase. Forcing the jurors to focus on an individual act, unrelated to uncharged allegations, runs the risk of confusing them into believing that they should weigh this incident equally, or with greater scrutiny, than the evidence submitted on the charged properties. This is not proper use of the jury or the court's time, and the evidence should, therefore, be excluded on these grounds as well.

---

Defendant's Motion in Limine re: Terrance Murrell                                                                 CR-S 09-0074-WBS

### 7. 404(b) Limiting Instruction

If the court concludes that evidence related to Murrell is admissible under 404(b), and that the evidence passes the balancing test of Rule 403, the defense requests the court to provide the jury a limiting instruction under Fed. Rule Evid. 105. The instruction should state:

> You are about to hear evidence [regarding an uncharged incident related to Terrance Murrell] not charged here. You may consider this evidence only for its bearing, if any, on the question of [the specific 404(b) purpose found by this court] and for no other purpose. You may not to consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

9th Circuit Crim. Jury Instruction 2.10. Williams also requests a similar instruction at the close of the case, in the court admits this evidence.

Dated: June 24, 2014         Respectfully submitted,

                             JOSEPH J. WISEMAN, P.C.


                             By:  ___/s/ Joseph J. Wiseman_____
                                     JOSEPH J. WISEMAN

                                     Attorney for Defendant
                                     LEONARD WILLIAMS

---

Defendant's Motion in Limine re: Terrance Murrell                    CR-S 09-0074-WBS