**JOSEPH J. WISEMAN, ESQ., CSBN 107403**
**WISEMAN LAW GROUP, P. C.**
   **1477 Drew Avenue, Suite 106**
   **Davis, California 95618**
   **Telephone:  530.759.0700**
   **Facsimile:   530.759.0800**

**Attorney for Defendant**
LEONARD WILLIAMS

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.:  CR-S 08-0376 WBS |
| Plaintiff, ) | **DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE** |
| vs. ) | |
| LEONARD WILLIAMS, ) | Trial Date: July 8, 2014 |
| Defendant. ) | Time:  9:00 a.m. |
| ) | Ctrm: Hon. William B. Shubb |

Defendant, LEONARD WILLIAMS ("Williams"), by and through undersigned counsel, hereby moves to exclude the introduction of any evidence related to the loss of his real estate license.

Williams is charged with Conspiracy to Commit Mail and Wire Fraud, and two counts of Money Laundering. The Indictment alleges a scheme to defraud lenders by acquiring properties and immediately reselling the properties at a much higher value to investors or straw buyers. The Indictment also alleges that the loan applications for the straw-buyers contained materially false information.

Williams was licensed by the State of California Department of Real Estate as a salesperson, license number 01427784, but his license was revoked January 11, 2012.

---

Defendant's Motion in Limine re: License Revocation          CR-S 09-0074-WBS

The loss of his real estate license was based upon facts unrelated to the facts cited in the Third Superseding Indictment. The revocation was related to a sale that never went through with a Karen Bartlett regarding her property located in North Highlands.  Williams lost his license for acting in the role of a broker for the buyer, when he did not have a broker's license. The unsuccessful transaction took place between November 2008 and January 2009.

**1. The Evidence is Not Admissible Under Rule 403.**

Fed. R. Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Any evidence that is not relevant is not admissible. Fed. R. Evid. 402.

Evidence, even if relevant, may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. As the advisory committee notes to Rule 403 state in relevant part, "'unfair prejudice' … means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 Advisory Committee Notes; *Cohn v. Papke,* 655 F.2d 191, 194 (9th Cir. 1981); *see also United States v. Yazzie*, 59 F.3d 807, 811 (9th Cir. 1995) (evidence is unfairly prejudicial if it "makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.").

There is little to no probative value in the Department's findings or holding regarding Williams' real estate license. The Department found that Williams acted as a broker for his client when in fact he had no broker license. The Indictment contains no similar allegations, and, therefore, it is not related to intent, lack of mistake, motive, opportunity, or anything related to the current case at hand.

Defendant's Motion in Limine re: License Revocation                CR-S 09-0074-WBS

Moreover, any probative aspect of Williams' license revocation will be substantially outweighed by the danger of unfair prejudice to Williams. If the information were brought forward, it would merely be to show that Williams acted dishonestly in the real estate arena. It would lead to unallowable propensity reasoning, and would encourage the jurors to decide the case on an improper basis: namely that Williams is a bad person or a liar, and not that he in fact committed the acts alleged in the Third Superseding Indictment.

The evidence also runs the risk of confusing the issues, misleading the jury and wasting time, and for all of the foregoing reasons, Williams requests this court to exclude any reference to the loss of his real estate license.

Dated: June 24, 2014

Respectfully submitted,

JOSEPH J. WISEMAN, P.C.

By: _____/s/ Joseph J. Wiseman_____
        JOSEPH J. WISEMAN

Attorney for Defendant
LEONARD WILLIAMS

Defendant's Motion in Limine re: License Revocation                    CR-S 09-0074-WBS

3