**JOSEPH J. WISEMAN, ESQ., CSBN 107403**
**WISEMAN LAW GROUP, P. C.**
   **1477 Drew Avenue, Suite 106**
   **Davis, California 95618**
   **Telephone:  530.759.0700**
   **Facsimile:   530.759.0800**

**Attorney for Defendant**
LEONARD WILLIAMS

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>LEONARD WILLIAMS,<br><br>          Defendant. | No.:  CR-S 08-0376 WBS<br><br>**DEFENDANT'S MOTION IN LIMINE RE VOUCHING AND WITNESS PLEA AGREEMENTS**<br><br>Trial Date: July 8, 2014<br>Time:  9:00 a.m.<br>Ctrm: Hon. William B. Shubb |

Defendant, LEONARD WILLIAMS ("Williams"), by and through undersigned counsel, hereby moves this Court to order the Government to not reference any of the truthfulness provisions of witness's plea agreements in its opening arguments, or at any time unless and until the witness' credibility has been attacked.

The prosecution may not vouch for the credibility of its witnesses by "placing the prestige of the government behind a witness through personal assurances of the witness's veracity" or "suggesting that information not presented to the jury supports the witness's testimony." *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993)

---

Defendant's Motion in Limine re: Vouching          CR-S 09-0074-WBS

Eliciting testimony on direct examination that a witness entered into a plea agreement that requires truthful testimony may constitute vouching. *United States v. Dorsey,* 677 F.3d 944, 953 (9th Cir. 2012) (citing *United States v. Wallace*, 848 F.2d 1464, 1474 (9th Cir. 1988)). "That a plea agreement requires a witness to tell the truth might be argued to suggest that a witness, 'who might otherwise seem unreliable, has been compelled by the prosecutor's threats and the government's promises to reveal the bare truth' and that 'the prosecutor can verify the witness's testimony and thereby enforce the truthfulness condition of its plea agreement.'" *Id.*

However, if the defendant uses the witness's plea agreements to challenge their credibility, the Government may introduce the plea agreements themselves, including any "truthful testimony" provision, so long as the Government does not "imply a guaranty of [their] truthfulness, refer to extra-record facts, or reflect a personal opinion." *Necoechea*, 986 F.2d at 1278-1279; *United States v. Monroe*, 943 F.2d 1007, 1013-14 (9th Cir. 1991).

In *Dorsey,* 677 F.3d 944, its most recent application of *Necoechea*, the Ninth Circuit held that once a cooperating witness had been impeached with his plea bargain, it was permissible for the prosecutor to refer to the truthful testimony provision and, without referring to extra-record facts or saying the witness was telling the truth, ask this question: "Isn't it true, sir, that the United States will not tolerate any deception from you?" *Dorsey*, 677 F.3d at 953. The government did not imply that they were monitoring the defendant, and the question was little different from stating that the witness must testify truthfully.  *Id.*

Similarly, in the Second Circuit, the Government can "use plea agreements to rehabilitate witnesses whose credibility has been questioned." *United States v. Certified Envtl. Servs.,* 2014 U.S. App. LEXIS 9873 at *27 (2d Cir. N.Y. May 28, 2014).  However, the Government may not introduce the bolstering aspects of a cooperation agreement unless and until the witness's credibility has been questioned in ways that "open the door" to the admission of the agreement. *Id.* at

Defendant's Motion in Limine re: Vouching                                           CR-S 09-0074-WBS

2

27-28.[1] The attack on the witness's veracity may be in cross-examination of the witness, or even in the defendant's opening argument. *Id.* at 28. "But … unless and until [the attack] occurs the Government may not rehabilitate a witness by introducing the bolstering aspects of an agreement, whether by introducing the truth-telling provisions in particular or the agreement as a whole." *Id.* at 28-29.[2]  In *United States v. Certified Envtl. Servs.,* the prosecutor committed impermissible vouching in this case when it spoke about the bolstering aspects of the plea agreement in its opening, without any attack by the defense in the defense's opening argument. *Id.* at 30-32.

## CONCLUSION

For the foregoing reasons, Williams respectfully requests this Court to order the Government to not reference any of the truthfulness aspects of witness's plea agreements in its opening arguments, or at any time unless and until the witness' credibility has been properly attacked.

Dated: June 24, 2014         Respectfully submitted,

JOSEPH J. WISEMAN, P.C.


By:   /s/ Joseph J. Wiseman
          JOSEPH J. WISEMAN

Attorney for Defendant
LEONARD WILLIAMS

---

[1] This is slightly different from other circuits, which allow the plea as a whole to be entered in any case, but the questioning may not center on truthfulness until after the attack.

[2] The Second Circuit also noted that the Government may use the agreement's "impeach aspects" to impeach its own witness, if it so desired, to lay everything out before the jury before the defense wished to. *Id.* at 29. Finally, even if the "bolstering aspects" of the plea may be entered into evidence after an attack in order to rehabilitate, this still does not allow the Government to personally vouch for their witness's truthfulness.

Defendant's Motion in Limine re: Vouching                                    CR-S 09-0074-WBS