**JOSEPH J. WISEMAN, ESQ., CSBN 107403**
**WISEMAN LAW GROUP, P. C.**
**1477 Drew Avenue, Suite 106**
**Davis, California 95618**
**Telephone: 530.759.0700**
**Facsimile: 530.759.0800**

**Attorney for Defendant**
LEONARD WILLIAMS

WISEMAN LAW GROUP, P. C.
1477 Drew Avenue, Suite 106
Davis, CA 95618
Telephone: 530.759.0700

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

LEONARD WILLIAMS,

Defendant.

No.: CR-S 08-0376 WBS

**DEFENDANT'S MOTION IN LIMINE TO ADMIT LEVIN SENATE REPORT**

Trial Date: July 8, 2014
Time: 9:00 a.m.
Ctrm: Hon. William B. Shubb

Defendant, LEONARD WILLIAMS ("Williams"), by and through undersigned counsel, hereby requests this court to rule on the admissibility of the Senate Report "*Wall Street and the Financial Crisis: Anatomy of a Financial Collapse*," investigated and written by the United State Senate's Permanent Subcommittee of Investigations, led by Carl Levin, Chairman, and Tom Coburn, Ranking Minority Member (April 13, 2011) ("Levin Senate Report" or "Report"). A copy of the Report may be found online at: http://www.levin.senate.gov/imo/media/doc/supporting/2011/PSI_WallStreetCrisis_041311.pdf.

**1. Relevancy of the Levin Senate Report**

Federal Rule of Evidence 401 defines evidence as relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence," and "if the fact is of consequence in determining the action." F.R.E. 401.

In this case, the Levin Senate Report is relevant to this case on the question of whether there existed a "scheme to defraud." Williams is currently charged in a Third Superseding Indictment with a conspiracy to commit mail and wire fraud. The Government must show that Williams entered into an agreement to commit mail or wire fraud, both of which require a scheme to defraud. *United States v. Manion*, 339 F.3d 1153, 1156 (9th Cir. 2003) (the elements of mail and wire fraud are: (1) proof of a scheme or artifice to defraud, and (2) using or causing the use of the mails or wires in order to further the fraudulent scheme).

Materiality is an essential element of the crime of mail fraud. *Neder v. United States*, 527 U.S. 1 (1999), and is a question of fact for the jury. *United States v. Carpenter*, 95 F.3d 773, 776 (9th Cir. 1996). Evidence is material if it had a natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it was addressed. *United States v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008). Similarly, the materiality of a statement must be measured in terms of the context the statement is made in. *Fedorenko v. United States*, 449 U.S. 490, 509 (1981).

In this case, the Levin Senate Report is relevant in that it tends to prove whether Williams agreed to participate in a scheme to defraud. The Report discloses how financial firms deliberately took advantage of their clients and investors, and how regulators sat on their hands instead of reining in the unsafe and unsound practices all around them. The defense would argue, then, that it was impossible to "defraud" the "victims" of the scheme when the "victims" were willful participants in the unsafe and unsound business model. The Report is therefore relevant to the defense that Williams did not agree to participate in a scheme to defraud anyone.

Moreover, this Report will corroborate testimony by Joshua Clymer, and potential defense witnesses Jan Vawtar and Wendy Clymer, that banks impliedly requested brokers and real estate agents to supply "correct" information, as opposed to accurate information, on loan applications in order to get the loans approved and moved onto the secondary market. The Levin Senate Report is, therefore, also relevant in that it will tend to prove the accuracy and truthfulness of these witnesses individual's testimony on this topic.

**2. Hearsay Exception**

Under the Rule 803 of the Federal Rules of Evidence, public records are not excluded by the rule against hearsay. *See* F.R.E. 803(8). The Rule states "[t]he following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:"

> 8) Public Records. A record or statement of a public office if:
> (A) it sets out:
> (i) the office's activities;
> (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
> (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
> (B) neither the source of information nor other circumstances indicate a lack of trustworthiness.

F.R.E. 803(8) (emphasis added). This "exception is recognized because of necessity or the inconvenience which would result from always requiring the testimony of the official in person to the facts he has recorded . . ." *Anderson v. New York*, 657 F. Supp. 1571, 1578 (S.D.N.Y. 1987).

Rule 803(8) recognizes three categories of public records which satisfies the exception: "A) records of the office's or agency's own activities, B) records of 'matters observed pursuant to duty imposed by law' and, C) **evaluative reports**." *Anderson*, 657 F. Supp. at 1578 (quoting *Weinstein's Evidence, supra*, 803(8)[01],

p. 235) (emphasis added).[1] A Senate Report would fall under the third section as an evaluative report. *Id*; *see also Barry v. Trs. of the Int'l Ass'n Full-Time Salaried Officers & Emples. of Outside Local Unions & Dist. Counsel's (Iron Workers) Pension Plan*, 467 F. Supp. 2d 91, 96-97 (D.D.C. 2006); *Ponce v. Construction Laborers Pension Trust*, 774 F.2d 1401 (9th Cir. 1985).

Rule 803(8)(A)(iii) applies only to investigative reports based on "factual findings." However, in in *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988), the Supreme Court rejected the narrow view that any opinions and conclusions that accompany findings of fact in a report or record are excluded from the purview of Rule 803(8)(c). *Id*. at 162-70. The Court held "that portions of investigatory reports otherwise admissible are not inadmissible merely because they state a conclusion or opinion." *Id*. at 170. Rather, the Court explained, the Advisory Committee assumed that all portions of qualifying evaluative reports would be admissible "unless the sources of information or other circumstances indicate lack of trustworthiness." *Id*. at 167 (citing Fed. R. Evid. 803(8)(C) and Advisory Committee Notes). Accordingly, so long as the conclusions or opinions in a report are "based on a factual investigation and satisf[y] the Rule's trustworthiness requirement, [they] should be admissible along with other portions of the report." *Id*. at 170.

In this case, the Report falls under Rule 803(8)(A)(iii), and should be allowed in as an exception to the hearsay exclusion. It would be the Government's burden, if it

---

[1] Notably, Rule 803(8) was restructured this year, 2014. FRE 803(8)(A)(iii) appears to be substantively the same as prior Rule 803(8)(C). *See Anderson v. New York*, 657 F. Supp. 1571, 1578 (S.D.N.Y. 1987) (quoting subsection (C) as: "in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law.") The rule was restructured in 2014 "to clarify that if the proponent has established that the record meets the stated requirements of the exception--prepared by a public office and setting out information as specified in the Rule--then the burden is on the opponent to show that the source of information or other circumstances indicate a lack of trustworthiness." F.R.E. 803 Committee Note.

opposed the introduction of the evidence under this Rule, to show any circumstances indicating a lack of trustworthiness.

**CONCLUSION**

For the foregoing reasons, Williams requests this Court to rule that the Levin Senate Report is admissible in cross-examination of the Government's witnesses, and in any case-in-chief the defense may choose to put forward.

Dated: June 24, 2014

Respectfully submitted,

JOSEPH J. WISEMAN, P.C.

By: ___/s/ Joseph J. Wiseman________
JOSEPH J. WISEMAN

Attorney for Defendant
LEONARD WILLIAMS