**JOSEPH J. WISEMAN, ESQ., CSBN 107403**
**WISEMAN LAW GROUP, P. C.**
  **1477 Drew Avenue, Suite 106**
  **Davis, California 95618**
  **Telephone:  530.759.0700**
  **Facsimile:   530.759.0800**

**Attorney for Defendant**
LEONARD WILLIAMS

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>LEONARD WILLIAMS,<br><br>      Defendant. | No.:  CR-S 08-0376 WBS<br><br>**DEFENDANT'S MOTION IN LIMINE RE CHARTS**<br><br>Trial Date: July 8, 2014<br>Time:  9:00 a.m.<br>Ctrm: Hon. William B. Shubb |

     Defendant, LEONARD WILLIAMS ("Williams"), by and through undersigned counsel, hereby moves to keep the Government's charts from being admitted as evidence.

     The Government has notified the defense of its intentions to introduce charts or summaries into evidence. The admission of charts or summaries of "voluminous writings" are controlled by Fed. R. Evid. 1006. That rule permits the introduction of charts, summaries or calculations when the underlying materials upon which the summary is based are admissible and were made available to the opposing party for inspection. *Amerel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996); *United States v. Rizk,* 660 F.3d 1125, 1131 (9th Cir. 2011). The charts or summaries allowed under

1 Rule 1006 should neutrally summarize the contents of those voluminous documents, which cannot conveniently be examined in court, and should not reflect the Government's interpretation or its argument. While Rule 1006 permits admission of summaries rather than having to present voluminous originals at trial, "[t]his use of summaries in this manner should be distinguished from charts and summaries used only for demonstrative purposes to clarify or amplify argument based on evidence that has already been admitted." *United States v. Buck*, 324 F.3d 786, 790 (5th Cir. 2003).

The second type of charts and summaries are those offered as merely a pedagogical chart or testimonial aid, governed by Rule 611(a) (court's discretion in examination of witnesses and presentation of evidence). *United States v. Anekwu,* 695 F.3d 967, 982 (9th Cir. 2012). Such summaries, which are based on admitted evidence, often "reflect to some extent, through captions or other organizational devices or descriptions, the inferences and conclusions drawn from the underlying evidence by the summary's proponent." *United States v. Milkiewicz*, 470 F.3d 390, 398 (1st Circuit 2006). However, because such devices "unfairly emphasize part of the proponent's proof" and "create the impression that disputed facts have been conclusively established or that inferences have been directly proved" *United States v. Drougas*, 748 F.2d 8, 25 (1st Cir. 1984), trial courts must follow certain "precautionary measures" before permitting them. See *United States v. Soulard*, 730 F.2d 1292, 1300 (9th Cir. 1984); *United States v. Abbas*, 504 F.2d 123, 124-125 (9th Cir. 1974).

The Ninth Circuit has identified three precautionary measures that must be followed when allowing the use of pedagogical charts that summarize already-admitted evidence. First, the trial court, "out of the presence of the jury, should carefully examine the summary charts to determine that everything contained in them is supported by proof." *Soulard*, 730 F.2d at 1300. Second, the district court should not "admit the charts as evidence or allow their use by the jury during

deliberations." *Soulard*, 730 F.2d at 1300. Finally, the district court should give a cautionary instruction regarding the jury's use of the charts; that Rule 611(a) summaries usually are "and should be, accompanied by a limiting instruction which informs the jury of the summary's purpose and that it does not itself constitute evidence." *Soulard*, 730 F.2d at 1300; *United States v. Bray*, 139 F.3d 1104, 1111 (6th Cir. 1998).

## CONCLUSION

The charts produced to the defense by the Government are clearly pedagogical devices that summarize other evidence that is likely admissible, and not summaries of voluminous evidence under 1006. Therefore, the charts should not be entered into evidence; they should be examined by the court; and they should be accompanied by a *Soulard*-type limiting instruction that the charts do not themselves constitute evidence.

Dated: June 24, 2014           Respectfully submitted,

                                          JOSEPH J. WISEMAN, P.C.

                                          By:   /s/ Joseph J. Wiseman
                                                JOSEPH J. WISEMAN

                                                Attorney for Defendant
                                                LEONARD WILLIAMS