BENJAMIN B. WAGNER
United States Attorney
CHRISTOPHER S. HALES
AUDREY B. HEMESATH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>v.<br><br>LEONARD WILLIAMS,<br><br>                            Defendants. | CASE NO.  2:08-CR-376 WBS<br><br>UNITED STATES' OPPOSITION TO MOTION IN LIMINE REGARDING TERRANCE MURRELL |

Defendant Williams has moved to exclude the entirety of the testimony of Terrance Murrell. ECF No. 521.  The United States opposes this motion and intends to introduce the testimony of long-time Williams friend Terrence Murrell as direct evidence of the charged conduct, and as other acts evidence under Fed. R. Evid. 404(b).  The government anticipates Murrell's testimony will prove: (1)  although Murrell's name appears on the corporate documents of Diamond Hill Financial indicating that he is the company's CFO, he bears no responsibility for the fraud scheme;  (2) Williams approached Murrell, also an old Air Force friend, in the same group of friends as witness Arthur Watson, to induce him to buy a home under his cash back outside of escrow scheme (Murrell declined); and (3) Williams used Murrell's name to take out a line of credit for Diamond Hill Financial, without Murrell's authorization.  The first two topics are direct evidence of the charged conduct.  The third is other acts evidence of motive and plan, admissible under Fed. R. Evid. 404(b).

1

### 1. Murrell as CFO

Murrell is expected to testify that Williams asked him to serve as the CFO of Diamond Hill Financial and that Murrell agreed, but then shortly thereafter changed his mind and asked Williams to remove him as CFO. This expected testimony is direct evidence relevant to who at Diamond Hill Financial was responsible for the scheme to defraud. Intrinsic evidence is evidence directly related to, or inextricably intertwined with, the crime charged in the indictment. *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993) ("Evidence should not be considered 'other crimes' evidence when the evidence concerning the other act and the evidence concerning the crime are inextricably intertwined."). Evidence is "inextricably intertwined" if "it constitutes a part of the transaction that serves as the basis for the criminal charge." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995).

Murrell's listing as CFO must be explained lest the jury is left to wonder who he is and his blameworthiness. Regardless of the defense's representation that they will not bring up such a defense, ECF No. 521 at pg. 5, Murrell's name appears on the Diamond Hill Financial U.S. Bank line of credit and on a Diamond Hill corporate document. His name must be explained to clarify Murrell's role and responsibility in directing the affairs at Diamond Hill Financial during the conspiracy period. This is particularly true because a modus operandi of Williams was to represent to lenders that the recruited buyers were employees of Diamond Hill Financial.

### 2. Williams' Attempt to Recruit Murrell to Buy a House

Murrell is expected to testify that Williams attempted to recruit Murrell to purchase a house using Williams' services in Sacramento off Florin Road. Murrell is expected to testify that Williams proposed a plan in which Williams would rent out the house for Murrell and his wife. Williams indicated the house would be valued between $400,000 and $500,000, but when Murrell saw the house, it was boarded up and had couches left in front of it, causing Murrell to realize that the house was not worth nearly as much as Williams said it was. Murrell is expected to further testify that Williams explained to him that he would do this as a double escrow deal and be able to get $0,000 - $50,000 cash back to Murrell.

2

This proposed testimony is intrinsic evidence of Williams' role in the charged conspiracy as a recruiter of buyers. The Ninth Circuit explains: "The rule is well established that the government in a conspiracy case may submit proof on the full scope of the conspiracy; it is not limited in its proof to the overt acts alleged in the indictment." *United States v. Rizk*, 660 F.3d 1125, 1131-32 (9th Cir. 2011); *see also United States v. Williams,* 989 F.2d 1061, 1070 (9th Cir.1993) (no abuse of discretion where district court admitted evidence of "uncharged transactions" that were "closely linked to" events charged in drug conspiracy); *United States v. Bonanno, 467 F.2d 14, 17* (9th Cir.1972) ("One of the charges in the indictment alleged conspiracy. In conspiracy prosecutions, the Government has considerable leeway in offering evidence of other offenses [not charged in the indictment].").

Murrell does not have to know of Williams' agreement with Clymer and others in order to provide testimony that goes toward proving that Williams acted in furtherance of the conspiracy, as the defense suggests. The defense faults the government for not clarifying when exactly this alleged recruitment by Williams took place, but that objection is premature and can wait until Murrell actually testifies. If Murrell is not able to give a timeframe after having his recollection refreshed with documents, the defense may object.

**3. Line of Credit**

Williams' use of Murrell's name to take out credit for his company without Murrell's knowledge is crimes, wrongs or other acts evidence under Fed. R. Evid. 404(b). It is admissible to show motive: in the middle of the conspiracy period, Williams incurred a $35,000 debt that he began repaying through the Diamond Hill Bank account; the same Diamond Hill bank account he used to facilitate the fraud scheme.

It is admissible to show plan. Williams planned to obtain money for himself by using his friends with good credit as straw buyers (of homes or lines of credit). Williams enjoyed the profit of the fraud, while the friends held the debt (the mortgage or the balance of the line of credit). *United States v. Melvin*, 91 F.3d 1218, 1223 (9th Cir. 1996) (evidence of advertisement for another fraud scheme admissible to show "intent, method, and plan" under Rule 404(b)). It was Williams' plan to

3

use Murrell's identity to obtain a line of credit for his benefit.  It was Williams' plan to conspire to misrepresent the finances of home buyers he knew were unqualified for the mortgages they sought.

Rule 404(b) evidence must: (1) be based on sufficient evidence; (2) be not too remote in time from charged crimes; (3) bear some similarity to charged acts; and (4) prove an essential element of the charged offense." *United States v. Houser*, 929 F.2d 1369 (9th Cir. 1990); *United States v. Bibo-Rodriguez*, 922 F.2d 1398, 1400 (9th Cir. 1991).  The Murrell line of credit testimony meets all of these criteria.

Respectfully submitted,

DATED:  June 26, 2014

/s/ Audrey B. Hemesath
AUDREY B. HEMESATH
CHRISTOPHER S. HALES
Assistant United States Attorneys

4