BENJAMIN B. WAGNER
United States Attorney
CHRISTOPHER S. HALES
AUDREY B. HEMESATH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:08-CR-376 WBS |
| Plaintiff, | UNITED STATES' OPPOSITION TO MOTION IN LIMINE REGARDING WILLIAMS' REAL ESTATE LICENSE |
| v. | |
| LEONARD WILLIAMS, | |
| Defendants. | |

Defendant Williams has moved to exclude any evidence related to the loss of his real estate license. ECF No. 522. On January 11, 2012, the California Department of Real Estate ("DRE") revoked the real estate sales license of Williams for conduct that post-dates the time period charged in the indictment. The government does not intend to present evidence related to this disciplinary matter in its case in chief. The government does intend to introduce evidence of Williams' certification with the DRE; to the extent that any disciplinary action appears on the DRE record, the government will redact that information with after conferring with defense counsel.

The government does intend to use the DRE license revocation incident on cross-examination if Williams testifies, for the purpose of attacking Williams' credibility. Fed. R. Evid. 608(b). The DRE finding goes directly to Williams' character for untruthfulness:

- "The evidence established that [Williams] engaged in a course of conduct that showed him to be dishonest and untruthful."

1

- "The evidence established that [Williams] engaged in repeated acts of dishonesty and untruthfulness by representing Bay Area Real Estate Holdings, LLC, in a transaction for which he was required to have a real estate broker license when he had no such license."
- "His conduct raised serious concerns regarding his honesty and truthfulness. . . ."

The evidence discussed in the DRE proceedings would be a permissible line of questioning on cross-examination because it goes to Williams' "capacity for truthfulness." *United States v. Brown*, 35 F.3d 572, *3 (9th Cir. 1994); *United States v. Gay*, 967 F.2d 322, 327-28 (9th Cir. 1992).

Respectfully submitted,

DATED: June 26, 2014

/s/ Audrey B. Hemesath
AUDREY B. HEMESATH
CHRISTOPHER S. HALES
Assistant United States Attorneys

2