BENJAMIN B. WAGNER
United States Attorney
CHRISTOPHER S. HALES
AUDREY B. HEMESATH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.  CRS-08-0376-WBS |
|---|---|
| Plaintiff, | GOVERNMENT'S PROPOSED JURY INSTRUCTIONS |
| v. | |
| LEONARD WILLIAMS, | DATE: July 8, 2014<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |
| Defendants. | |

The United States of America by and through its attorneys, BENJAMIN B. WAGNER, United States Attorney for the Eastern District of California, CHRISTOPHER HALES, Assistant United States Attorney, respectfully requests that the Court include in its standard charge to the jury the following instructions from the Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition):

1.  3.1   Duties of Jury to Find Facts and Follow Law

2.  3.2   Charge Against Defendant Not Evidence - Presumption of Innocence -Burden of Proof

3.  3.3   Defendant's Decision Not to Testify

4.  3.4   Defendant's Decision To Testify

5.  3.5   Reasonable Doubt - Defined

6.  3.6   What is Evidence

7.  3.7   What is Not Evidence

8.    3.8    Direct and Circumstantial Evidence

9.    3.9    Credibility of Witnesses

10.   3.10   Activities Not Charged

11.   3.11   Separate Consideration of Multiple Counts -Single Defendant

12.   4.1    Statements by Defendant

13.   4.3    Other Crimes, Wrongs, or Acts by Defendant

14.   4.8    Impeachment of Evidence - Witness

15.   4.9    Testimony of Witnesses Involving Special Circumstances - Immunity, Benefits, accomplice, Plea

16.   4.10   Government's Use of Undercover Agents and Informants

17.   4.14   Opinion Evidence, Expert Witness

18.   4.15   Summaries Not Received in Evidence

19.   4.16   Charts and Summaries in Evidence

20.   7.1    Duty to Deliberate

21.   7.2    Consideration of Evidence - Conduct of the Jury

22.   7.3    Use of Notes

23.   7.4    Jury Consideration of Punishment

24.   7.5    Verdict Form

25.   7.6    Communication with Court

26.   8.20   Conspiracy - Elements

27.   8.121  Mail Fraud - Elements

28.   8.124  Wire Fraud - Elements

29.   5.6    Knowingly - Defined

30.          Materiality - Defined

31.   3.16   Intent to Defraud - Defined

32.   8.23   Conspiracy - Knowledge of and Association With Other Conspirators

33.   8.150  Money Laundering

34.   5.1    Aiding and Abetting

1    The United States requests permission to supplement these instructions depending on the

2  evidence presented during the trial.

3  Dated:  June 30, 2014                          BENJAMIN B. WAGNER
                                                  United States Attorney
4

5                                          By:   /s/ CHRISTOPHER S. HALES
                                                 CHRISTOPHER S. HALES
6                                                AUDREY B. HEMESATH
                                                 Assistant United States Attorneys
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO.

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

9TH CIR. CRIM. JURY INST. 3.1 (2010)
Plaintiff's Proposed Jury Instruction No. __1__
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

9TH CIR. CRIM. JURY INST. 3.2 (2010)
Plaintiff's Proposed Jury Instruction No. _2___
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO.

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

9TH CIR. CRIM. JURY INST. 3.3 (2010)
Plaintiff's Proposed Jury Instruction No. _3___
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

9TH CIR. CRIM. JURY INST. 3.4 (2010)
Plaintiff's Proposed Jury Instruction No. __4__
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

9TH CIR. CRIM. JURY INST. 3.5 (2010) (Modified October 2013)
Plaintiff's Proposed Jury Instruction No. __5__
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; [and]

(2) the exhibits received in evidence[.] [; and]

[(3) any facts to which the parties have agreed.]

9TH CIR. CRIM. JURY INST. 3.6 (2010)
Plaintiff's Proposed Jury Instruction No. _6___
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

9TH CIR. CRIM. JURY INST. 3.7 (2010)
Plaintiff's Proposed Jury Instruction No. _7___
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO.

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

9TH CIR. CRIM. JURY INST. 3.8 (2010)
Plaintiff's Proposed Jury Instruction No. _8___
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserve.

9TH CIR. CRIM. JURY INST. 3.9 (2010)
Plaintiff's Proposed Jury Instruction No. _9___
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
                    JUDGE

INSTRUCTION NO.

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

9TH CIR. CRIM. JURY INST. 3.10 (2010)
Plaintiff's Proposed Jury Instruction No. __10__
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

9TH CIR. CRIM. JURY INST. 3.11 (2010)
Plaintiff's Proposed Jury Instruction No. _11___
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS                    14

INSTRUCTION NO.

