

**FILED**

JUL 2 4 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

1

2

3

4

5

6            **UNITED STATES DISTRICT COURT**

7         **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9

10

11

12   UNITED STATES OF AMERICA,        2: 08CR 376-06 WBS

13             Plaintiff,

14   vs                              <u>JURY INSTRUCTIONS GIVEN</u>

15   **LEONARD WILLIAMS,**

16             Defendant.

17

18

19

20

21

22

23

24   Dated: July 24, 2014            /s/ K. Kirksey Smith

25                                    K. Kirksey Smith

26                                    Courtroom Deputy

27

28

1         Instruction No. 1

2    Members of the jury, now that you have heard all the

3 evidence and the arguments of the attorneys, it is my duty to

4 instruct you on the law which applies to this case.  A copy of

5 these instructions will be available in the jury room for you to

6 consult if you find it necessary.

7    It is your duty to find the facts from all the evidence

8 in the case.  To those facts you will apply the law as I give it

9 to you.  You must follow the law as I give it to you whether you

10 agree with it or not.  You must not be influenced by any personal

11 likes or dislikes, opinions, prejudices, or sympathies.  That

12 means that you must decide the case solely on the evidence before

13 you.  You will recall that you took an oath promising to do so at

14 the beginning of the case.

15    In following my instructions, you must follow all of

16 them and not single out some and ignore others; they are all

17 important.  You must not read into these instructions or into

18 anything that I may have said or done any suggestion as to what

19 verdict you should return--that is a matter entirely up to you.

20

21

22

23

24

25

26

27

28

1

Instruction No. 2

2          The defendant has pleaded not guilty to the charges

3    against him in this case.  The defendant is presumed to be

4    innocent unless and until the government proves the defendant

5    guilty beyond a reasonable doubt.  In addition, the defendant

6    does not have to testify or present any evidence to prove

7    innocence.  The government has the burden of proving every

8    element of the charges beyond a reasonable doubt.

Instruction No. 3

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that a defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Instruction No. 4

The evidence from which you are to decide what the facts are consists of:

(1) The sworn testimony of any witness;

(2) The exhibits which have been received into evidence; and

(3) Any facts to which the lawyers have agreed or stipulated.

Instruction No. 5

In reaching your verdict, you may consider only the testimony, exhibits, and stipulations received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by an objection or by the court's ruling on it.

(3)   Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some testimony and exhibits have been received only for a limited purpose.  When I have instructed you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

(4)   The Indictment is not evidence.   As I instructed you earlier, the defendant has pleaded not guilty to the charges in the Indictment.

(5)   Anything you may have seen or heard when the court was not in session is not evidence.   You are to decide the case solely on the evidence received at the trial.

Instruction No. 6

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Instruction No. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) The opportunity and ability of the witness to see or hear or know the things testified to;

(2) The witness's memory;

(3) The witness's manner while testifying;

(4) The witness's interest in the outcome of the case and any bias or prejudice, if any;

(5) Whether other evidence contradicted the witness's testimony;

(6) Whether the witness on some prior occasion has lied or testified falsely;

(7) The reasonableness of the witness's testimony in light of all the evidence;

(8) Whether the witness was under the influence of any drug or alcoholic beverage at the time of the events in question; and

(9) Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Instruction No. 8

A defendant in a criminal case has a constitutional right not to testify.  No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

Instruction No. 9

You have heard testimony from Anthony Symmes, a witness who has pled guilty to a crime.  This witness testified at trial pursuant to the terms of the plea agreement he entered into with the government.  Anthony Symmes previously received benefits from the government in connection with this case.

You have also heard testimony from Jessica Sawyer, a witness who received immunity.  Her testimony was given in exchange for a promise by the government that the testimony will not be used in any case against her.

In evaluating the testimony of Anthony Symmes and Jessica Sawyer, you should consider the extent to which or whether their testimony may have been influenced by any of these factors.  You should examine the testimony of Anthony Symmes and Jessica Sawyer with greater caution than that of other witnesses.

In addition, Anthony Symmes's guilty plea is not evidence against the defendant, and you may consider it only in determining the believability of Anthony Symmes.

