UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LEONARD WILLIAMS,<br><br>　　　　Defendant. | CR. NO. 2:08-376 WBS<br><br>ORDER RE: MOTIONS FOR AQUITTAL AND NEW TRIAL |

----oo0oo----

After a six-day trial, the jury found defendant Leonard Williams guilty of conspiracy to commit mail fraud or wire fraud in violation of 18 U.S.C. § 1349 (Count One) and money laundering in violation of § 1957 (Counts Two and Three). (Docket No. 557.) Defendant now renews his motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c) and moves for a new trial under Rule 33.

Rule 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."

1

Fed. R. Crim. P. 29(a). "A motion for Judgment of Acquittal is reviewed on a sufficiency-of-the-evidence standard." United States v. Graf, 610 F.3d 1148, 1166 (9th Cir. 2010) (quoting United States v. Stoddard, 150 F.3d 1140, 1144 (9th Cir. 1998)). "Under that standard, evidence supports a conviction, if, viewed in the light most favorable to the government, it would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." Id. (quoting Stoddard, 150 F.3d at 1144). "In ruling on a Rule 29(c) motion, a district court must bear in mind that 'it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts.'" United States v. Rojas, 554 F.2d 938, 943 (9th Cir. 1977) (quoting United States v. Nelson, 419 F.2d 1237, 1241 (9th Cir. 1969)).

"'If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.'" United States v. Kellington, 217 F.3d 1084, 1097 (9th Cir. 2000) (quoting United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980)). In evaluating a motion for a new trial under Rule 33, "[t]he court is not obliged to view the evidence in the light most favorable to the verdict, and it is free to weigh the evidence and evaluate for itself the credibility of the witnesses." Id.

The evidence against the defendant in this case, including the evidence of materiality, was overwhelming. As the court instructed the jury, "statements made or facts omitted pursuant to the scheme are material if they had a natural tendency to influence, or were capable of influencing, the decisionmaking body to which they were addressed to part with money or property." (Docket No. 556.) Numerous lender witnesses repeatedly testified about the significance of fraudulent sections of the loan applications and explained how and why those misrepresentations were capable of influencing a decision to lend. (See Gov't's Opp'n at 3-7 (identifying the witnesses and detailing their testimony).)

Nor was there a variance from the conspiracy charged in the Third Superseding Indictment and the conspiracy proven at trial. The government charged and submitted sufficient evidence to prove a single conspiracy lasting a little more than one year in which the defendant worked with several individuals to submit fraudulent loan applications in order to profit from the proceeds of those loans. Although all of the transactions were not identical, there were common methods in all of them, such as misinformation about a buyer's ability to repay the loan and the true purchase price of the home. Defendant's company, Diamond Hill Financial, was also falsely identified as the employer for the borrower in five of the six loan transactions. There was also sufficient evidence to tie the loans for the properties in Chico to the other loans.

Accordingly, because the evidence before the jury was more than sufficient to sustain defendant's conviction and a new

trial is not merited, the court will deny defendant's motions.

IT IS THEREFORE ORDERED that defendant's Rule 29(c) motion for judgment of acquittal be, and the same hereby is, DENIED; and defendant's Rule 33 motion for a new trial be, and the same hereby is, DENIED.

Dated: September 8, 2014

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE