IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

---o0o---

BEFORE THE HONORABLE WILLIAM B. SHUBB, SENIOR JUDGE

---o0o---

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. Cr. S-08-0376

LEONARD WILLIAMS,

Defendant.

______________________________/

---o0o---

REPORTER'S TRANSCRIPT OF PROCEEDINGS

MOTION HEARING

MONDAY, SEPTEMBER 8, 2014

---o0o---

Reported by: KATHY L. SWINHART, CSR #10150

# APPEARANCES

For the Plaintiff:

BENJAMIN B. WAGNER
United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
BY: CHRISTOPHER STANTON HALES
and AUDREY BENISON HEMESATH
Assistant U.S. Attorneys

For the Defendant:

WISEMAN LAW GROUP, PC
1477 Drew Avenue, Suite 106
Davis, California 95618
BY: JOSEPH J. WISEMAN

ALSO PRESENT:

LEONARD WILLIAMS, Defendant

SACRAMENTO, CALIFORNIA

MONDAY, SEPTEMBER 8, 2014, 10:34 A.M.

---o0o---

THE CLERK: Item seven, criminal S-08-376, the United States versus Leonard Williams.

(Off the record.)

MR. HALES: Good morning, Your Honor. Christopher Hales and Audrey Hemesath for the United States.

MR. WISEMAN: Good morning, Your Honor. Joseph Wiseman on behalf of Mr. Williams, who is present in court in custody.

THE COURT: This matter on the calendar for a hearing on the defendant's motion for acquittal and new trial. I've received the briefs and read them.

Mr. Wiseman, is there anything you'd like to add?

MR. WISEMAN: No, Your Honor. I think the matter is well briefed by both the defense and the government. Just to highlight just a couple of points, if I may address the argument with respect to the conspiracy issue first.

With the benefit of a few weeks hindsight, I think as we state in the moving papers and in the reply, it really is a bit confusing as to what the government was trying to prove. I do still think that what the government ultimately had before the jury and what they established was not just one conspiracy, but two separate conspiracies. And I think just

I'll close by saying that the government had ample opportunity to establish that it was one conspiracy by merely calling Mr. Clymer, which they elected not to do. So I think, without his testimony and what the government did present at trial, it's more of multiple conspiracies as opposed to one overarching conspiracy.

THE COURT: All right. Mr. Hales or Ms. Hemesath, what would you like to say?

MR. HALES: Not much to add beyond the papers, Your Honor. It's -- in the light most favorable to the government, and not having to exclude every hypothesis other than that of a single -- excuse me -- conspiracy, Joshua Clymer got money in relation to the Chico deals. You know, before the Chico deals ever happened, there was the document appointing him treasurer of Diamond Hill Financial.

One thing that is not in our papers that I realized in talking to Ms. Hemesath in advance of the hearing is that one of the Sacramento buyers, Joshua Frye, actually testified that he met Mr. Williams and Mr. Clymer at a real estate seminar in December of 2006. That's when they started recruiting him as a buyer. That was back before the Chico deals ever happened.

And so with the money going to Mr. Clymer, his affiliation with Diamond Hill Financial, which is a unifying thread being used as the false employer for five out of the six loan applicants, and the fact that the Sacramento buyers,

at least one of them was being recruited, you know, further back in time, I think there was more than enough for the jury, you know, a rational juror to find that this was all part of one overall conspiracy.

You know, if Mr. Clymer hadn't gotten money associated with the two Chico deals and if he hadn't been yet affiliated with Diamond Hill Financial, you know, at the time that those two deals happened, we might be having a different discussion. But with those facts in place, I think there's more than enough for the jury to find that this was, you know, an overall agreement, one conspiracy.

THE COURT: All right. Unless there's anything to add, I'll take this under submission and give you a written order on it.

MR. WISEMAN: Very well.

THE COURT: Do we have a date set for the next appearance?

THE CLERK: Yes, Your Honor. Sentencing is October 27th.

THE COURT: October.

MR. WISEMAN: That's for the sentencing if I'm not mistaken.

MR. HALES: That's correct.

MR. WISEMAN: Yeah.

THE COURT: All right. Thank you.

MR. WISEMAN: Thank you, Your Honor.

MR. HALES: Thank you.

(Proceedings were concluded at 10:39 a.m.)

---o0o---

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Kathy L. Swinhart
KATHY L. SWINHART, CSR #10150