```
 1                  IN THE UNITED STATES DISTRICT COURT
 2                FOR THE EASTERN DISTRICT OF CALIFORNIA
 3                              ---o0o---
 4        BEFORE THE HONORABLE WILLIAM B. SHUBB, SENIOR JUDGE
 5
 6   UNITED STATES OF AMERICA,
 7        Plaintiff,
 8   Vs.                                CASE NO. 2:08-CR-0376 WBS
 9   LEONARD WILLIAMS,
10        Defendant.
11   _____/
12
13
14
15                              ---o0o---
16
17                        REPORTER'S TRANSCRIPT
18                   MONDAY, DECEMBER 15TH, 2014
19      RE:  CONTINUATION OF HEARING ON JUDGMENT AND SENTENCE
20                              ---o0o---
21
22
23
24   Reported by:                  CATHERINE E.F. BODENE,
                                   CSR. No. 6926, RPR
25
```

```
 1                         APPEARANCES

 2                          ---o0o---

 3

 4    For the Government:

 5           UNITED STATES ATTORNEYS OFFICE
             501 I Street, 10th Floor
 6           Sacramento, California  95814

 7           BY:  CHRISTOPHER HALE,
                  Assistant U.S. Attorney
 8

 9

10    For the Defendant:

11           WISEMAN LAW GROUP, PC
             1477 DREW AVENUE, SUITE 106
12           DAVIS, CALIFORNIA  95618

13           BY:  JOSEPH J. WISEMAN,
                  Attorney At Law
14

15

16

17

18                          ---o0o---

19

20

21

22

23

24

25
```

```
                                                                1
1                       SACRAMENTO, CALIFORNIA
2           MONDAY, DECEMBER 15TH, 2014 - 9:30 A.M. CALENDAR
3                              ---o0o---
4           THE CLERK:  Item 4, 08-376, United States versus
5    Leonard Williams.
6           MR. HALES:  Good morning, Your Honor.  Christopher
7    Hales for the United States.
8           MR. WISEMAN:  Good morning, Your Honor.  Joseph
9    Wiseman on behalf of Mr. Williams who is present, in court,
10   sitting at the counsel table.
11          THE COURT:  He may remain sitting at the table.
12          MR. WISEMAN:  Your Honor, if I may, if I need to
13   confer with him, the court would not object if I went over
14   there?
15          THE COURT:  No.  If you want to confer with him, feel
16   free.
17          MR. WISEMAN:  All right.  Thank you.
18          THE COURT:  The court has received the final
19   Presentence Report in this matter which was made available
20   October the 9th, 2014, and revised as of November the 14th,
21   2014.
22          Mr. Wiseman, have you received a copy of that report?
23          MR. WISEMAN:  Yes, we have, Your Honor.
24          THE COURT:  Have you discussed it fully with
25   Mr. Williams?
```

2

1     MR. WISEMAN:  Yes, Your Honor.
2     THE COURT:  Mr. Williams, have you received a copy of
3  the final Presentence Report?
4     THE DEFENDANT:  I have.
5     THE COURT:  Have you discussed it fully with
6  Mr. Wiseman?
7     THE DEFENDANT:  I have.
8     THE COURT:  You are sitting over there.  If at any
9  time you want talk to Mr. Wiseman during these proceedings,
10 make it known.  Just because you are sitting over there
11 doesn't mean you don't have free access to your lawyer during
12 this proceeding.
13    All right?
14    THE DEFENDANT:  Okay.
15    THE COURT:  The court has received the defendant's
16 objections to the Presentence Report, along with the
17 government's sentencing memorandum and response to
18 defendant's objections.
19    There are a number of matters I think the court needs
20 to address here today.  One of them is the loss amount, and I
21 understand that the government is prepared to present some
22 evidence with regard to that?
23    MR. HALES:  Yes, Your Honor.  We have Special Agent
24 Andrew Harrison, and we have approximately 40 exhibits in
25 support of the loss amounts and the table.  I anticipate his

3

1  testimony would take about half an hour.
2          THE COURT:  Mr. Wiseman, are you ready to proceed
3  with that?
4          MR. WISEMAN:  Well, Your Honor, I did receive from
5  the government a copy of the exhibits.  They were in the
6  discovery a while ago.  Although, as the court may know, that
7  was -- the exhibits the government wants to introduce today
8  were not introduced, if I'm not mistaken, at trial.
9          But based upon what I understand, I'm prepared to
10 proceed.  However, I must tell the court I did not have an
11 opportunity, because I received the exhibits recently, to
12 confer with Mr. Williams with respect to the exhibits.
13         So what I would like to do, if I may, is have a
14 moment to ask him, and then make a decision how we would
15 proceed.
16         THE COURT:  Sure.
17         (Counsel confers with defendant.)
18         (Counsel for the defendant and government counsel
19          confer.)
20         MR. WISEMAN:  Thank you, Your Honor.
21         I conferred with Mr. Williams, and I also conferred
22 with counsel for the government.
23         What I would prefer to do, in light of the fact, Your
24 Honor, that I have not had an opportunity to review the
25 exhibits the government wants to introduce, or at least have

