Timothy E. Warriner (SB#166128)
Attorney at Law
428 J St., Suite 350
Sacramento, CA 95814
(916) 443-7141

Attorney for Defendant,
Leonard Williams

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTSRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>LEONARD WILLIAMS,<br><br>　　　　　Defendant. | ) Case No. 08-cr-00376 WBS<br>)<br>) NOTICE OF MOTION AND MOTION FOR<br>) RELEASE PENDING APPEAL<br>) DISPOSITION<br>)<br>) Date: March 7, 2016<br>) Time: 9:00 a.m.<br>)<br>) |

TO: BENJAMIN B. WAGNER, UNITED STATES ATTORNEY, AND TO

CHRISTOPHER HALES, ASSISTANT UNITED STATES ATTORNEY

　　　　NOTICE IS HEREBY GIVEN that on March 7, 2016 at 9:00 a.m. in Courtroom No. 5 before the Honorable William B. Shubb, United States District Judge, Mr. Leonard Williams will move, through his counsel, Timothy E. Warriner, for release pending the disposition of his appeal. Said motion is made pursuant to 18 U.S.C. 3143(b) on the grounds that 1) Mr. Williams is not likely to flee or pose a danger to safety; and 2) that the appeal is not for delay and raises substantial questions of law likely to result in reversal. Said motion will be based upon this notice of motion and motion, the authorities and argument that follow, upon all attachments to this motion, upon the complete files and records in this matter and in Ninth Circuit appeal No. 15-10050, and upon any evidence and argument to be presented at the time this motion is heard.

DATED: February 18, 2016　　　　　　　　/s/ Timothy E. Warriner, Attorney for Mr. Williams

1

## MOTION FOR RELEASE PENDING APPEAL DISPOSITION

A jury convicted Mr. Williams on July 24, 2014. On January 26, 2015, the court imposed an 87-month term of imprisonment. Mr. Williams appealed. On January 12, 2016, Mr. Williams' opening brief was filed. A true and correct copy of the brief filed with the 9th Circuit is attached hereto and incorporated herein by reference as Exhibit "A." The government has until May 11, 2016 to file its answering brief.

Mr. Williams' release pending the conclusion of his appeal is permissible, pursuant to 18 U.S.C. § 3143(b), when: 1) there is clear and convincing evidence that Mr. Williams is not likely to flee or pose a danger to safety; 2) that the appeal is not for the purpose of delay and raises a substantial question of law likely to result in reversal. 18 U.S.C. § 3143(b). He meets all of these elements.

Mr. Williams is not likely to flee or pose a danger to safety. Mr. Williams was ordered released on June 21, 2010. Mr. Williams was remanded on July 23, 2014, following an outburst during trial, and made at a time when Mr. Williams was suffering from stress/anxiety due to the trial. Thus, for a period of four years, Mr. Williams successfully complied with his release obligations. He has sufficient connections to the Eastern District and lacks the ability to flee. He does not have a history of violence.

Release pending disposition of the appeal is warranted because the appeal is likely to result in the reversal of his convictions. 18 U.S.C. § 3143(b)(1)(B)(i). Mr. Williams' opening brief is attached hereto as Exhibit "A." It cannot be argued that the appeal is for the purpose of delay. Mr. Williams has made legitimate legal claims raising "substantial" questions of law.

In assessing whether a claim is "substantial," the court in *United States v. Miller*, 753 F.2d 19 (3rd Cir. 1985) stated that § 3143(b) "cannot reasonably be construed to require the

district court to predict the probability of reversal." *Id*. at 23. The Ninth Circuit in *United States v. Handy*, 761 F.2d 1271 (9th Cir. 1985) held that "the word "substantial" defines the level of merit required in the question raised on appeal, while the phrase "likely to result in reversal" defines the type of question that must be presented." *Id.* at 1281. The court in *Miller* concluded that the term "substantial question" is one that is "fairly debatable" or "fairly doubtful." *Id*. at 1283. The *Handy* court cited *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985), which stated, "In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." *See Handy*, at 1283. Mr. Williams' appeal meets these standards.

There is a high level of merit in one or more of the issues raised. The opening brief is attached in order for the court to assess the appellate claims. The claim based upon *United States v. Lapier*, 796 F.3d 1090 (9th Cir. 2015), that the court failed to give a specific unanimity instruction, is a meritorious issue that is likely to result in reversal. Exhibit "A," pp. 34-42. This issue is a compelling one due to the similarities between *Lapier* and Mr. Williams' case. In *Lapier*, although the indictment alleged a single overarching conspiracy, the trial evidence "tended to show" two conspiracies. The court found that this created a genuine possibility of juror confusion requiring a specific unanimity instruction. As argued in the opening brief, Mr. Williams' matter also "tended to show" two conspiracies and created a possibility of juror confusion. Because there was no specific unanimity instruction—i.e., an instruction informing the jurors that they must unanimously agree upon the conspiracy engaged in by Mr. Williams—*Lapier* requires that that the conviction be reversed. The government is expected to argue that defense counsel failed to request a specific unanimity instruction, and therefore, the issue is waived. This factor does not affect reversibility as *Lapier* also applied a plain error review, the

court reversing the conviction even in the absence of a defense request for a unanimity instruction.

## CONCLUSION

Although this matter has been set for hearing on the court's calendar, the defense has no objection to the court rendering its decision based upon the written motion, the government's response, and any defense reply, without the need for oral argument.

For the foregoing reasons, the court should order that Mr. Williams be released pending the disposition of his appeal.

DATED: February 18, 2016                            /s/ Timothy E. Warriner, Attorney for Mr. Williams