IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE WILLIAM B. SHUBB, SENIOR JUDGE

---o0o---

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                            No. 2:09-CR-00376

LEONARD WILLIAMS,

        Defendant.
_____/

---o0o---

REPORTER'S TRANSCRIPT OF PROCEEDINGS

MOTION HEARING

MONDAY, MARCH 7, 2016, 9:00 A.M.

---o0o---

| | |
|---|---|
| For the Government: | BENJAMIN B. WAGNER, U.S. ATTORNEY<br>501 I Street, Suite 10-100<br>Sacramento, California  95814<br>BY:  AUDREY BENISON HEMESATH<br>and  CHRISTOPHER S. HALES<br>Assistant United States Attorneys |
| For the Defendant: | LAW OFFICE OF TIMOTHY E. WARRINER<br>428 J Street, Suite 350<br>Sacramento, California  95814<br>BY:  TIMOTHY E. WARRINER |
| Reported by: | KATHY L. SWINHART, CSR #10150<br>Official Court Reporter, 916-446-1347<br>501 I Street, Room 4-200<br>Sacramento, California  95814 |

Proceedings reported by mechanical stenography,
transcript produced by computer-aided transcription.

```
 1                    SACRAMENTO, CALIFORNIA

 2              MONDAY, MARCH 7, 2016, 9:32 A.M.

 3                          ---o0o---

 4        THE CLERK:  Item three, criminal S-08-376, the United

 5   States versus Leonard Williams.

 6        MS. HEMESATH:  Good morning, Your Honor.  Audrey

 7   Hemesath and Chris Hales for the United States.

 8        MR. WARRINER:  Good morning, Your Honor.  Tim Warriner

 9   for Mr. Williams.

10        THE COURT:  Is Mr. Williams going to be present?

11        MR. WARRINER:  He's not present, Your Honor.

12        THE COURT:  Very well.

13        I have your motion.  I would like to hear what you have

14   to say in support of the motion.

15        MR. WARRINER:  Your Honor, I think I've basically

16   outlined my position in my papers.  I do think the standard is

17   not -- is not really high.  The question is whether there is a

18   substantial question which has more substance than if there was

19   a finding that it was -- the appellate issue was not frivolous.

20   So it is --

21        THE COURT:  When you say the burden is not high, the

22   government suggests that the burden is to prove by clear and

23   convincing evidence that the defendant is not a flight risk.

24        MR. WARRINER:  That is true.  For that -- for that

25   prong, that is the -- that is the correct standard, clear and
```

1  convincing evidence.  So that --
2       THE COURT:  That is the prong that I understand is in
3  dispute here.
4       MR. WARRINER:  Yes, they are disputing that.  And, you
5  know, obviously this court heard the trial.  The Court was here
6  during the proceedings.  He was out for a very long period of
7  time.  He was stressed during the trial.  He said some
8  unfortunate things and then, as I read it, he later apologized
9  to the Court and seemed to compose himself.  So the Court
10 really is -- was a direct witness to these things.  I wasn't,
11 and I'm reading about them secondhand.
12      But it does seem that a lot of people during trial --
13 there is a stress level at trial that is different than at
14 other times.
15      THE COURT:  Well, as you read, I accepted his apology,
16 but it doesn't change the fact that at a time, albeit perhaps
17 he was stressed, he attempted to obstruct the proceedings and
18 clearly violated the Court's order not to speak.  As I said at
19 the time, it didn't appear that it was a strictly an emotional
20 outburst.  It appeared to be calculated to influence the jury
21 at a crucial time in the trial.
22      His attorney had announced that he would not be calling
23 any witnesses, and what Mr. Williams attempted to do was to
24 suggest to the jury that he disagreed with that decision, and
25 that if he were allowed to speak, he would have a lot to say to

1    the jury; or if he were allowed to call witnesses, he would
2    have witnesses to call.  And that appeared to be calculated, it
3    didn't appear to be strictly an emotional outburst.
4            After seeing that, the Court's concern was that I could
5    not trust him any longer to comply with the Court's orders, and
6    if and when the time comes that he has to go back to prison,
7    he'll be more stressed than he was at that time, and he will be
8    less likely to obey the Court's orders.
9            Now, that was my concern at that time, and I don't know
10   that you've presented clear, convincing or any other evidence
11   to overcome the Court's impressions and finding at that time.
12           MS. HEMESATH:  Agreed, Your Honor.
13           THE COURT:  Anything else you wanted to say?
14           MR. WARRINER:  No, Your Honor.
15           THE COURT:  For the reasons stated, the motion for
16   release pending appeal is denied.
17           MS. HEMESATH:  Thank you.
18               (Proceedings were concluded at 9:37 a.m.)
19                            ---o0o---
20
21
22
23
24
25

1    I certify that the foregoing is a correct transcript from
2    the record of proceedings in the above-entitled matter.
3
4
5                                    /s/ Kathy L. Swinhart
                                     KATHY L. SWINHART, CSR #10150

KATHY L. SWINHART, OFFICIAL COURT REPORTER, USDC -- (916) 446-1347