# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

Sacramento Division

**FILED**

APR 1 9 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Docket No. 2:08-CR-00376-WBS |
| ) | |
| LEONARD E. WILLIAMS, ) | |
| ) | |
| Movant, Pro Se ) | |

# MOVANT'S BRIEF

IN SUPPORT OF
Title 28, U.S.C. § 2255 MOTION

Respectfully submitted by:

**Leonard E. Williams**
Reg. No. 19268-097
USP – Lompoc  (Camp)
3705 West Farm Road
Lompoc, CA  93436

AO 243 (Rev. 09/17)

## Motion to Vacate, Set Aside, or Correct a Sentence
## By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this motion.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and __2__ copies to the Clerk of the United States District Court at this address:

     **Clerk, United States District Court for**
     **Eastern District of California**
     **Sacramento, CA  95814**

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION:** **You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES:** **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Eastern District of California | |
|---|---|---|---|
| Name *(under which you were convicted)*:<br>Leonard E. Williams | | | Docket or Case No.:<br>2:08-cr-00376-WBS |
| Place of Confinement:<br>USP - Lompoc | | Prisoner No.:<br>19268-097 | |
| UNITED STATES OF AMERICA | V. | Movant *(include name under which convicted)*<br>Leonard E. Williams | |

## MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

    United States District Court
    501 I Street, Suite 3-200
    Sacramento, CA 95814

    (b) Criminal docket or case number (if you know):  2:08-cr-00376-WBS

2.  (a) Date of the judgment of conviction (if you know):  7/24/2014

    (b) Date of sentencing:  1/29/2015

3.  Length of sentence:  87-months

4.  Nature of crime (all counts):

    Conspiracy to Commit Mail Fraud  -  Title 18, U.S.C., Section 1349

    Money Laundering  -  Title 18, U.S.C., Section 1957  (Two Counts)

5.  (a) What was your plea?  (Check one)
    (1) Not guilty  ☑        (2) Guilty  ☐        (3) Nolo contendere (no contest)  ☐

6.  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment,
    what did you plead guilty to and what did you plead not guilty to?

    N/A

6.  If you went to trial, what kind of trial did you have?  (Check one)        Jury ☑        Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?        Yes ☐        No ☑

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction?      Yes ☑      No ☐

9. If you did appeal, answer the following:

   (a) Name of court:     9th Circuit

   (b) Docket or case number (if you know):     No. 15-10050

   (c) Result:   Conviction Affirmed

   (d) Date of result (if you know):   1/24/2017

   (e) Citation to the case (if you know):

   (f) Grounds raised:

   Procedural

   (g) Did you file a petition for certiorari in the United States Supreme Court?      Yes ☐      No ☑

       If "Yes," answer the following:

       (1) Docket or case number (if you know):   N/A

       (2) Result:   N/A

       (3) Date of result (if you know):

       (4) Citation to the case (if you know):   N/A

       (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐      No ☑

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:      N/A

        (2) Docket or case number (if you know):      N/A

        (3) Date of filing (if you know):

AO 243 (Rev. 09/17)

    (4)  Nature of the proceeding:  N/A

    (5)  Grounds raised:

        N/A

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐    No ☑

    (7)  Result:  N/A

    (8)  Date of result (if you know):

(b)  If you filed any second motion, petition, or application, give the same information:

    (1)  Name of court:  N/A

    (2)  Docket of case number (if you know):  N/A

    (3)  Date of filing (if you know):

    (4)  Nature of the proceeding:  N/A

    (5)  Grounds raised:

    N/A

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐    No ☑

    (7)  Result:  N/A

    (8)  Date of result (if you know):

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)  First petition:    Yes ☐    No ☑

    (2)  Second petition:    Yes ☐    No ☑

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

AO 243 (Rev. 09/17)

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:**   Ineffective Assistance of Counsel

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE ATTACHED BRIEF

(b) **Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐      No ☑

(2)  If you did not raise this issue in your direct appeal, explain why:

