UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>LEONARD WILLIAMS,<br><br>Movant. | No. 2:08-cr-0376 WBS AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant, a federal prisoner proceeding pro se, brings a motion under 28 U.S.C. § 2255 to vacate his conviction and sentence. ECF No. 645. The United States has opposed the motion. ECF No. 651. Movant did not file a reply.

I.     BACKGROUND

A. Pretrial Proceedings

Movant Leonard Williams was charged with conspiracy to commit mail and wire fraud under 18 U.S.C. § 1349, and two counts of money laundering under 18 U.S.C. § 1957. He was one of eleven defendants charged in this mortgage fraud case. Movant and his business partner Joshua Clymer were eventually charged separately in a Third Superseding Indictment. ECF No. 300. Clymer pleaded guilty to conspiracy before trial, ECF No. 510, and movant proceeded to trial.

Twice before trial and once during the trial, movant sought new counsel on grounds that

1

his relationship with court appointed counsel, Joseph Wiseman, had broken down.  ECF Nos. 269, 483, 544.  These requests were denied following inquiry by the court into the nature of movant's dissatisfaction with counsel.  ECF Nos. 269, 486, 547.

### B. The Trial

#### 1. The Government's Case[1]

Movant was a licensed real estate salesperson.  From 2006 through 2008, he and Clymer helped home buyers in Sacramento and Chico secure loans based on fraudulent loan applications and fraudulently structured transactions.  The government presented evidence related to six real estate transactions in which movant had recruited straw buyers for residential properties and submitted loan applications containing false information.  In five of the six cases, movant told buyers to falsely represent that they worked for one of his businesses (Diamond Hill Financial, Inc.), and he provided written and verbal verifications of such employment to lenders.  Movant completed loan application packages for the buyers that were full of false information regarding buyer income and assets, downpayments, and intent to occupy the homes.  Loans were obtained based on the false borrower information and inflated sales prices.  Movant paid kickbacks to some straw buyers, and he received kickbacks in other transactions.

Some of the transactions were structured as double escrow, with a property being bought and sold again on the same day at a much higher price.  An investment company created and controlled by movant and Clymer, Bay Area Real Estate Holdings, LLC, was used to buy and sell properties and to receive proceeds of the fraud.  In several of the real estate transactions, BAREH purchased a house and then immediately sold it at a much higher price to a straw buyer who had obtained financing on the basis of falsified financial information.

#### 2. The Defense

On the last day of trial, when Mr. Wiseman indicated that he had no further questions for the government's final witness, movant interrupted the proceedings by telling the judge that his

---

[1] A detailed statement of the evidence is unnecessary to resolve the issues presented by the motion to vacate.  The government's opposition to the § 2255 motion sets forth a more comprehensive statement of facts.  ECF No. 651 at 7-19.

lawyer was refusing to put on a defense. ECF No. 601 at 4 (RT 895). The jury was hastily excused, and as jurors were leaving the courtroom, movant stood up and shouted to them that he was being railroaded. Id.; see also at 6, 8 (RT 897, 899). Outside the presence of the jury, Mr. Wiseman confirmed that four potential defense witnesses had been subpoenaed, but that he had concluded in light of the government's case in chief and his cross-examination of prosecution witnesses that it would not benefit his client to call them. Id. at 14 (RT 905).

Counsel brought an unsuccessful motion for mistrial based on movant's outburst and its possible effect on the jury. Id. at 7, 29 (RT 898, 920). After the government formally rested, Mr. Wiseman brought a motion for judgment of acquittal under Rule 29. Id. at 34 (RT 925). In closing, defense counsel argued that the government had not proved defendant's participation in a conspiracy or the materiality to the lenders of any false representations. Id. at 100 (RT 991).

### 3. Post-Verdict Proceedings in District Court

Movant brought a motion for a new trial, on grounds that the evidence was insufficient to sustain the verdict. ECF No. 558. The motion was denied by written order. ECF No. 564.

At sentencing, the court applied a four-level enhancement for leadership and imposed an 87-month term of imprisonment. ECF Nos. 557, 582, 584.

### 4. Appeal

Movant appealed his conviction on the following grounds: (1) the district court erred in failing to give a specific unanimity instruction regarding conspiracy; (2) the district court erred in failing to find a constructive amendment of or variance from the indictment; (3) the evidence was insufficient to support the conspiracy verdict; (4) the district court erred in imposing a four-level leadership enhancement under U.S.S.G. § 3B1.1(a); and (5) the district court abused its discretion in denying defendant's requests to substitute counsel. The Court of Appeals rejected all these arguments and affirmed the judgment. ECF No. 639.