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

9TH CIR. CRIM. JURY INST. 4.1 (2010)
Plaintiff's Proposed Jury Instruction No. __12__
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
                 JUDGE

INSTRUCTION NO.

You have heard evidence that the defendant committed other [crimes] [wrongs] [acts] not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose. [You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.]

9TH CIR. CRIM. JURY INST. 4.3 (2010)
Plaintiff's Proposed Jury Instruction No. _13___
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

You have heard evidence that [name of witness], a witness, [specify basis for impeachment]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

9TH CIR. CRIM. JURY INST. 4.8 (2010)
Plaintiff's Proposed Jury Instruction No. _14___
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

You have heard testimony from Joshua Clymer and Anthony Symmes, who pleaded guilty to a crime arising out of the same events for which the defendant is on trial, and testified pursuant to the terms of the plea agreements that they entered with the United States.  Anthony Symmes previously received benefits from the government in connection with this case, and Joshua Clymer hopes to receive benefits.  Their guilty pleas are not evidence against the defendant, and you may consider them only in determining the believability of these witnesses.

You have also heard testimony from Jessica Sawyer, a witness who received immunity.  That testimony was given in exchange for a promise by the government that the testimony will not be used in any case against the witness.

You have heard testimony from [name(s) of witness(es)], who admitted being [an accomplice] [accomplices] to the crime charged.  An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.

For these reasons, in evaluating the testimony of these witnesses, you should consider the extent to which or whether their testimony may have been influenced by any of these factors.  In addition, you should examine the testimony of these witnesses with greater caution than that of other witnesses.

9TH CIR. CRIM. JURY INST. 4.9 (2010)
Plaintiff's Proposed Jury Instruction No. _15___
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

1
                               INSTRUCTION NO.

2
       You have heard testimony from Anthony Symmes, an informant who was involved in the

3
government's investigation in this case.  Law enforcement officials may engage in stealth and deception,

4
such as the use of informants and undercover agents, in order to investigate criminal activities.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22
9TH CIR. CRIM. JURY INST. 4.10 (2010), as modified to remove last sentence regarding false names and appearances, which is not applicable.

23
Plaintiff's Proposed Jury Instruction No. _16___
GIVEN _____

24
GIVEN AS MODIFIED _____
REFUSED _____

25
WITHDRAWN _____

26

27
                              _____
                                  JUDGE

28

INSTRUCTION NO.

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

9TH CIR. CRIM. JURY INST. 4.14 (2010)
Plaintiff's Proposed Jury Instruction No. _17___
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO.

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted in evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

9TH CIR. CRIM. JURY INST. 4.15 (2010)
Plaintiff's Proposed Jury Instruction No. __18__
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
                    JUDGE

1

INSTRUCTION NO.

2        Certain charts and summaries have been admitted in evidence. Charts and summaries are only as

3   good as the underlying supporting material.  You should, therefore, give them only such weight as you

4   think the underlying material deserves.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23   9TH CIR. CRIM. JURY INST. 4.16 (2010)
     Plaintiff's Proposed Jury Instruction No. _19___
24   GIVEN _____
     GIVEN AS MODIFIED _____
25   REFUSED _____
     WITHDRAWN _____

26

27                                               _____

28                                               JUDGE

INSTRUCTION NO.

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

9TH CIR. CRIM. JURY INST. 7.1 (2010)
Plaintiff's Proposed Jury Instruction No. _20___
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

23

INSTRUCTION NO.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings  [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.


9TH CIR. CRIM. JURY INST. 7.2 (2010)
Plaintiff's Proposed Jury Instruction No. __21__
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____


_____
JUDGE

INSTRUCTION NO.

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

9TH CIR. CRIM. JURY INST. 7.3 (2010)
Plaintiff's Proposed Jury Instruction No. _22___
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

9TH CIR. CRIM. JURY INST. 7.4 (2010)
Plaintiff's Proposed Jury Instruction No. _23___
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO.

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the marshal that you are ready to return to the courtroom.

9TH CIR. CRIM. JURY INST. 7.5 (2010), as modified to use "marshal" instead of clerk or bailiff.
Plaintiff's Proposed Jury Instruction No. _24___
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

1

INSTRUCTION NO.

2      If it becomes necessary during your deliberations to communicate with me, you may send a note

3  through the marshal, signed by any one or more of you.  No member of the jury should ever attempt to

4  communicate with me except by a signed writing, and I will respond to the jury concerning the case only

5  in writing or here in open court.  If you send out a question, I will consult with the lawyers before

6  answering it, which may take some time.  You may continue your deliberations while waiting for the

7  answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands,

8  numerically or otherwise, on any question submitted to you, including the question of the guilt of the

9  defendant, until after you have reached a unanimous verdict or have been discharged.  Do not disclose

10  any vote-count in any note to the court.