Instruction No. 10

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Instruction No. 11

You have heard testimony from a person who, because of education or experience, was permitted to state his opinions and the reasons for them.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Instruction No. 12

Certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were admitted in evidence, but will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Instruction No. 13

I will now instruct you on the law as it applies to the specific charges brought against the defendant in this case.  The Indictment charges the defendant with three different counts.  A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on the other count.

You are here only to determine whether the defendant is guilty or not guilty of the charges against him in the Indictment.  The defendant is not on trial for any conduct or offense not charged in the Indictment.

The Indictment also charges that the offenses were committed "on or about" a certain date.  The government need not prove beyond a reasonable doubt the exact date of each alleged offense.  It is sufficient if the government proves beyond a reasonable doubt that each offense was committed on a date or dates reasonably near the date or dates charged.

Instruction No. 14

The defendant is charged in Count One of the Indictment with conspiring to commit mail fraud in violation of section 1341 of Title 18 of the United States Code and wire fraud in violation of section 1343 of Title 18 of the United States Code.   In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about October 2006 and ending on or about August 2008, there was an agreement between two or more persons to commit at least one crime as charged in the Indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership--an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all

1  of you agreeing as to the particular crime which the conspirators
2  agreed to commit.

3         One becomes a member of a conspiracy by willfully
4  participating in the unlawful plan with the intent to advance or
5  further some object or purpose of the conspiracy, even though the
6  person does not have full knowledge of all the details of the
7  conspiracy.  Furthermore, one who willfully joins an existing
8  conspiracy is as responsible for it as the originators.  On the
9  other hand, one who has no knowledge of a conspiracy, but happens
10 to act in a way which furthers some object or purpose of the
11 conspiracy, does not thereby become a conspirator.  Similarly, a
12 person does not become a conspirator merely by associating with
13 one or more persons who are conspirators, nor merely by knowing
14 that a conspiracy exists.

14A

Instruction No. 15

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

Instruction No. 16

Under Count One, the government is not required to prove that a person actually committed mail fraud or wire fraud, but you must understand what mail fraud and wire fraud are. Mail fraud or wire fraud occurs when a person has done all of the following:

First, the person knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, statements were made or facts were omitted as part of the scheme;

Third, that the statements made or facts omitted pursuant to the scheme were material;

Fourth, the person acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fifth, for mail fraud, that the person used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme; or, for wire fraud, that the person used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

1

Instruction No. 17

2          Under the first element, an act is done knowingly if a

3   defendant is aware of the act and does not act or fail to act

4   through ignorance, mistake, or accident.  The government is not

5   required to prove that a defendant knew that his acts or

6   omissions were unlawful.  You may consider evidence of a

7   defendant's words, acts, or omissions, along with all the other

8   evidence, in deciding whether a defendant acted knowingly.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Instruction No. 18

Under the third element, statements made or facts omitted pursuant to the scheme are material if they had a natural tendency to influence, or were capable of influencing, the decisionmaking body to which they were addressed to part with money or property.  The pertinent question here is whether the statements or omissions were material, not whether the mortgage lender was negligent.

Instruction No. 19

Under the fourth element, an intent to defraud is an intent to deceive or cheat.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted with an intent to defraud.  If the defendant acted with a reckless indifference to whether a statement was true or false, you may find that he acted with an intent to defraud.

If the defendant had an honest, good faith belief in the truth of a misrepresentation, he did not act with an intent to defraud.  However, a good-faith belief that the victim will be repaid and will sustain no loss is not a defense.

Instruction No. 20

Under the fifth element, a mailing is caused for purposes of mail fraud when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained. A mailing may be either by the United States Postal Service or by a private or commercial carrier operating in interstate commerce. A carrier operates in interstate commerce if it engages in interstate deliveries of mail, that is, delivery of mail from one state to another. The mailed object itself need not have traveled from one state to another.

Under the fifth element, a wiring is caused for purposes of wire fraud when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use. It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication-- meaning the wire communication traveled from one state to another--must have actually occurred in furtherance of the scheme.