4

1   the agent testify to this morning, since I haven't had an
2   opportunity to discuss those and review them with
3   Mr. Williams, the defense is requesting the sentencing
4   hearing be put over for a couple of weeks so I do have that
5   opportunity.
6              THE COURT:  We can put it over.  There are some
7   considerations that I think need to be taken into account.
8              First, there is almost a courtroom full of
9   spectators.  Many of them, I assume, are here for
10  Mr. Williams.
11             I don't know whether they are his supporters or
12  detractors, but I'm assuming that there are more here to
13  support him than not.  I don't know whether you're
14  inconveniencing them by putting this over.
15             The other consideration is that I must tell you I
16  have spent a lot of time going over this matter in
17  preparation for this hearing.
18             First, I did spend a fair amount of time trying to
19  acquaint myself with the information pertaining to the loss
20  amount before I realized that I didn't have enough
21  information to make that determination.
22             One of the problems, even with a case that goes to
23  trial, is that the issues having to do with guilt or
24  innocence are not the issues that have to do with the
25  calculation of the loss amount or with restitution.

1    And so even though we may go to trial, the court may
2    be completely ignorant of the information I need to have in
3    order to calculate the loss amount. So I spent a fair amount
4    of time on that, but I realize I'm going to have to hear some
5    more evidence before I can make a determination.
6    But I also went back, and I reviewed my notes and the
7    information in your memoranda and in the Presentence Report
8    having to do with the leadership enhancement because there
9    was an objection with regard to that, and having to do with
10   the sophistication of the means because there was an
11   objection as to that.
12   Beyond that, I read every one of the letters that you
13   submitted.
14   Now, if we put it over, that may not be as fresh in
15   my mind. You may like that. I don't know whether that helps
16   you or not, but that's another consideration. So I just
17   point that out.
18   If you want to put it over, we will. But you may
19   inconvenience some of these people that have come here to
20   support him, and you may find a judge that is a little bit
21   less immediately familiar with some of the things I reviewed
22   before this hearing.
23   MR. WISEMAN: Well, Your Honor, I think with respect
24   to inconveniencing these folks, I don't know. I think Your
25   Honor is right. I think the vast majority, if not all of

6

1  these people, are in support of Mr. Williams.
2           THE COURT:  One other possibility.  It is ten after
3  10:00.  I only have one other matter here on the calendar.  I
4  think that is also going to be an evidentiary hearing so I
5  could go ahead and hear this other matter, then you could
6  confer with Mr. Williams while I'm hearing the other matter,
7  and then you can let me know after that whether you still
8  need more time.
9           MR. WISEMAN:  That's perfectly fine.
10          That's a good solution.  Why don't we do that.
11          MR. HALES:  Thank you, Your Honor.
12          THE COURT:  So can the marshal find a place
13 Mr. Wiseman can confer with Mr. Williams?
14          THE MARSHAL:  Sure.  We can do it back here or right
15 here, if you're okay with that as well?
16          THE COURT:  That will be distracting because we'll
17 have another case.  If you can do it back there, that would
18 be very helpful.
19          (Whereupon, the matter was passed.)
20          THE CLERK:  Recalling Criminal 08-376, United States
21 versus Leonard Williams.
22          THE COURT:  All right.  Mr. Wiseman?
23          MR. WISEMAN:  Joseph Wiseman on behalf of
24 Mr. Williams who is present in court in custody.
25          We conferred, Your Honor.  My request -- I don't

```
                                                                    7
1    think the government would object -- is to put the sentencing
2    hearing over until January 26th, which I understand is
3    available for the court and for counsel for government.
4             THE COURT:  All right.
5             Mr. Williams, is that all right with you?
6             THE DEFENDANT:  Yes, it is, Your Honor.
7             THE COURT:  All right.  That will be the order.
8    We'll put the matter over to January the 26th at 9:30 a.m.
9             MR. WISEMAN:  Thank you, Your Honor.
10            MR. HALES:  Thank you, Your Honor.
11            (Whereupon, the matter was concluded.)
12                          ---o0o---
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                       REPORTER'S CERTIFICATE

 2                            ---o0o---

 3
     STATE OF CALIFORNIA   )
 4   COUNTY OF SACRAMENTO  )

 5

 6
            I certify that the foregoing is a correct transcript
 7
     from the record of proceedings in the above-entitled matter.
 8

 9

10                IN WITNESS WHEREOF, I subscribe this
     certificate at Sacramento, California.
11

12

13      /S/_Catherine E.F. Bodene_____
            CATHERINE E.F. BODENE, CSR NO. 6926
14          Official United States District Court Reporter

15

16

17

18

19

20

21

22

23

24

25
```