Ineffective Assistance of Counsel is preferred in 2255 Motion

(c) **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐      No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:   N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know):   N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3)  Did you receive a hearing on your motion, petition, or application?
Yes ☐      No ☑

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐          No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐          No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):          N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND TWO:**   N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          No ☑

AO 243 (Rev. 09/17)

    (2)   If you did not raise this issue in your direct appeal, explain why:

N/A

  (c) **Post-Conviction Proceedings:**

    (1)   Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☑

    (2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:   N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know):   N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

    (3)   Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☑

    (4)   Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☑

    (5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐    No ☑

    (6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):   N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

    (7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

AO 243 (Rev. 09/17)

**GROUND THREE:** _____N/A_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:   N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know):   N/A

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☑

AO 243 (Rev. 09/17)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):  N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND FOUR:**          N/A

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

N/A

(b)  **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          No ☑

(2)   If you did not raise this issue in your direct appeal, explain why:

N/A

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition:     N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know):     N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3)  Did you receive a hearing on your motion, petition, or application?
     Yes ☐        No ☑

(4)  Did you appeal from the denial of your motion, petition, or application?
     Yes ☐        No ☑

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
     Yes ☐        No ☑

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know):     N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

     N/A

13.  Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

     N/A

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?      Yes ☐      No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:
Joseph J. Wiseman, 431 I Street, Suite 201, Sacramento, CA 95814

(b) At the arraignment and plea:
Joseph J. Wiseman, 431 I Street, Suite 201, Sacramento, CA 95814

(c) At the trial:
Joseph J. Wiseman, 431 I Street, Suite 201, Sacramento, CA 95814

(d) At sentencing:
Joseph J. Wiseman, 431 I Street, Suite 201, Sacramento, CA 95814

(e) On appeal:
Timothy E. Warriner, 331 J Street, STE 200, Sacramento, CA 95814

(f) In any post-conviction proceeding:
N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ☐      No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐      No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence:  N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?      Yes ☐      No ☑

AO 243 (Rev. 09/17)

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Direct Appeal was finalized on January 24, 2017. Pursuant to Clay v. United States, 537 US 522-532 (2003), Movant has until April 24, 2018 to file.

.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

_____

or any other relief to which movant may be entitled.

N/A
_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on                     4/18/2018                     .

(month, date, year)

Executed (signed) on _____4/18/2018_____ (date)

/s/   Leonard E. Williams
_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

## UNITED STATES OF AMERICA,
**Plaintiff**

*v.*

## LEONARD E. WILLIAMS,
Movant - *Pro Se*

# CASE NO. 2:08-cr-00376-WBS

---

# MOVANT'S BRIEF

## IN SUPPORT OF

## Title 28, U.S.C. § 2255 MOTION

---

## INTRODUCTION

1.  **Leonard E. Williams**, hereinafter the "Movant," respectfully submits this *Pro Se* Brief in support of his motion for vacating/setting aside his sentence in the instant matter. The motion is brought pursuant to Title 28, U.S.C., § 2255 and is based upon the deprivation of Movant's Sixth Amendment right to effective assistance of counsel and upon violations of the Due Process Clause of the Fifth Amendment that resulted from that deprivation of effective assistance of counsel.

2

2.     Movant filed a Direct Appeal in this matter (No. 15-10050) and that Appeal was denied by the 9th Circuit Court of Appeals on January 24, 2017. Consequently, the filing of the subject Motion is timely (455-days).[1]

PRO SE LITIGANT

3.     There are decisions in virtually every federal circuit that repeatedly confirm that *Pro Se* petitions should be construed liberally and that *Pro Se* petitioners should be held to less stringent standards than lawyers. [See Haines v. Kerner (1972) 404 U.S. 519. See also Price v. Johnston (1948) 334 U.S. 266, 292; Chase v. Crips (10th Cir. 1975) 523 F.2d 595, 597; Curtis v. Illinois (7th Cir. 1975) 512 F2d 717; Ham v. North Carolina (4th Cir. 1973) 471 F.2d 406, 407; Hairston v. Alabama (5th Cir. 1972) 465 F.2d 675, 678 n5; Turrell v. Perini (6th Cir. 1969) 414 F.2d 1231, 1233; Montgomery v. Brierly (3rd Cir. 1969) 414 F.2d 552; Pembrook v. Wilson, (9th Cir. 1966) 370 F.2d 37, 40; Whittaker v. Overholster (D.C. Cir. 1962) 299 F.2d 447, 448. ]