## II.    THE MOTION

The § 2255 motion presents a single claim of ineffective assistance of counsel. Movant alleges in general terms that his appointed trial counsel, Joseph Wiseman, violated his duty of candor, failed to prepare for trial, prematurely terminated the defense presentation without legal

3

or strategic justification, and failed to present available exculpatory evidence at trial.  ECF No. 645 at 18.

The government argues in opposition that (1) movant is barred from relitigating denial of his requests for substitute counsel because that argument was rejected on direct appeal; (2) the § 2255 motion should be summarily denied because its allegations are conclusory; (3) movant fails to show a violation of his Sixth Amendment rights; and (4) if the motion is not summarily denied, the court should find a waiver of attorney-client privilege and permit the government to conduct discovery.  ECF No. 651.

### III.  STANDARDS

#### A.  Review Under 28 U.S.C. § 2255

A federal prisoner making a collateral attack on the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  Under section 2255, the district court may grant relief if it concludes that a sentence violates the Constitution or laws of the United States.  United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999).  Both the grounds for relief and the scope of the remedy in a section 2255 proceeding are identical to those available to state prisoners under 28 U.S.C. § 2254, the federal habeas corpus statute.  Davis v. United States, 417 U.S. 333, 343-44 (1974).

The district court must grant a hearing to determine the validity of a petition brought under section 2255, unless the record conclusively shows that the prisoner is entitled to no relief.  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  In other words, an evidentiary hearing is required if (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief.  United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).  Relief may be summarily denied without a hearing if the motion contains no more than conclusory allegations.  United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986); see also Howard, 381 F.3d at 879.

////

### B. Procedural Bars to Consideration of Claims

Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case. Richardson v. United States, 841 F.2d 993, 996 (9th Cir. 1988). This doctrine precludes re-litigation in the § 2255 context of issues that have been previously decided on direct appeal, either explicitly or by necessary implication. United States v. Jingles, 702 F.3d 494, 499 (9th Cir. 2012), cert. denied, 568 U.S. 1257 (2013). A court may have discretion to depart from the law of the case where (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1977). Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion. Thomas v. Bible, 983 F.2d 152, 155 (9th Cir.), cert. denied 508 U.S. 951 (1993).

### C. Ineffective Assistance of Counsel

The Sixth Amendment guarantees "the right to effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970). To establish a constitutional violation based on ineffective assistance of counsel, a movant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 692, 694 (1984). In assessing counsel's performance, the court must apply a strong presumption that counsel's representation fell within the wide range of reasonable professional assistance. Id. at 689. Courts must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Prejudice means that the error actually had an adverse effect on the defense. Id. at 693. There must be a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. The court need not address both prongs of the Strickland test if the movant's showing is insufficient as to one prong. Id. at 697.

IV.     ANALYSIS

    A.  The Re-Litigation Bar

The government argues first that the Ninth Circuit's rejection of Mr. Williams's substitution of counsel argument on appeal bars his present ineffective assistance of counsel ("IAC") claim—at least, "[t]o the extent the Court might read defendant's motion to argue he was denied his Sixth Amendment right to counsel when the district court denied those substitution requests[.]" ECF No. 651 at 20.  The government is quite correct that § 2255 movants are prohibited from relitigating issues that have been presented and decided on appeal.  See Jingles, 702 F.3d at 499.  However, the issue addressed on direct appeal was the district court's exercise of its discretion; Mr. Williams did not make, and the Ninth Circuit did not decide, a record-based IAC claim.  In affirming the district court's exercise of its discretion, the Court of Appeal stated in relevant part:

> Williams contends that the court forced him to proceed with a lawyer with whom he was "embroiled in irreconcilable conflict." See Brown v. Craven, 424 F.2d 1166, 1170 (9th Cir. 1970). However, the conflict between Williams and his counsel was not "so great that it resulted in a total lack of communication preventing an adequate defense." United States v. Musa, 220 F.3d 1096, 1102 (9th Cir. 2000). The transcripts of hearings before the district court and the sealed correspondence between Williams and his counsel establish that they disagreed over how to interpret the law, over trial strategy, and over whether Williams should enter a plea agreement. These are not the types of disputes that jeopardize a defendant's Sixth Amendment right to counsel. See United States v. Rogers, 769 F.2d 1418, 1424 (9th Cir. 1985) (counsel's pessimistic assessment of case and reasonable plea recommendation not sufficient grounds for substituting counsel); United States v. Reyes-Bosque, 596 F.3d 1017, 1034 (9th Cir. 2010) (disagreement over litigation tactics not sufficient grounds for substituting counsel). While Williams repeatedly stated that he distrusted his lawyer, he did not allege that his lawyer distrusted *him* in a manner that "substantially interfered with the appointed counsel's ability to provide adequate representation." See United States v. Adelzo-Gonzalez, 268 F.3d 772, 780 (9th Cir. 2001). Williams had no Sixth Amendment right to a "meaningful relationship" with his attorney, see United States v. Schaff, 948 F.2d 501, 505 (9th Cir. 1991) (citation and internal quotation marks omitted), or to "conflict free" representation, as he contends on appeal.