11

12

13

14

15

16

17

18

19

20

21

22  9TH CIR. CRIM. JURY INST. 7.6 (2010), as modified to use "marshal" instead of clerk or bailiff, and
by adding the last sentence.

23  Plaintiff's Proposed Jury Instruction No. _25___
GIVEN _____

24  GIVEN AS MODIFIED _____
REFUSED _____

25  WITHDRAWN _____

26

27                                        _____

28                                               JUDGE

INSTRUCTION NO.

The defendant is charged in Count One of the third superseding indictment with conspiring to commit mail fraud in violation of Section 1341 of Title 18 of the United States Code, and wire fraud in violation of Section 1343 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

- First, beginning on or about October 2006, and ending on or about August 2008, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and
- Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

///

///

///

///

///

///

///

///

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

9TH CIR. CRIM. JURY INST. 8.20 (2010).
Plaintiff's Proposed Jury Instruction No. __26__
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO.

Under Count One, the government is not required to prove that a person actually committed mail fraud, but you must understand what mail fraud is. Mail fraud occurs when a person has done all of the following:

- First, the person knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

- Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

- Third, the person acted with the intent to defraud; that is, the intent to deceive or cheat; and

- Fourth, the person used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme. A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. For mail fraud to be committed, it does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained. For purposes of mail fraud, "the mails" includes the United States Postal Service mail and any private or commercial interstate carrier.

9TH CIR. CRIM. JURY INST. 8.121 (2010), as modified; 18 U.S.C. § 1341; *United States v. Alghazouli*, 517 F.3d 1179, 1189 (9th Cir. 2008), cert. denied, 129 S. Ct. 237 (2008); *United States v. Iribe*, 564 F.3d 1155, 1160–61 (9th Cir. 2009).

Plaintiff's Proposed Jury Instruction No. _27___

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

Under Count One, the government is not required to prove that a person actually committed wire fraud, but you must understand what wire fraud is. Wire fraud occurs when a person has done all of the following:

- First, the person knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

- Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

- Third, the person acted with the intent to defraud, that is, the intent to deceive or cheat; and

- Fourth, the person used, or caused to be used, a wire communication to carry out or attempt to carry out an essential part of the scheme. A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use. It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, for wire fraud to be committed, it must have been reasonably foreseeable to the person that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

9TH CIR. CRIM. JURY INST. 8.124 (2010) (Modified October 2013), as modified; *United States v. Alghazouli*, 517 F.3d 1179, 1189 (9th Cir. 2008), cert. denied, 129 S. Ct. 237 (2008); *United States v. Iribe*, 564 F.3d 1155, 1160–61 (9th Cir. 2009).
Plaintiff's Proposed Jury Instruction No. _28___
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
                    JUDGE

INSTRUCTION NO.

An act is done knowingly if the defendant is aware of the act and does not [act] [fail to act] through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

9TH CIR. CRIM. JURY INST. 5.6 (2010) (Modified February 2014)
Plaintiff's Proposed Jury Instruction No. _29___
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS                33

1

INSTRUCTION NO.

2
     Statements made or facts omitted pursuant to a scheme to defraud are material if they had a

3
natural tendency to influence, or were capable of influencing, the decisionmaking body to part with

4
money or property. The pertinent question here is whether the statements or omissions were material,

5
not whether the mortgage lender was negligent.

6

7

8

9

10

11

12

13

14

15

16

17

18
Source: As given in *United States v. Hanly*, 2:10-cr-00474 WBS (Instruction No. 16,  Dkt. 113 at 19).

19
*See Kungys v. United States*, 485 U.S. 759, 770 (1988) (misrepresentation "is material if it has a natural

20
tendency to influence, or was capable of influencing, the decision of the decisionmaking body to which it was addressed") (internal quotation marks omitted); *United States v. Gaudin*, 515 U.S. 506, 509

21
(1995)(same); *United States v. Ciccone*, 219 F.3d 1078, 1083 (9th Cir. 2000) ("[i]t is immaterial whether only the most gullible would have been deceived by the defendants' scheme")(citations and quotations

22
omitted); *United States v. Hanley*, 190 F.3d 1017, 1023 (9th Cir. 1999)(same); *Lemmon v. United States*, 278 F.2d 369, 373 (9th Cir. 1960)(same).

23
Plaintiff's Proposed Jury Instruction No. _30___
GIVEN _____

24
GIVEN AS MODIFIED _____
REFUSED _____

25
WITHDRAWN _____

26

27
                            _____
                                  JUDGE

28

INSTRUCTION NO.

An intent to defraud is an intent to deceive or cheat. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted with an intent to defraud. If the defendant acted with a reckless indifference to whether a statement was true or false, you may find that he acted with an intent to defraud.

If the defendant had an honest, good faith belief in the truth of a misrepresentation, he did not act with an intent to defraud. However, a defendant's belief that the victims will be repaid and will sustain no loss is no defense.

9TH CIR. CRIM. JURY INST. 3.16 (2010), as modified and given in *United States v. Hanly*, 2:10-cr-00474 WBS (Instruction No. 17, Dkt. 113 at 20).

Reckless Indifference: *See, e.g., United States v. Sayakhom*, 186 F.3d 928, 942 (9th Cir. 1999); *United States v. Gay*, 967 F.2d 322, 326 (9th Cir. 1992) ("We have repeatedly held that reckless indifference alone will support a mail fraud conviction."); *United States v. Schaflander*, 719 F.2d 1024, 1027 (9th Cir.1983) ("The instruction correctly stated the law in this Circuit that reckless disregard for truth or falsity is sufficient to sustain a mail fraud conviction."); *United States v. Cusino*, 694 F.2d 185, 187 (9th Cir. 1982); *United States v. Federbush*, 625 F.2d 246, 255 (9th Cir. 1980); *United States v. Farris*, 614 F.2d 634, 638 (9th Cir. 1979); *United States v. Beecroft*, 608 F.2d 753, 757 (9th Cir. 1979); *Irwin v. United States*, 338 F.2d 770, 774 (9th Cir. 1964).

Repayment / No Loss: *United States v. Benny*, 786 F.2d 1410, 1417 (9th Cir. 1986); *United States v. Treadwell*, 593 F.3d 990, 996-997 (9th Cir. 2010); *United States v. Hickey*, 580 F.3d 922, 930-931 (9th Cir. 2009); *United States v. Ross*, 206 F.3d 896, 899 (9th Cir. 2000); *United States v. Molinaro*, 11 F.3d 853, 863 (9th Cir. 1993).

Plaintiff's Proposed Jury Instruction No. _31___
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO.

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with certain other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

9TH CIR. CRIM. JURY INST. 8.23 (2010).
Plaintiff's Proposed Jury Instruction No. _32___
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS          36

INSTRUCTION NO.

The defendant is charged in Counts Two and Three of the third superseding indictment with money laundering in violation of Section 1957 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

- First, the defendant knowingly engaged or attempted to engage in a monetary transaction;
- Second, the defendant knew the transaction involved criminally derived property;
- Third, the property had a value greater than $10,000;
- Fourth, the property was, in fact, derived from mail fraud or wire fraud; and
- Fifth, the transaction occurred in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "financial institution" means any of the following: any entity insured by the FDIC, any commercial bank, and any credit union.

 The term "criminally derived property" means any property constituting, or derived from, the proceeds of a criminal offense. The government must prove that the defendant knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense. The government does not have to prove that the defendant knew the precise nature of that criminal offense, or knew the property involved in the transaction represented the proceeds of mail fraud or wire fraud.

///

///

///

///

///

///

///

For Counts Two and Three, the government must prove beyond a reasonable doubt the property constituted, or was derived from, the proceeds of an actual commission of mail fraud or wire fraud.  In other words, in order for the defendant to be found guilty on these counts, you must find that someone committed mail fraud, or wire fraud, or both, with all of you agreeing as to at least one particular crime that was committed and that led to the criminally derived property.  The elements of mail fraud and wire fraud are as I have already instructed you.  In determining whether a scheme to defraud exists, you may consider not only the words and statements of the defendant, but also the circumstances in which they are used as a whole.

Although the government must prove that, of the property at issue more than $10,000 was criminally derived, the government does not have to prove that all of the property at issue was criminally derived.

9TH CIR. CRIM. JURY INST. 8.150 (2010), as modified; 18 U.S.C. § 1957; 18 U.S.C. § 1956(c)(6)(A); 31 U.S.C. § 5312(a)(2)(A), (a)(2) (B), and (a)(2)(E); 12 U.S.C. § 1813(h); 12 U.S.C. § 1811(a); *United States v. Urrutia*, 897 F.2d 430, 432 (9th Cir.1990) ("When a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof of any of those acts conjunctively charged may establish guilt"); *United States v. Rogers*, 321 F.3d 1226, 1229 (9th Cir. 2003)(defendant does not have to be the one who committed the specified unlawful activity).

Plaintiff's Proposed Jury Instruction No. _33___
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
          JUDGE

INSTRUCTION NO.

The defendant may be found guilty of money laundering as charged in Counts Two and Three of the third superseding indictment, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, money laundering was committed by someone;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of money laundering;

Third, the defendant acted with the intent to facilitate money laundering; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit money laundering.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

9TH CIR. CRIM. JURY INST. 5.1 (2010) (Modified June 2014)
Plaintiff's Proposed Jury Instruction No. __34__
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28