Instruction No. 21

The defendant is charged in Counts Two and Three of the Indictment with money laundering in violation of section 1957 of Title 18 of the United States Code.  In order for the defendant to be found guilty of money laundering, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly, as I previously defined, engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from mail fraud or wire fraud; and

Fifth, the transaction occurred in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "financial institution" means any bank insured by the Federal Deposit Insurance Act (FDIC), any commercial bank, or any credit union.

The term "criminally derived property" means any property constituting, or derived from, the proceeds of a criminal offense.  The government must prove that the defendant knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense.  The government does not have to prove that the

1  defendant knew the precise nature of that criminal offense, or
2  knew the property involved in the transaction represented the
3  proceeds of mail fraud or wire fraud.

4          For Counts Two and Three, the government must prove
5  beyond a reasonable doubt that the property constituted, or was
6  derived from, the proceeds of an actual commission of mail fraud
7  or wire fraud.  In other words, in order for you to find the
8  defendant guilty on one or both of these counts, you must find
9  that someone committed mail fraud, wire fraud, or both, with all
10  of you agreeing as to at least one particular crime that was
11  committed and that led to the criminally derived property.  I
12  have previously instructed you on the elements of mail fraud and
13  wire fraud.

14          Although the government must prove that, of the
15  property at issue more than $10,000 was criminally derived, the
16  government does not have to prove that all of the property at
17  issue was criminally derived.

18
19
20
21
22
23
24
25
26
27
28



1                              Instruction No. 22

2              A defendant may be found guilty of money laundering as

3    charged in Counts Two and Three, even if the defendant personally

4    did not commit the act or acts constituting the crime but aided

5    and abetted in its commission.  To prove a defendant guilty of

6    money laundering because he aided and abetted in its commission,

7    the government must prove beyond a reasonable doubt:

8              First, money laundering was committed by someone;

9              Second, the defendant aided, counseled, commanded,

10   induced or procured that person with respect to at least one

11   element of money laundering;

12             Third, the defendant acted with the intent to

13   facilitate money laundering; and

14             Fourth, the defendant acted before the crime was

15   completed.

16             It is not enough that the defendant merely associated

17   with the person committing the crime, or unknowingly or

18   unintentionally did things that were helpful to that person, or

19   was present at the scene of the crime.  The evidence must show

20   beyond a reasonable doubt that the defendant acted with the

21   knowledge and intention of helping that person commit money

22   laundering.

23             A defendant acts with the intent to facilitate the

24   crime when the defendant actively participates in a criminal

25   venture with advance knowledge of the crime.

26             The government is not required to prove precisely which

27   person actually committed the crime and which person aided and

28   abetted.

Instruction No. 23

The punishment provided by law for this crime is for the court to decide.   You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Instruction No. 24

When you begin your deliberations, you should select one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1                          Instruction No. 25

2              Because you must base your verdict only on the evidence

3    received in the case and on these instructions, I remind you that

4    you must not be exposed to any other information about the case

5    or to the issues it involves.  Except for discussing the case

6    with your fellow jurors during your deliberations, do not

7    communicate with anyone in any way and do not let anyone else

8    communicate with you in any way about the merits of the case or

9    anything to do with it, and do not seek or receive any

10   information from any outside source about the case or anything to

11   do with it.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Instruction No. 26

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

Instruction No. 27

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson will fill in the forms that have been given to you, sign and date them, and advise the court through the marshal that you are ready to return to the courtroom.

1   Instruction No. 28

2          If it becomes necessary during your deliberations to

3   communicate with me, you may send a note through the marshal,

4   signed by your foreperson or by one or more members of the jury.

5   No member of the jury should ever attempt to communicate with me

6   except by a signed writing; and I will communicate with any

7   member of the jury on anything concerning the case only in

8   writing, or here in open court.  If you send out a question, I

9   will consult with the parties before answering it, which may take

10  some time.  You may continue your deliberations while waiting for

11  the answer to any question.  Remember that you are not to tell

12  anyone--including me--how the jury stands, numerically or

13  otherwise, until after you have reached a unanimous verdict or

14  have been discharged.  Do not disclose any vote-count in any note

15  to the court.

16

17

18

19

20

21

22

23

24

25

26

27

28