4.     This right is also protected under the First Amendment Free Speech Clause. Within those rights, the *Pro Se* litigant's court submissions are to be construed liberally and held to less stringent standards than submissions of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements. Boag v. MacDougall, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); Haines v. Kerner, 404 U.S. 519,

---

[1] See *Clay v. United States*, 537 US, 522-532 (2003)

3

92 S.Ct. 594, 30 L.Ed.2d 652 (1972); McDowell v. Delaware State Police, 88 F.3d 188, 189

(3rd Cir. 1996); United States v. Day, 969 F.2d 39, 42 (3rd Cir. 1992) (holding pro se petition

cannot be held to same standard as pleadings drafted by attorneys); Then v. I.N.S., 58

F.Supp.2d 422, 429 (D.N.J. 1999).

## BASIS FOR MOTION

5.    Movant is presently incarcerated at the United States Penitentiary (USP) in Lompoc,

California, Registration Number 19268-097. On January 29, 2015, the Movant was sentenced

to a total of 87-months in prison after being found guilty of Conspiracy to Commit Mail Fraud

in violation of Title 18, U.S.C., §1349 and Money Laundering in violation of Title 18, U.S.C.,

§1957.

6.    Movant was sentenced to 87-months in prison because his Public Defender/Community

Defender appointed defense attorney Joseph J. Wiseman, Esq., hereinafter *defense counsel*,

failed to protect the Movant's most basic constitutional rights during trial and then failed again

to do so at the Movant's sentencing. Those rights included, but were not limited to, the

constitutional right not to be convicted and/or sentenced on the basis of insufficient, false or

otherwise inaccurate government allegations. Movant's defense counsel failed to protect those

rights.

7.    In sum, this motion is based upon the deprivation of Movant's Sixth Amendment right

to effective assistance of counsel and upon violations of the Due Process Clause of the Fifth

Amendment that resulted from that deprivation of effective assistance of counsel. Specifically,

through lack of candor, egregious negligence and ineptitude, defense counsel allowed the

4

Movant to be improperly convicted and sentenced in the following ways:

    **1.**      Defense counsel failed to be candid and forthright with both the Movant and this court during trial preparation and trial;

    **2.**      Defense counsel led the Movant to believe that he was preparing the instant case for trial when he, in fact, had no intention of presenting the entire case to the trial court for consideration even though this unexpected decision was contrary to what he had repeatedly represented to the Movant and this court during court appearances as well as *in camera* reviews.[2] In point-of-fact, defense counsel inexplicably and prematurely terminated the Movant's defense presentation wherein he later admitted he had no legitimate legal justification or trial strategy for doing so;

    **3.**      Lastly, by not presenting all of the available exculpatory evidence at trial, defense counsel barred the Movant from presenting copious amounts of exculpatory evidence to the 9th Circuit Court of Appeals for their consideration during the Movant's subsequent appeal (No. 15-10050).

8.     By failing to present exculpatory evidence/witnesses or critical mitigating exhibits to the court – that were readily available – Movant's defense counsel allowed the Movant to be convicted and then sentenced without the court having all relevant and readily available facts in the case. Such an unprofessional and incongruous approach to the Movant's defense strategy, exhibited by his defense counsel, had no alternative but to exact confusion and later, the ire of the sentencing court during the Movant's sentencing. Such animosity by the sentencing court is demonstrated throughout the Movant's sentencing with specific examples delineated herein.

---

[2] Said statements made to both Senior USDJ Edward J. Garcia as well as Senior USDJ William B. Shubb.

Defense counsel failed to anticipate this reaction from the sentencing court or he simply ignored the possibility – either scenario is inexcusable for a competent defense attorney.

9.      Most egregiously, Movant's defense counsel repeatedly failed to exercise even the most basic client candor, legal acumen, or minimal due diligence by failing to present copious amounts exculpatory evidence and by failing to properly locate and subpoena witnesses for the defense. In doing so, Movant was deprived of effective assistance of counsel in fundamental and serious ways. His sentence of 87-months in prison was a result of that ineffective assistance.

10.     The relief Movant seeks is simple and is mandated by law - that the Movant's sentence be vacated, and that he be judged on a full and accurate record, free of misstatement, and in a manner wholly compliant with the government's obligations under the Federal Rules of Criminal Procedure.

11.     The Movant asserts herein that the performance of his defense counsel in the captioned matter fell so far below any objective standard of reasonableness that it gives rise to the reasonable probability that had he performed more adequately, the Movant would not have been convicted of the instant offense(s) nor subsequently sentenced to a period of 87-months in a federal prison.

## STATEMENT OF THE CASE

12.     Movant brings this motion after being convicted of Conspiracy to Commit Mail Fraud in violation of Title 18, U.S.C., §1349 and Money Laundering in violation of Title 18, U.S.C., §1957.

6

13.     As a general rule, the 9th Circuit will not review claims of ineffective assistance of counsel that are raised for the first time on Direct Appeal. A criminal defendant's right to counsel as guaranteed by the Sixth Amendment is, of course, a guarantee of the right to effective assistance of counsel. (See Strickland v. Washington, 466 U.S. 668, 686 (1984). To succeed on a Sixth Amendment claim of ineffective assistance of counsel, "the defendant must show that his counsel's performance 'fell below an objective standard of reasonableness' in light of the prevailing professional norms." Lawrence v. Branker, 517 F.3d 700, 708 (4th Cir. 2008) (quoting Strickland, 466 U.S. at 688). If the defendant can establish that his attorney's performance was deficient, the defendant must then demonstrate that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

14.     Considering the *Strickland* two-prong test, Movant respectfully suggests that the facts set forth herein will confirm that defense counsel failed to review all of the available Discovery material, that he failed to perform even the most routine of pre-trial motions, that he lacked even the most prudent and basic of pre-sentence preparation, that he failed to submit readily available exculpatory exhibits to the court and then repeatedly failed to properly interview and then subpoena witnesses for the Movant's sentencing. Most egregiously, defense counsel lacked candor with the Movant, as well as this court, wherein he intentionally, albeit falsely, claimed to this court that he was capable of continuing as the Movant's defense attorney and would mount a defense for the Movant. These glaring shortcomings, as well as his conspicuous failure to "perform adequately" in front of the trial court and then sentencing court caused the court to unfairly convict and then improperly sentence the Movant.

7

15.     The Movant shall limit this *Brief* to the specific assertions set forth in ¶ 7 and ¶ 14 . Additionally, due to Movant's incarceration and *Pro Se* status, he has extremely limited legal resources; therefore, most reference material will be drawn almost exclusively from specific Docket Numbers filed in the instant Docket Report. (PACER).

## STATEMENT OF FACTS

16.     The genesis of the Movant's prosecution was initiated in <u>USA *v.* Gililland et al</u>. (EDCA) on/about August 14, 2008 (Docket No. 2:08-cr-00376). Pursuant to a superseding indictment, the Movant was indicted under the same file title on/about June 17, 2010.[3]

17.     On June 21, 2010, Movant was represented by defense counsel at an arraignment. Movant was considered to be released on a $75,000 bond signed for my family members.[4]

18.     On August 6, 2010, defense counsel's status was changed to Criminal Justice Act ("CJA") funding. [5]

19.     From on/about September 2010 through April 21, 2011, Movant and defense counsel were engaged in expected and routine trial preparations in the instant case. These preparations included court appearances addressing pending status conferences, scheduling of same, trial stipulations, addressing sealed transcripts as well as the Movant's Motion to Sever that was filed in this matter.[6] Notwithstanding a sometimes contentious relationship, through his verbal assertions and actions, defense counsel led Movant (and his family) to believe that defense counsel was earnestly preparing Movant's defense for trial.

---

[3] <u>See</u> Docket Document Number ("DDN") 65
[4] <u>See</u> DDNs 75, 82, 84, 93, 94, 102, and 107.
[5] <u>See</u> DDN 144
[6] <u>See</u> DDN 204

8

20.     On April 21, 2011, in an apparent attempt to further this façade of trial preparation, defense counsel filed a Motion to Exclude a Tape Record of the Movant as well as filing a Motion to Expedite Jencks Material.[7]

21.     On September 2, 2011, both Movant and defense counsel met with USDJ Edward J. Garcia and requested that the tentative trial date (09/12/2011) be continued because of "extensive recent discovery material." That request was granted. During that same meeting, the Movant asked for a newly appointed counsel due to *"...a complete breakdown in their relationship."* Defense counsel concurred; however, USDJ Garcia denied the request. Subsequent to the court's denial, defense counsel agreed to continue his representation of the Movant and assured the court that he was preparing the case for trial. In point-of-fact, during this meeting with USDJ Garcia, defense counsel never suggested nor even intimated that he didn't intend to mount a defense for the Movant.[8]

22.     On February 23, 2012, Movant was charged in a Third Superseding Indictment that defense counsel had anticipated on September 2, 2011 (DDN 269), but then inexplicably failed to properly prepare for.[9]

23.     On November 30, 2012, USDJ Garcia was replaced by USDJ William B. Shubb in the instant litigation.[10]

---

[7]   See DDN 205 and 206, respectively.
[8]   See DDN 269
[9]   See DDN 300
[10]  See DDN 465

24.     On January 28, 2013, pursuant to the on-going contentious relationship with defense counsel, the defense counsel and Movant inform USDJ Shubb that Movant again intends to request a change of counsel due to a complete breakdown in the professional relationship between defense counsel and the Movant. (This is the basically a repeat of the request made to USDJ Garcia on September 2, 2011, See DDN 269). USDJ Shubb sets February 11, 2013 as the date to hear the motion to replace counsel.[11]

25.     On February 11, 2013, defense counsel and Movant met USDJ Shubb *in camera* and again related the irreconcilable and irreparable differences between defense counsel and the Movant. As previously related to USDJ Garcia, the differences ran the gamut of trial strategy, questioning defense counsel's assertions that he was reviewing all of the available Discovery material, defense counsel's potential cross-examination of government witnesses, questioning if defense counsel truly understood the complexities of the government's case and basically, questioning defense counsel's competency to handle the instant matter. Inexplicably, USDJ Shubb again denied the change of counsel motion. Notably, during this particular meeting, defense counsel again assured the court (USDJ Shubb) that he would continue to prepare a defense for the Movant even though he knew that this representation to both the court and the Movant to be false.[12]

26.     Notwithstanding numerous concerns broached with the court concerning the ineffective working relationship between the Movant and defense counsel, defense counsel again assured the Movant that his proposed defense of the Movant was prepared and he was ready to proceed

---

[11]   DDN 483
[12]   DDN 486

10

with the Movant's defense – consequently, the Movant's criminal jury trial commenced on/about July 8, 2014.

27.     On July 17, 2014, due in no small measure to glaring professional failings demonstrated by defense counsel during the government's opening of their case-in-chief, the Movant again asked to meet with USDJ Shubb to request a replacement of counsel.[13]

28.     On July 21, 2014, the Movant and defense counsel again met with USDJ Shubb *in camera* and reiterated Movant's unabated concerns about defense counsel's indecisive trial strategy, his resulting courtroom failings and how his obvious professional shortcomings were appearing to have a catastrophically negative effect on the jury. Nonetheless, the USDJ Shubb again ignored the Movant's request to replace defense counsel.[14]

29.     On/about the evening of July 22, 2014, defense counsel sent an email to the Movant that basically stated that he had elected not to present the expected defense – indeed, any defense, for the Movant the following day. Defense counsel made this unexpected and shocking statement via email with no plausible explanation attached thereto.

30.     On July 23, 2014, upon hearing his defense counsel make this "no-defense" statement to the court, the Movant admittedly acted inappropriately and was remanded to custody. Expectedly, the following day (July 24, 2014), the Movant was convicted by the jury.[15]

---

[13]   See DDN 544

[14]   Had the court considered the possibility that the Movant was simply trying to improperly delay the trial – this tactic is belied by the fact that the Movant had this same defense counsel since the June 17, 2010 outset of the instant prosecution and had repeatedly tried to replace defense counsel, but only did so through acceptable federal court procedures.

[15]   See DNN 551 and 552

31.     With respect to the "no-defense" offered by the defense counsel, the Movant offers the

following for this court's consideration. Over a protracted period of time, there were several

factors that the Movant brought to the attention of both USDJ Garcia and USDJ Shubb that

inarguably demonstrated the Movant's inability to work cohesively with defense counsel. One

principle concern of the Movant was defense counsel's misinformed opinion that, under the

current circumstances, he would most probably be unable to aggressively cross examine

government witnesses. Defense counsel opined that such a tactic would be ineffective and

might be quite possibly, "unethical." However, contrary to the defense counsel's reluctance

(and incorrect legal opinion), he would have been permitted to use such a tactic to counter

highly damaging testimony against the Movant that was to be expected from select government

witnesses. In-point-of-fact,

*"Vigorous advocacy by defense counsel may properly entail impeaching or confusing a
witness, even if counsel thinks the witness is truthful, and refraining from presenting
evidence even if he knows the truth." United States v. Thoreen, 653 F.2d 1332, 1338-
39 (9th Cir. 1981), cert. denied, 455 U.S. 938 (1982).*

and/or

*"If [defense counsel] can confuse a witness, even a truthful one, or make him appear at
a disadvantage, unsure, or indecisive, that will be his normal course. Our interest in
not convicting the innocent permits counsel to put the State to its proof, to put the
State's case in the worst possible light, regardless of what he thinks or knows to be the
truth." United States v. Wade, 388 U.S. 218, 257-58 (1967)*

Consequently, notwithstanding the fact that there were arguably several professional failings

on the part of defense counsel that led to the Movant's conviction, his conspicuous failure to

Cross-examine government witnesses allowed the jury to assume their statements and claims were all accurate and truthful, which was not the case.

32.    It is well-established that in a criminal trial, defense counsel has the authority to manage most aspects of the defense without first obtaining the consent of the defendant. (See Florida v. Nixon, 543 U.S. 175, 187, [2004]). "Decisions that may be made without the defendant's consent primarily involve trial strategy and tactics, such as what evidence should be introduced [emphasis added], what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." Sexton v. French , 163 F.3d 874, 885 (4th Cir. 1998) (internal quotation marks omitted). **However,** "*certain decisions regarding the exercise or waiver of basic trial rights are of such moment that they cannot be made for the defendant by a surrogate.*" Nixon, 543 U.S. at 187.  As such, the Movant suggests that his right to cross examine witnesses that testified against him at trial is one such *"exercise of basic trail right"* that defense counsel squandered by refusing to mount the expected defense for the Movant. Furthermore, as a collateral issue, by not mounting a defense, not presenting readily available exculpatory evidence and by not properly cross-examining witnesses for the record, critical evidentiary items were unavailable for the review by the 9th Circuit Appellate Court in the Movant's Direct Appeal. Defense counsel egregiously failed to consider this eventuality.

33.    As noted in Paragraph 13 above, a criminal defendant's right to counsel as guaranteed by the Sixth Amendment is, of course, a guarantee of the right to effective assistance of counsel. (See Strickland v. Washington, 466 U.S. 668, 686 (1984). To succeed on a Sixth Amendment claim of ineffective assistance of counsel, "the defendant must show that his counsel's performance 'fell below an objective standard of reasonableness' in light of the

prevailing professional norms." If the defendant can establish that his attorney's performance was deficient, the defendant must then demonstrate that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

34.     The Movant respectfully suggests that he has unequivocally demonstrated herein that the defense counsel's performance *'fell below an objective standard of reasonableness'* when he intentionally, albeit recklessly, refused to mount a defense for the Movant – a defense that he repeatedly assured both this court and the Movant was being prepared and was going to be presented to the jury. As for the second prong of *Strickland,* this court is well-aware of the circumstantial nature of the government's case against the Movant. Indeed, so circumstantial that had the witnesses been properly cross-examined and other available evidence presented, there may have been substantial issues that failed to move this case to *"beyond a reasonable doubt"* for all twelve (12) jurors.

35.     A defendant has a *due process* right not to be convicted and/or sentenced on the basis of inaccurate or incomplete information. United States *v.* Tucker, 404 U.S. 443, 447 (1972); Townsend *v.* Burke, 334 U.S. 736, 740-41 (1948). By recommending that the Movant plead guilty in this matter without first conducting adequate research and/or investigation, defense counsel was grossly ineffective in representing the Movant. Indeed, repetitive and egregious failings that were addressed in the recent USA *v.* Batamula (5th Circ. No. 12-20630, June 2015), wherein the court opined in pertinent part:

14

*"The Supreme Court has made clear that "[t]he Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding." <u>Lafler, 132 S. Ct. at 1385</u>. "The constitutional guarantee applies to pretrial critical stages that are part of the whole course of a criminal proceeding, a proceeding in which defendants cannot be presumed to make critical decisions without counsel's advice." Id. Convictions by guilty plea—which make up between ninety-four and ninety-seven percent of convictions nationwide—"have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain process . . . that must be met to render the adequate assistance of counsel that the Sixth Amendment requires in the criminal process at critical stages." <u>Frye, 132 S. Ct. at 1407</u>. "Indeed, this Circuit has observed that providing counsel to assist a defendant in deciding whether to plead guilty is '[o]ne of the most precious applications of the Sixth Amendment.'" <u>United States v. Rivas–Lopez</u>, 678 F.3d 353, 356 (5th Cir. 2012) (alteration in original) (quoting <u>United States v. Grammas,</u> 376 F.3d 433, 436 (5th Cir. 2004)). Thus, before a defendant decides whether to plead guilty, "counsel's function as assistant to the defendant [gives rise to] the overarching duty to advocate the defendant's cause and the more particular duties to consult with the defendant on important decisions" after "mak[ing] reasonable investigations." Strickland, 466 U.S. at 688, 691."*

36.     Furthermore, contrary to his claims to the Movant and this court, as a direct result of not properly investigating the Movant's case, not reviewing/presenting readily available evidentiary material and finally, not interviewing several cooperating exculpatory witnesses, defense counsel failed to effectively represent and counsel the Movant.

*"Counsel's erroneous legal advice resulted from a failure to conduct the necessary legal investigation. Counsel in criminal cases are charged with the responsibility of conducting appropriate investigations, both factual and legal, to determine if matters of defense can be developed."*     <u>U.S. v. Mooney</u> 497 F.3d397 (4th Circ. 2007)

## Conclusion

37.     Through this pattern of both egregious and irresponsible professional failings, defense counsel fell well below any objective standard of reasonableness while, at the same time, supporting a reasonable probability that his egregious failure to mount a defense that he repeatedly, albeit falsely, claimed existed while accompanied by his considerable and repetitive courtroom oversights resulted in the Movant's improper conviction in the instant case and his subsequent sentencing to eighty-seven (87) months of imprisonment.

Respectfully submitted,

/s/ *Leonard E. Williams*

Leonard E. Williams
*Pro Se* Movant

Date: April 18, 2018

## CERTIFICATE OF SERVICE

I hereby certify that I caused service to be made of this Title 28, USC, §2255 Motion by mailing of a true and accurate copy, via Certified Mail, to the following:

**Clerk of the Court**
Robert T. Matsui U.S. Courthouse
501 I Street, Suite 3-200
Sacramento, CA 95814

**Christopher Stanton Hales, Esq.**
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814

/s/ *Leonard E. Williams*

Leonard E. Williams
*Pro Se* Movant

Date:   April 18, 2018