ECF No. 639 at 7-8.

Although the § 2255 motion is replete with references to the substitution of counsel issue,

6

it does not expressly posit the district court's rulings as a basis for relief. Nor does it rely on movant's distrust of his lawyer, or the absence of a meaningful relationship with counsel, as a basis for finding a Sixth Amendment violation.[2] Accordingly, it does not appear that movant is attempting to relitigate the Sixth Amendment issue that was addressed on appeal, which was limited to the existence of a conflict that implicated his Sixth Amendment rights. The § 2255 motion quite clearly asserts counsel's performance in investigating and presenting a defense at trial, rather than the existence of an attorney-client conflict or breakdown in the relationship, as the basis for a straightforward, extra-record Strickland claim. See ECF No. 645 (motion to vacate) at 18-19, ¶¶ 2, 3, 8, 9 (summarizing movant's theory of ineffective assistance, which rests on alleged failure to investigate and to present exculpatory evidence at trial); id. at 26-27, ¶ 33 (reciting Strickland v. Washington standard).

Accordingly, the undersigned finds the re-litigation bar inapplicable and turns to the substance of movant's claim.

B. Movant Has Failed to Specify Facts Stating a Claim for Relief

The motion to vacate alleges that counsel falsely told movant that he was preparing for trial even though counsel "had no intention of presenting the entire case to the trial court for consideration," then "prematurely terminated the Movant's defense presentation" without legal justification or strategic reason. ECF No. 645 at p. 18, ¶ 2. The motion refers to a defense that movant had expected counsel to present to the jury, but which he was abruptly informed at the eleventh hour would not go forward. Id. at p. 25, ¶ 29. Movant does not explain what that defense was.[3] The motion repeatedly claims in broad terms that counsel failed to adequately prepare and to present readily available exculpatory evidence, witnesses, and critical mitigating exhibits. See e.g. id. at p. 18, ¶ 8; p. 19, ¶ 9; p. 27, ¶ 34. The motion fails, however, to identify and describe any specific witness testimony, exhibit, or other evidence that was available, exculpatory, and could have resulted in a different trial outcome.

---

[2] Movant does emphasize the "contentiousness" of the attorney client relationship, see, e.g., ECF No. 645 at 21, but such allegations are atmospheric rather than substantive.
[3] Movant is presumably referring to the defense witnesses Mr. Wiseman decided not to call, but he does not specify who they were or what defense theory their testimony would have supported.

Movant's most concrete allegation of deficient performance involves Mr. Wiseman's failure to cross-examine unspecified government witnesses in the unspecified way that movant wanted him to. Id. at 25 ¶ 31. But even here, movant does not identify the witness or witnesses at issue or explain why their cross-examination was so inadequate as to support a conclusion that counsel was not acting as the counsel contemplated by the Sixth Amendment. See Maryland v. Kulbicki, 577 U.S. 1, 2 (2015) (per curiam) (attorney performance deficient where errors are "so serious" that attorney "no longer functions as 'counsel'' contemplated by the Sixth Amendment) (citing Strickland, 466 U.S. at 687). Without specific facts that identify the acts and omissions of counsel constituting deficient performance, Williams has not presented a prima facie case of ineffective assistance.

It is beyond debate that a habeas petitioner or § 2255 movant bringing a Strickland claim must provide a specific factual basis for his assertions of both deficient performance and prejudice. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994). Where a petitioner alleges that certain evidence should have been developed and presented at trial, he must proffer the evidence on which he relies so that the reviewing court may assess whether that evidence would likely have changed the result. See Hendricks v. Calderon, 70 F.3d 1032, 1042 (1995) ("Absent an account of what beneficial evidence investigation into any of these issues would have turned up, [petitioner] cannot meet the prejudice prong of the Strickland test."). Here, movant has not alleged specific facts which, if true, would entitle him to relief. See Howard, 381 F.3d at 877. Accordingly, the motion should be summarily denied without an evidentiary hearing. See Quan, 789 F.2d at 715.

## CONCLUSION

For all the reasons explained above, IT IS HEREBY RECOMMENDED that the motion to vacate under 28 U.S.C. § 2255 (ECF No. 645) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written

8

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 13, 2023

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE